**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-mc-23103-BLOOM**

CASA EXPRESS CORP, *as Trustee*
*of Casa Express Trust*,

      Plaintiff,

v.

BOLIVARIAN REPUBLIC OF VENEZUELA,

      Defendant.

_____/

**ORDER ON *EX PARTE* EXPEDITED MOTION TO COMMENCE PROCEEDINGS
SUPPLEMENTARY, TO IMPLEAD DEFENDANTS AND FOR ISSUANCE OF
STATUTORY NOTICES TO APPEAR**

**THIS CAUSE** is before the Court upon Plaintiff and Judgment Creditor, Casa Express Corp.'s ("Casa Express") *Ex Parte* Expedited Motion to Commence Proceedings Supplementary, to Implead Defendants and for Issuance of Statutory Notices to Appear, ECF No. [3] ("Motion"). The Court has carefully considered the Motion, all supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

In the Motion, Casa Express asserts that it is entitled to the commencement of proceedings supplementary based upon Defendant's failure to pay the Amended Judgment, ECF No. [1]. Pursuant to Federal Rule 69, "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located . . . ." Fed. R. Civ. P. 69(a). In Florida, the procedure for supplementary, post judgment proceedings is governed by Fla. Stat. § 56.29. Subsection (1) of Fla. Stat. § 56.29 provides that

> [w]hen any judgment creditor holds an unsatisfied judgment or judgment lien obtained under chapter 55, the judgment creditor may file a motion and an affidavit so stating, identifying, if applicable, the issuing court, the case number, and the unsatisfied amount of the judgment or judgment lien, including accrued costs and interest, and stating that the execution is valid and outstanding, and thereupon the judgment creditor is entitled to these proceedings supplementary to execution.

Fla. Stat. § 56.29(1). A party bringing a proceeding supplementary to execution must 1) show that he or she possesses an unsatisfied judgment; and 2) file an affidavit averring that the judgment is valid and unsatisfied. *See* Fla. Stat. § 56.29(1); *B&I Contractors, Inc. v. Mel Re Const. Mgmt.*, 66 So. 3d 1035, 1037 (Fla. 2d DCA 2011). Section 56.29(2) governs the procedure for impleading third parties. *Longo v. Associated Limousine Servs., Inc.*, 236 So. 3d 1115, 1119 (Fla. 4th DCA 2018). Pursuant to § 56.29(2),

> [t]he judgment creditor shall, in the motion described in subsection (1) or in a supplemental affidavit, describe any property of the judgment debtor not exempt from execution in the hands of any person or any property, debt, or other obligation due to the judgment debtor which may be applied toward the satisfaction of the judgment.

Compliance with these prerequisites provides the predicate for issuing Notices to Appear and impleading any named third parties to the supplementary proceedings. *MCI Telecomms. Corp. v. O'Brien Mktg., Inc.*, 913 F. Supp. 1536, 1540 (S.D. Fla. 1995). A judgment creditor does not have to make a prima facie showing that the party to be impleaded holds the assets subject to the judgment. *Office Building, LLC v. CastleRock Sec., Inc.*, 2011 WL 1674963, *2 (S.D. Fla. May 3, 2011). In a supplemental proceeding, a judgment creditor does not assert a cause of action against an impleaded party, but only seeks to identify and marshal the assets of the judgment debtor in the hands of the impleaded party. *Estate of Jackson v. Ventas Realty, Ltd. P'ship*, 812 F. Supp. 2d 1306, 1310 (M.D. Fla. 2011). After being impleaded, the third party must appear and show cause

as to why the contested property should not be applied to satisfy the judgment creditor's judgment. *Bodywell Nutrition, LLC v. Fortress Sys., LLC*, 846 F. Supp. 2d 1317, 1325 (S.D. Fla. 2012).

Here, Casa Express has demonstrated that it holds an unsatisfied judgment against Defendant and has submitted a sufficient affidavit averring that the judgment is valid and unsatisfied. *See* ECF No. [3-1]. Thus, Casa Express has satisfied the statutory prerequisites of § 56.29(1) and is entitled to the commencement of proceedings supplementary. *See Forster v. Nations Funding Source, Inc.*, 648 F. App'x 850, 852 (11th Cir. 2016) (the district court has ancillary jurisdiction to entertain proceedings supplementary and no discretion to deny the motion if the required statutory showing is made); *see also Longo*, 236 So. 3d at 1119 (same).

Furthermore, Casa Express has satisfied the statutory prerequisites of § 56.29(2) for impleading third parties. In the Motion, Casa Express sufficiently identifies eight (8) real properties of Defendant purchased with misappropriated Venezuelan funds in the hands of the proposed impleaded parties. As such, the Court must issue Notices to Appear. *See* Fla. Stat. § 56.29(2) ("Upon filing of the motion and affidavits that property of the judgment debtor, or any debt, or other obligation due to the judgment debtor in the custody or control of any other person may be applied to satisfy the judgment, then the court *shall* issue a Notice to Appear.") (emphasis added).

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [3]**, is **GRANTED** as follows:

1. Casa Express is permitted to implead Alejandro Andrade Cedeno, Raul Gorrin Belisario, RIM Group Investments Corp., RIM Group Investments I Corp., RIM Group Investments II Corp., RIM Group Investments III Corp., Posh 8 Dynamic Inc., and Planet 2 Reaching Inc. in proceedings supplementary to and in aid of judgment or execution.

Case No. 21-mc-23103-BLOOM

2. Casa Express shall separately file the Notices to Appear for issuance in accordance with Fla. Stat. § 56.29(2) and follow the procedures set forth in the statute.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 13, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record