# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASA EXPRESS CORP, as Trustee of
CASA EXPRESS TRUST,

        Judgment Creditor,

v.

        Case No. 1:21-mc-23103-BB

BOLIVARIAN REPUBLIC OF
VENEZUELA,

        Judgment Debtor.
_____/

**AFFIDAVIT OF LUIS E. GAMARDO MEDINA**

STATE OF FLORIDA      )
                             ) ss:
COUNTY OF MIAMI-DADE  )

        **BEFORE ME,** personally appeared, **Luis E. Gamardo Medina,** who upon being first duly sworn, deposes and says:

        1.     I am over 18 years of age, of sound mind, and otherwise competent to make this Declaration. The facts set out in this Declaration is based on my personal knowledge.

        2.     I am the president and director of Casa Express Corp, a corporation organized and existing under the laws of the State of Florida, with its principal place of business at 60 Edgewater Drive, Coral Gables, Florida, 33133.

        3.     Casa Express Corp is the sole trustee of Casa Express Trust, an express trust established under the laws of the State of Florida.

        4.     On October 16, 2020, the District Court for the Southern District of New York entered final judgment in favor of Casa Express Corp, as Trustee of Casa Express Trust, against the Bolivarian Republic of Venezuela ("Venezuela") for non-payment of two dollar-denominated

1

sovereign bonds in the case styled *Casa Express Corp, as Trustee of Casa Express Trust v. Bolivarian Republic of Venezuela,* Case No. 18-civ-11940 (AT). The judgment was amended on November 23, 2020, to include prevailing attorney's fees and costs. A true and correct copy of the certified Amended Final Judgment (hereinafter the "Judgment") is attached hereto as **Exhibit 1.**

5. After Venezuela failed to pay the Judgment for more than seven months, the Southern District of New York issued an order finding that a "reasonable period of time" elapsed since the entry of judgment pursuant to 28 U.S.C. §1610(c) of the Foreign Sovereign Immunities Act ("FSIA"), and authorizing Casa Express to begin enforcement actions in the United States. A true and correct copy of the 1610(c) Order is attached hereto as **Exhibit 2.**

6. On August 27, 2021, the Judgment was registered in this District.

7. The amount of $43,315,535.20, plus $27,330.32 in post-judgment interest, remains unsatisfied, due and owing from the Judgment.

8. As Judgment Creditor, Casa Express Corp, as Trustee of Casa Express Trust, is entitled to commencement of these proceedings supplementary to execution.

9. I submit this declaration in support of the *ex parte* expedited motion to commence proceedings supplementary filed on behalf of the Judgment Creditor (the "Motion") in the above-captioned matter.

10. For years, many officials and insiders of the Hugo Chavez and Nicolas Maduro regimes have enriched themselves by engaging in illicit and corrupt schemes that have depleted the country's national resources at the expense of the Venezuelan people.

11. One of those schemes involved the misappropriation of Venezuelan funds through the conversion of Venezuelan bolivars to American dollars.

12. As explained in the Motion, the following real properties are being held by OFAC-designated entities subject to a constructive trust in Venezuela:

13. **144 Isla Dorada Boulevard, Coral Gables, Florida 33143**, legally described as:

> **Lot 8, Block 20, of COCOPLUM SECTION TWO, Plat E, according to the Plat thereof as recorded in Plat Book 131, Page 76, of the Public Records of Miami-Dade County, Florida.**

14. **18555 Collins Avenue, Unit 4401, Sunny Isles Beach, Florida 33160**, legally described as:

> **Unit 4401 of 18555 Collins Avenue Condominium, a Condominium according to the Declaration of Condominium thereof, recorded in Official Records Book 28399, Page 2439, of the Public Records of Miami-Dade County, Florida, and all amendments thereto, together with its undivided share in the common elements.**

15. **7043 Fisher Island Dr., Unit 7043, Fisher Island, Florida 33109**, legally described as:

> **Unit 7043, PALAZZO DEL SOL / DELLA LUNA AT FISHER ISLAND, A CONDOMINIUM, together with an interest in the limited common elements and common elements appurtenant thereto, according to the Declaration of Condominium for Palazzo del Sol / della Luna at Fisher Island, a Condominium, as recorded on December 30, 2015, in Official Records Book 29908, Page 447, as amended from time to time, of the Public Records of Miami-Dade County, Florida.**

16. **4100 Salzedo Street, Unit 1010, Coral Gables, Florida 33146**, legally described as:

> **Condominium Unit No. 1010 of ONE VILLAGE PLACE, A CONDOMINIUM, according to the Declaration of Condominium thereof, recorded in Official Records Book 26306, at Page 2098, of common elements appurtenant thereto.**

        Master Folio Numbers #03-412 0017 0330; 03 412 0017 0340; and 03 412 0017 0380.

