UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-23103-BLOOM/Otazo-Reyes

CASA EXPRESS CORP, *as Trustee*
*of Casa Express Trust*,

    Judgement Creditor,

v.

BOLIVARIAN REPUBLIC OF VENEZUELA,

    Judgment Debtor.
_____/

ORDER ON PLAINTIFF AND JUDGMENT CREDITOR'S
MOTION FOR PARTIAL MODIFICATION, AND CLARIFICATION

**THIS CAUSE** is before the Court upon Plaintiff and Judgment Creditor Casa Express Corp's ("Plaintiff") Motion for Partial Modification and Clarification of Order Granting Amended Motion to Commence Proceedings Supplementary, ECF No. [77], ("Motion"). Respondents RIM Group Investments Corp., RIM Group Investments I Corp., RIM Group Investments II Corp., RIM Group Investments III Corp., Posh 8 Dynamic Inc., and Planet 2 Reaching Inc. ("Respondents") filed a Response, ECF No. [82], ("Response"), to which Plaintiff filed a Reply, ECF No. [100], ("Reply"). The Court has carefully considered the Motion, Response, Reply, the record in this case, the applicable law, and is otherwise fully advised.

    I.    **BACKGROUND**

Plaintiff registered a judgment issued by the Southern District of New York with this Court on August 27, 2021. *See* ECF No. [1]. On September 10, 2021, Plaintiff filed its *Ex Parte* Expedited Motion to Commence Proceedings Supplementary, to Implead Defendants, and for Issuance of Statutory Notices to Appear ("*Ex Parte* Motion"). ECF No. [3]. The Court granted the

*Ex Parte* Motion and permitted Plaintiff to implead Alejandro Andrade Cedeno ("Cedeno"), Raul Gorrin Belisario ("Belisario"), RIM Group Investments Corp., RIM Group Investments I Corp., RIM Group Investments II Corp., RIM Group Investments III Corp., Posh 8 Dynamic Inc., and Planet 2 Reaching Inc., ECF No. [4], and issued statutory notices to appear for each of the impleaded defendants, *see* ECF Nos. [6]-[13].

On June 7, 2022, Plaintiff filed its Motion for Leave to Amend by Interlineation the *Ex Parte* Expedited Motion to Commence Proceedings Supplementary, to Implead Defendants, and for Issuance of Statutory Notices to Appear ("Motion for Leave to Amend"). ECF No. [42]. Specifically, through its proposed amendments, Plaintiff sought to: (1) incorporate certain jurisdictional allegations necessary to effect service of process on impleaded defendant Belisario; (2) implead former National Treasurer of Venezuela, Claudia Patricia Diaz Guillen ("Guillen"); and (3) incorporate allegations that explain how the parties that participated in the foreign currency exchange scheme were unjustly enriched at the expense of Venezuela. *Id*. Respondents filed their Response in opposition to the Motion for Leave to Amend, ECF No. [45], to which Plaintiff filed its Reply, ECF No. [50]. The Court referred the Motion for Leave to Amend to Magistrate Judge Alicia Otazo-Reyes for a Report and Recommendations ("Referral Order"). *See* ECF No. [46]. The Court subsequently amended its Referral Order to reflect that the Motion for Leave to Amend was referred to Magistrate Judge Alicia M. Otazo-Reyes for disposition. ECF No. [58]. Judge Otazo-Reyes granted the Motion for Leave to Amend. ECF No. [59].

Plaintiff then filed its Amended *Ex Parte* Motion. ECF No. [60]. The Court Granted the Amended *Ex Parte* Motion, ECF No. [62] and issued Statutory Notices to Appear attached to the Amended *Ex Parte* Motion, ECF No. [60-29], to Guillen, Cedeno, Belisario, RIM Group Investments Corp., RIM Group Investments I Corp., RIM Group Investments II Corp., RIM Group

Investments III Corp., Posh 8 Dynamic Inc., and Planet 2 Reaching Inc. ECF Nos. [63]-[73], [76]. Shortly thereafter, on September 16, 2022, Plaintiff filed the Instant Motion seeking partial modification and clarification. ECF No. [77].