17. **4100 Salzedo Street, Unit 608, Coral Gables, Florida 33146**, legally described as:

        Unit No. 608 of ONE VILLAGE PLACE, A CONDOMINIUM, according to the Declaration of Condominium thereof, recorded in Official Records Book 26306, at Page 2098, and all exhibits and amendments thereof, Public Records of Miami-Dade County, Florida.

18. **4100 Salzedo Street, Unit 807, Coral Gables, Florida 33146**, legally described as:

        Unit No. 807, ONE VILLAGE PLACE, A CONDOMINIUM, according to the Declaration of Condominium thereof, as recorded in Official Records Book 26306, at page 2098, of the Public Records of Miami-Dade County, Florida, together with an undivided share in the common elements appurtenant thereto.

19. **4100 Salzedo Street, Unit 813, Coral Gables, Florida 33146**, legally described as:

        Unit No. 813, of ONE VILLAGE PLACE, a Condominium, according to The Declaration of Condominium recorded in Official Records Book 26306, at Page 2098, and all exhibits and amendments thereof, Public Records of Miami-Dade County, Florida.

20. **4100 Salzedo Street, Unit 913, Coral Gables, Florida 33146**, legally described as:

        Unit No. 913, ONE VILLAGE PLACE, a Condominium, according to The Declaration of Condominium thereof, as recorded in Official Records Book 26306, at page 2098, of the Public Records of Miami-Dade County, Florida, together with an undivided share in the common elements appurtenant thereto.

21. Since the above-listed properties are being held subject to a constructive trust in favor of Venezuela, they are subject to execution by the Judgment Creditor pursuant to 28 U.S.C. § 1610(c) and Florida Statute § 56.29.

*FURTHER AFFIANT SAYETH NAUGHT*

_____
Luis E. Gamardo Medina,
as President of Casa Express Corp

**SWORN TO AND SUBSCRIBED** before me, the undersigned authority on this 10th day of September 2021 by **Luis E. Gamardo Medina** who is personally known to me or who has produced Florida Driver license G 563-525-63-181-0 as identification.

HUMBERTO R. RANGEL
Commission # HH 162699
Expires August 9, 2025
Bonded Thru Budget Notary Services

Notary Public Signature: _____

Print Name: Humberto Rangel

5

# EXHIBIT 1

AO 451 (Rev. 12/12) Clerk's Certification of a Judgment to be Registered in Another District

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| CASA EXPRESS CORP, as Trustee of CASA EXPRESS TRUST<br>*Plaintiff*<br>v.<br>BOLIVIARIAN REPUBLIC OF VENEZUELA<br>*Defendant* | )<br>)<br>)   Civil Action No. 18 Civ.11940<br>)<br>) |

### CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

I certify that the attached judgment is a copy of a judgment entered by this court on *(date)* November 23, 2020.

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court, the time for appeal has expired, and no appeal has been filed or, if one was filed, it is no longer pending.

Date: 5/6/2021

CLERK OF COURT

_____
Signature of ~~Clerk or Deputy~~ Clerk

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/23/2020
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

CASA EXPRESS CORP, as Trustee of CASA
EXPRESS TRUST,

                         Plaintiff,

        v.

BOLIVARIAN REPUBLIC OF
VENEZUELA,

                         Defendant.

18 Civ. 11940

**AMENDED FINAL JUDGMENT**

Plaintiff, as Trustee of Casa Express Trust, having moved this Court for summary judgment, and the matter having come before the Honorable Analisa Torres, United States District Court, and the Court having granted summary judgment pursuant to an Order dated September 30, 2020 (ECF No. 75), and directed that judgment be entered for the principal amount of the bonds described below, plus accrued interest through the date of judgment; and Judgment consistent with that Order having been entered in favor of Casa Express Trust and against the defendant, the Bolivarian Republic of Venezuela (the "Republic"), on October 16, 2020 (ECF No. 77); and the Judgment, having provided for an award of "attorney's fees and costs in an amount to be determined"; and the Court, by Stipulation and Order for Settlement of Attorney's Fees and Costs (ECF No. 81), having ordered that judgment for attorney's fees and costs in the amount of $300,000, plus post-judgment interest as set forth in 28 U.S.C. § 1961(a), be granted to Casa Express Trust and against the Republic, and that the Judgment be amended accordingly;

NOW, amending and restating in its entirety the Judgment previously entered in favor Casa Express Trust and against the Republic (ECF No. 77), it is hereby **ORDERED, ADJUDGED, AND DECREED** that Casa Express Trust shall recover from the Republic as follows:

1

1.      With respect to Casa Express Trust's beneficial ownership of $1,845,000 principal amount of the series of bonds issued by the Republic designated ISIN US922646AT10, Casa Express Trust shall recover from the Republic: (i) $1,845,000 (representing unpaid principal due August 15, 2018); *plus* (ii) $754,143.78 (representing six due and unpaid biannual interest payments due on February 15, 2018, August 15, 2018, February 15, 2019, August 15, 2019, February 15, 2020, and August 15, 2020); *plus* (iii) $94,712.19 (representing 9% simple interest, the statutory pre-judgment interest rate, accruing through October 7, 2020, on each of the six due and unpaid biannual interest payments noted in the previous clause); *plus* (iv) $36,310.63 (representing interest on the $1,845,000 in unpaid principal at the rate of $13.625% computed starting on August 16, 2020, and ending on October 7, 2020); *plus* (v) $7,958.07 (representing an additional $884.23 per day in contract interest on unpaid principal and statutory pre-judgment interest on unpaid biannual interest for each calendar day following October 7, 2020, through October 16, 2020); *plus* (vi) attorney's fees and costs in the amount of $150,000; *plus* (vii) post-judgment interest as set forth in 28 U.S.C. § 1961(a).