In the Motion, Plaintiff requests that the Court: (1) reconsider and partially modify its Order to only require service of the Impleaded Defendants who have not yet been served with process; and (2) modify the Order to provide the other Impleaded Defendants and the Judgment Debtor an opportunity to respond to the allegations incorporated via interlineation within 7 business days of a partially modified Order. *See* ECF No. [77]. In the alternative, Plaintiff requests clarification as to whether the Bolivarian Republic of Venezuela ("Venezuela") must be re-served with the Amended Pleading. *Id*. Respondents oppose Plaintiff's request for modification and argue that Plaintiff must comply with foreign service requirements and serve Venezuela and that Respondents are entitled to serve full and fair answers to the amended pleading. ECF No. [82] at 3.

## II. DISCUSSION

The Court addresses Plaintiff's requests that the Court partially modify its Order on the Amended *Ex Parte* Motion: (1) to only require service of the Impleaded Defendants who have not yet been served with process; and (2) to provide the other Impleaded Defendants and the Judgment Debtor a limited opportunity to respond to the allegations incorporated via interlineation[1]. *See* ECF No. [77].

---

[1] Although Plaintiff requests that the Order indicate that attorney's fees and costs shall be taxed to the Judgment Debtor, the Court declines to address that request because it was not supported by a memorandum of law as required by Local Rule 7.1(a)(1).

### A. Required Service

Plaintiff argues that in an ordinary civil action, a plaintiff who amends its operative pleading would not be required to re-serve a defendant who had already been served with the original pleading. ECF No. [77] at 2-3. Plaintiff asserts that re-service should not be required on the Judgment Debtor or Impleaded Defendants who have already been served, including defaulted Defendant Cedeno, because all Defendants who have already been served have actual notice of this proceeding. *Id*. at 4-6. With regard to Cedeno in particular, Plaintiff specifies that the Amended *Ex Parte* Motion did not assert a new claim for relief against the defaulted party. *Id.* at 5 (citing Fed. R. Civ. P. 5(a)(2)). Respondents counter that the Court must require service of the amended pleading on Judgment Debtor, Venezuela, pursuant to the requirements of the Foreign Sovereign Immunities Act ("FSIA") and the Hague Service Convention. ECF No. [82] at 8-10.

### i.   Defendant Cedeno

Plaintiff argues that it need not re-serve defaulted Defendant Cedeno. ECF No. [77] at 4-6. Respondents do not address service of Defendant Cedeno. *See* ECF No. [82]. In support of Plaintiff's position, Plaintiff argues that "Rule 5 of the Federal Rules of Civil Procedure plainly provides that there is no obligation to re-serve a party in default with an amended pleading unless it 'asserts a new claim for relief against such a party[.]'" ECF No. [77] at 5 (quoting Fed. R. Civ. P. 5(a)(2)). Plaintiff asserts that the Amended *Ex Parte* Motion does not assert a new claim for relief against Cedeno and therefore service of the Amended *Ex Parte* Motion is not necessary. *Id*. (citing *HostLogic Zrt. v. GH Int'l, Inc.*, 613CV982ORL36KRS, 2013 WL 12394254, at *2 (M.D. Fla. Dec. 17, 2013)(holding that Plaintiff did not have to serve the amended pleading on certain defaulted Defendants because it did "not include any new claims for relief against Defendants [but]

merely clarifie[d] the allegations set forth in the original [pleading]")). The Court agrees that Plaintiff does not need to re-serve Defendant Cedeno.

### ii. Venezuela

On November 17, 2021, the Court issued an Order authorizing Plaintiff to serve Venezuela through diplomatic channels pursuant to 28 U.S.C. § 1608(a)(4). ECF No. [38]. In that Order, the Court specified that the Motion to Commence Proceedings Supplementary, ECF No. [3], would be considered the equivalent of a complaint for purposes of effecting service on Venezuela through diplomatic channels. *Id*. at 3. A U.S. Department of State diplomatic note, the Summons, and Motion to Commence Proceedings Supplementary were delivered to the Embassy of the Bolivarian Republic of Venezuela in Washington, DC on May 5, 2022. *See* ECF No. [41].