2.      With respect to Casa Express Trust's beneficial ownership of $27,170,000 principal amount of the series of bonds issued by the Republic designated ISIN USP9395PAA95, Casa Express Trust shall recover from the Republic: (i) $27,170,000 (representing unpaid principal due August 15, 2018); *plus* (ii) $11,105,737.50 (representing six due and unpaid biannual interest payments due on February 15, 2018, August 15, 2018, February 15, 2019, August 15, 2019, February 15, 2020, and August 15, 2020); *plus* (iii) $1,394,758.92 (representing 9% simple interest, the statutory pre-judgment interest rate, accruing through October 7, 2020, on each of the six due and unpaid biannual interest payments noted in the previous clause); *plus* (iv) $534,720.69 (representing interest on the $27,170,000 in unpaid principal at the rate of $13.625% computed

starting on August 16, 2020, and ending on October 7, 2020); *plus* (v) $117,193.41 (representing an additional $13,021.49 per day in contract interest on unpaid principal and statutory pre-judgment interest on unpaid biannual interest for each calendar day following October 7, 2020, through October 16, 2020); *plus* (vi) attorney's fees and costs in the amount of $150,000; *plus* (vii) post-judgment interest as set forth in 28 U.S.C. § 1961(a).

It is further **ORDERED** that, until further notice from the Court, Casa Express Trust must refrain from selling or otherwise transferring its beneficial interests in the bonds involved in this action without advising the Court in advance and obtaining permission of the Court.

SO ORDERED.

Dated: November 23, 2020
       New York, New York

_____
ANALISA TORRES
United States District Judge


CERTIFIED AS A TRUE COPY ON

THIS DATE  5/6/2021

BY _____KMarejo_____
   ( ) Clerk
   (✓) Deputy

3

# **EXHIBIT 2**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASA EXPRESS CORP, as Trustee of
CASA EXPRESS TRUST,

                Plaintiff,

-against-

BOLIVARIAN REPUBLIC OF
VENEZUELA,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _7/16/2021_

18 Civ. 11940 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Before the Court is Plaintiff's motion for an order finding that a "reasonable period of time" has elapsed since the Court entered judgment against Defendant pursuant to 28 U.S.C. § 1610(c). ECF No. 89. For the reasons stated below, Plaintiff's motion is GRANTED.

## BACKGROUND

On December 18, 2018, Plaintiff filed this lawsuit against Defendant, alleging breach of contract for its failure to make required payments on two series of bonds issued by Venezuela. ECF No. 1. On September 30, 2020, the Court granted Plaintiff's motion for summary judgment and denied Defendant's motion for a stay. ECF No. 75. The Court entered a final judgment on October 16, 2020. ECF No. 77. On November 23, 2020, the Court amended the Judgment to include Plaintiff's attorneys' fees (the "Amended Judgment"). ECF No. 83. Since that date, Defendant has not made any payments on the Amended Judgment. Pl. Decl. ¶ 4, ECF No. 91.

## DISCUSSION

The Court recently granted a motion under 28 U.S.C. § 1610(c) in *Pharo Gaia Fund Ltd. v. Bolivarian Republic of Venezuela*, a parallel, related case, concluding that a reasonable time had passed since the entry of judgment (the "Pharo Gaia Order"). No. 19 Civ. 3123 (S.D.N.Y. May 27, 2021), ECF No. 74. Defendant makes no additional arguments in this action as to why

the court should not grant Plaintiff's motion, *compare* ECF No. 94, *with Pharo Gaia Fund Ltd. v. Bolivarian Republic of Venezuela*, No. 19 Civ. 3123 (S.D.N.Y. Mar. 2, 2021), ECF No. 72, and a similar period of time has now elapsed, *compare* Amended Judgment (entered over seven months ago), *with* Pharo Gaia Order at 2 (holding that the seven months that had passed since the entry of judgment was a reasonable period of time). Therefore, for the reasons stated in the Pharo Gaia Order, Plaintiff's motion is GRANTED.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for an order finding that a "reasonable period of time" has elapsed following the entry of judgment pursuant to 28 U.S.C. § 1610(c) is GRANTED. The Clerk of Court is directed to terminate the motion at ECF No. 89.

SO ORDERED.

Dated: July 16, 2021
New York, New York

ANALISA TORRES
United States District Judge