In support of their argument that re-service on Venezuela is necessary, Respondents rely on *Lindsayca USA, Inc. v. de Venezuela*, 4:21-CV-00037, 2022 WL 3588041 (S.D. Tex. Aug. 22, 2022), *report and recommendation adopted sub nom*. *Lindsayca USA, Inc. v. Petroleos de Venzuela, S.A.*, 4:21-CV-00037, 2022 WL 4588588 (S.D. Tex. Sept. 29, 2022). There, the Court noted that plaintiff attempted to serve both the complaint and first amended complaint with summons on Venezuela. *Id*. at *1. Plaintiff contends that *Lindsayca* is distinguishable where service of process was governed by 1608(b) since service was to an agency or instrumentality of a foreign state. Here, however, service is to a foreign state or political subdivision of a foreign state and governed by 1608(a). ECF No. [100] at 6. Plaintiff points out that due process is satisfied because Venezuela has actual notice of this proceeding and will be given an opportunity to respond to the allegations that have been incorporated via interlineation in the Amended *Ex Parte* Motion. *Id*. at 7. Plaintiff relies upon the Eleventh Circuit's decision that a district court's failure to issue a notice to appear did not violate due process where the third party had notice of the proceedings

5

supplementary and an opportunity to contest the Court's findings. *Stansell v. Lopez Bello*, 802 F. App'x 445, 449 (11th Cir. 2020).

The Court agrees with Plaintiff. Since Venezuela was served via diplomatic channels pursuant to this Court's Order, Venezuela has notice of the current proceedings. Just as an amended complaint need not be served after an initial complaint is served, service of the Amended *Ex Parte* Motion on Venezuela is not necessary.

Accordingly, the Court finds that Plaintiff need only serve previously unserved Impleaded Defendants, Belisario and Guillen.

### B. Opportunity to Respond

Plaintiff requests that the Court partially modify its Order to afford Respondents Cedeno and Venezuela an opportunity to file a response limited to the allegations incorporated in the Amended *Ex Parte* Motion by interlineation within seven business days of the Court's partially modified Order. ECF No. [77] at 7. Respondents counter that all Respondent entities should be permitted to fully respond and contend that the Court should not anticipatorily preclude Respondents from "serving fulsome answers and responses on a motion for 'clarification' and 'modification.'" Moreover, the proper procedure would be to allow Respondents to serve amended answers and responses and only then should Plaintiff argue to the Court that a certain response raised by Respondents has been waived. *Id*. at 7-8. Plaintiff replies that Respondents' proposed procedure conflicts with federal court policy disfavoring duplicative litigation. ECF No. [100] at 4.

The Court agrees with Respondents. Plaintiff has not cited any case law where, in a similar procedural posture, a Court preemptively precluded or dictated the proper contents of a response to an amended pleading. Pursuant to Fed. R. Civ. P. 15(a)(3), the Court therefore orders Venezuela,

Cedeno, and Respondents, to respond to the Amended *Ex Parte* Motion within 14 days of the issuance of this order. Pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i), Impleaded Defendants Belisario and Guillen shall respond to the Amended *Ex Parte* Motion within 21 days of service of the statutory notices to appear and the Amended *Ex Parte* Motion.

### III. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** that:

1. Plaintiff's Motion, **ECF No. [77]**, is **GRANTED IN PART AND DENIED IN PART.**

2. Plaintiff shall serve previously issued Notices to Appear to Impleaded Defendants Belisario and Guillen in compliance with Chapter 48, Florida Statutes.

3. Venezuela, Cedeno, and Respondents shall respond to the Amended *Ex Parte* Motion **by December 13, 2022**.

4. Impleaded Defendants Belisario and Guillen shall respond to the Amended *Ex Parte* Motion **within 21 days of service** of the of the statutory notices to appear and the Amended *Ex Parte* Motion.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 29, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record