UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:21-mc-23103-BLOOM/Otazo-Reyes

CASA EXPRESS CORP, as Trustee of
CASA EXPRESS TRUST,

       Judgment Creditor,
v.

BOLIVARIAN REPUBLIC OF
VENEZUELA,

       Judgment Debtor.
_____/

***EX PARTE* EMERGENCY MOTION TO IMPLEAD THIRD PARTIES FISHER ISL. 7043, LLC AND COLLINS APT. 4401, LLC, TO THIS SUPPLEMENTARY PROCEEDING AND FOR ISSUANCE OF STATUTORY NOTICES TO APPEAR**

Judgment Creditor Casa Express Corp, as Trustee of Casa Express Trust ("Casa Express"), moves to implead third parties Fisher Isl. 7043, LLC and Collins Apt. 4401, LLC (collectively, the "Caballero Entities") to this supplementary proceeding and for the issuance of statutory Notices to Appear pursuant to Federal Rule of Civil Procedure 69(a), Florida Statute § 56.29, and Southern District of Florida Local Rule 7.1(d)(1).

**EMERGENCY RELIEF**

Non-Party Antonio Caballero ("Caballero") has obtained title to two Venezuelan properties through the Caballero Entities in a parallel post-judgment proceeding pending in front of Judge Moore without providing any notice of the sale or the proceeding to Casa Express[1]: The Fisher

---

[1] In the interests of judicial economy, Casa Express refers this Court to Magistrate Judge Becerra's Report and Recommendation for a thorough procedural background on Caballero's ***sealed*** collection efforts against Raul Gorrin Belisario ("Gorrin") and his controlled entities that began on April 8, 2022, nearly seven months after Casa Express moved to commence supplementary proceedings against the same parties. *See Caballero v. FARC*, Case No. 1:18-cv-25337-KMM (S.D. Fla. December 10, 2022), [ECF No. 202] at § I.

1

Island Property[2] and the Collins Avenue Property[3]. Casa Express submits that the Caballero Entities took title subject to the claims asserted herein because they had actual, inquiry, or constructive notice of this litigation.

Caballero has also levied other Venezuelan properties that are the subject of this action. At this time, the Caballero Entities and Caballero have been enjoined from "dissipating, conveying, encumbering, or otherwise transferring ownership" of the Fisher Island Property and the Collins Avenue Property, and from selling any levied properties linked to Gorrin pending adjudication of a motion to vacate that seeks to set aside the judicial sale of the Fisher Island Property and the Collins Avenue Property. *See Caballero v. FARC*, Case No. 1:18-cv-25337-KMM (S.D. Fla. January 15, 2023), [ECF No. 214].

The motion to vacate is fully briefed. Casa Express cannot speculate how long it will take Judge Moore to issue a ruling on the motion. But if the motion is denied, Caballero will be able to transfer or sell Venezuelan properties to a bona fide third party purchaser extinguishing Casa Express's claims to the properties. For these reasons, Casa Express respectfully requests emergency relief by date certain – January 26, 2023 (7 days after filing) to promptly implead the Caballero Entities into this proceeding.

## MEMORANDUM OF LAW

Under Florida law, a purchaser acquires title to a property subject to the outcome in a litigation if he or she takes title with actual or constructive notice of the litigation. *See Montgomery*

---

[2]   "The Fisher Island Property" refers to the Venezuelan property located at 7043 Fisher Island Dr., Unit 7043, Fisher Island, Florida. Impleaded Defendant Planet 2 Reaching, Inc. held title to this property through November 8, 2022.

[3]   "The Collins Avenue Property" refers to the Venezuelan property located at 18555 Collins Avenue, Unit 4401, Sunny lsles Beach, Florida 33160. Impleaded Defendant Posh 8 Dynamic, Inc. held title to this property through November 8, 2022.

*Ward Dev. Corp. v. Juster*, 932 F.2d 1378, 1384 (11th Cir. 1991)(explaining that "actual or constructive notice of the pending suit on the part of the interested party may substitute for recorded lis pendens") (applying Florida law); *see also McAlister v. Salas*, 485 So. 2d 1333, 1335 (Fla. 2d DCA 1986) ("[I]n the absence of a recorded lis pendens*,* if the third party purchaser takes title to property with awareness of a prior interest, evidenced here by the pending litigation, such notice bars the third party's claim to the property"); *Westburne Supply, Inc. v. Cmty. Villas Partners, Ltd.*, 508 So. 2d 431, 434 (Fla. 1st DCA 1987) (holding that "filing a notice of lis pendens is not essential to enforcement of a lien against a purchaser with knowledge of the pending litigation").

In addition, there is a rebuttable presumption of notice of an unrecorded claim to the property when the "party has received information, or has knowledge of such facts sufficient to put him on an inquiry." *Harkless v. Laubhan*, 278 So. 3d 728, 733 (Fla. 2d DCA 2019) (quoting *Sapp v. Warner*, 105 Fla. 245, 141 So. 124, 129 (1932)). "The party may rebut the presumption by proving that he made an inquiry and did prosecute it with all the care and diligence required of a reasonably prudent man and still failed to discover the existence of, or to obtain knowledge of, any conflicting claim, interest, or right in the property." *Id.* (cleaned up; internal quotations omitted). But if the party fails "to make any inquiry or to prosecute one with due diligence to the end, the presumption remains operative, and the conclusion of a notice is absolute." *Id*. at 34 (internal quotations omitted).

In this case, Caballero's counsel and the registered agent of the Caballero Entities, Leon N. Patricios, executed an affidavit prior to the sale of the Venezuelan properties pursuant to § 56.27(4), Fla. Stat. attesting that he reviewed the Official Records of the Miami-Dade County

3

Clerk of Court and discovered, among other things, a Notice of Lis Pendens on the Fisher Island Property filed by its condominium association:

> Notice of Lis Pendens (regarding relief sought as to the Subject Property to foreclose a claim of lien) of PALAZZO DEL SOL/DELLA LUNA AT FISHER ISLAND CONDOMINIUM ASSOCIATION, INC. . . .

Ex. A, Affidavit of L. Patricios at ¶ 9(a)(iii). The Notice of Lis Pendens lists Casa Express as a defendant in a foreclosure action filed by the association pending in the Eleventh Circuit Court for Miami-Dade County:



Ex. B, Notice of Lis Pendens filed by condominium association.

The affidavit reveals that Mr. Patricios reviewed the docket of the foreclosure action and discovered that the condominium association retained new counsel after the Lis Pendens was recorded. Ex. A, at ¶ 9(a)(iii) (explaining that the condominium substituted counsel pursuant to a Stipulation citing to the court docket "PALAZZO DEL SOL/DELLA LUNA AT FISHER ISLAND CONDOMINIUM ASSOCIATION, INC VS PLANET 2 REACHING, INC ET AL,

4

Case No. 2022-004165-CA-01 (Fla. 11th Jud. Cir. Ct., Miami-Dade Cnty. May 17, 2022), Doc. No. 34").

The docket entry directly below the Stipulation that Mr. Patricios cites in his affidavit reflects the issuance of a summons to Casa Express—**the <u>only</u>[4] defendant in the foreclosure action other than the former title holder, Planet 2 Reaching, Inc.:**

| | 34 | 05/24/2022 | 33207:1235 | Recorded Document | Event | ORDER OF REMAND FROM THE UNITED STATES DISTRICT COURT. |
|---|---|---|---|---|---|---|
| | 33 | 05/24/2022 | | Receipt: | Event | COPY OF RECEIPT MAILED OUT TO THE UNITED STATES DISTRICT COURT. |
| | 32 | 05/24/2022 | | Letter of Correspondence | Event | RECEIVED FROM THE UNITED STATES DISTRICT COURT. |
| | 31 | 05/17/2022 | | Stipulation for Substitution of Counsel | Event | |
| | | 04/19/2022 | | 20 Day Summons Issued | Service | |
| | 30 | 04/19/2022 | | ESummons 20 Day Issued | Event | RE: INDEX # 26. Parties: CASA EXPRESS CORP. |
| | 29 | 04/19/2022 | | Notice of Removal to Federal Court | Judgment | |
| | 28 | 04/19/2022 | 33139:4341 | Notice of Removal to Federal Court | Event | Parties: U.S. DEPARTMENT OF THE TREASURY OFFICE OF FOREIGN ASSET CONTROL |

These facts placed Mr. Patricios on inquiry notice that Casa Express had a potential claim to the Fisher Island Property. *Flanigan's Enterprises, Inc. v. Shoppes at 18th & Com., Inc.*, 954 So. 2d 758, 764 (Fla. 4th DCA 2007) ("If a person has information that would lead a reasonable man to make further inquiry for his own protection, but fails to further investigate and learn what the inquiry would reasonably have uncovered, the person 'must suffer the consequence of his neglect.'") (quoting *Chatlos v. McPherson,* 95 So.2d 506, 509 (Fla.1957)); *see also Harkless*, 278 So. 3d at 734 ("A person has no right to shut his eyes or ears to avoid information, and then say that he has no notice. It will not suffice the law to remain willfully ignorant of a thing readily ascertainable by whatever party puts him on inquiry when the means of knowledge is at hand") (cleaned up; quotations omitted).

---

[4] The condominium association dropped the U.S. Department of the Treasury, Office of Foreign Assets Control as a defendant before the affidavit was executed.

5

Here, at a minimum, Mr. Patricios had a duty to review the operative complaint of the foreclosure action to determine why Casa Express was named as a defendant. The Amended Complaint (filed prior to the Stipulation) alleges that Casa Express is a subordinate lien holder that seeks to attach the Fisher Island Property to satisfy its judgment against the Bolivarian Republic of Venezuela, identifying this supplementary proceeding by Case Number:

> 4. Defendant CASA EXPRESS is named in this action as an subordinate lien holder as it appears in the Plaintiff's Title Search Report as an interested party to the Subject Property. Specifically, <u>CASA EXPRESS has claimed an interest to the Subject Property by virtue of that Statutory Notice to Appear dated September 16, 2021, issued by the **U.S. District Court for the Southern District of Florida in Case No. 21-MC-23103-BB**</u> (to domesticate and enforce the foreign judgment entered by the US District Court for the Southern District of New York in Case No.: 18-civ-11940) <u>against Defendant PLANET 2 REACHING, giving notice to Defendant PLANET 2 REACHING of CASA EXPRESS'S intent to attach the subject property to satisfy the judgment against the Bolivarian Republic of Venezuela.</u> . . .
>
> 17. Specifically, <u>the Defendant CASA EXPRESS may have an interest to the Subject Property by virtue of its Statutory Notice to Appear dated September 16, 2021, issued by the **U.S. District Court for the Southern District of Florida, Case No. 21-MC-23103-BB**</u> (to domesticate and enforce the foreign judgment entered by the U.S. District Court for the Southern District of New York in Case No. 18-CIV-11940, by application of CASA EXPRESS GROUP (as judgment creditor), to PLANET 2 REACHING and giving notice of CASA EXPRESS GROUP'S intent to attach the subject property to satisfy its judgment against the Bolivarian Republic of Venezuela.

Ex. C, Amended Complaint at ¶¶ 4, 17 (emphasis added).

Alternatively, Mr. Patricios could have reasonably conducted a record search of Casa Express in the Miami-Dade County Clerk of Court website. That search would have revealed the registered final judgment that is the subject of this action. *See* Exhibit D, Certified Copy of

Recorded Registered Judgment, County Recorder's Official Records, Clerk's File Number 2022 R 0241655, March 25, 2022.

Under either scenario, Mr. Patricios would have learned of the existence of this supplementary proceeding by reasonably inquiring the circumstances. Therefore, Casa Express submits that the Caballero Entities had notice of this supplementary proceeding and took title subject to the outcome of this litigation. *McAlister*, 485 So. 2d at 1335 ("[I]f the third party purchaser takes title to property with awareness of a prior interest, evidenced here by the pending litigation, such notice bars the third party's claim to the property").

Tellingly, Caballero repeatedly asked the court to maintain his collection efforts under seal to prevent other judgment creditors (*i.e.*, Casa Express) from executing the Venezuelan properties before him:

> Furthermore, **because other judgment creditors may attempt to execute against the blocked real properties subject to this Motion** (as well as the other blocked real properties identified by Caballero on Exhibit 3 of the A/I Motion [D.E. 151-3]), Caballero respectfully requests that this Court maintain this ex parte Motion (inclusive of exhibits and proposed forms), as well as the ex parte A/I Motion [D.E. 150] (inclusive of exhibits and proposed forms) and the A/I Order [D.E. 151], under seal until Caballero has attached all the blocked real properties listed on Exhibit 3 of the A/I Motion [D.E. 151-3] (with the exception of the second listed real property).

*Caballero*, [ECF No. 155] at ¶ 34 (emphasis added); *id.* [ECF No. 158] at ¶ 28 (same). Because he knew that Casa Express had asserted claims against the Venezuelan properties nearly 7 months before he began his collection efforts against the properties.

Caballero violated Local Rule 3.8 by failing to advise Judge Moore of this related or similar action when he initiated his post-judgment efforts against Gorrin and his related entities. *See* S.D. Fla. L. R. 3.8 ("It shall be the continuing duty of the attorneys of record in every action or proceeding to bring promptly to the attention of the Court and opposing counsel the existence of .

. . any similar actions or proceedings then pending before another court or administrative agency."). Likewise, Gorrin's counsel violated Local Rule 3.8 by failing to advise this Court, undersigned counsel, and Judge Moore that it was contemporaneously defending two post-judgment actions regarding the same realty in this District. And as a result, the Caballero Entities obtained title to the two most valuable Venezuelan properties for pennies on the dollar.

Specifically, Collins Apt. 4401, LLC purchased the Collins Avenue Property (a penthouse at the Porsche Tower) for a mere $10,000 credit bid when its approximate fair market value is $14 million dollars. Ex. E. Fisher Isl. 7043, LLC also purchased the Fisher Island Property (a penthouse in the most luxurious condominium within the island) at a significant discount paying a $10 million dollar credit bid when its approximate fair market value is $28 million dollars. Ex. F.

The Court should implead the Caballero Entities to this proceeding to avoid additional Venezuelan properties from being sold for pennies on the dollar.

**A. Casa Express has satisfied the requirements to implead the Caballero Entities to this supplementary proceeding.**

Under Rule 69 of the Federal Rules of Civil Procedure, supplementary proceedings "must accord with the procedure of the state where the court is located . . . ." Fed. R. Civ. P. 69(a)(1). In Florida, the procedure for supplementary proceedings is governed by Fla. Stat. § 56.29. Subsection (1) of Fla. Stat. § 56.29 provides that:

> [w]hen any judgment creditor holds an unsatisfied judgment or judgment lien obtained under chapter 55, the judgment creditor may file a motion and an affidavit so stating, identifying, if applicable, the issuing court, the case number, and the unsatisfied amount of the judgment or judgment lien, including accrued costs and interest, and stating that the execution is valid and outstanding, and thereupon the judgment creditor is entitled to these proceedings supplementary to execution.

§ 56.29(1), Fla. Stat. A party bringing a proceeding supplementary to execution must 1) show that he or she possesses an unsatisfied judgment; and 2) file an affidavit averring that the judgment is valid and unsatisfied. *See id.*; *B&I Contractors, Inc. v. Mel Re Const. Mgmt.*, 66 So. 3d 1035, 1037 (Fla. 2d DCA 2011).

Section 56.29(2) governs the procedure for impleading third parties. *Longo v. Associated Limousine Servs., Inc.*, 236 So. 3d 1115, 1119 (Fla. 4th DCA 2018). It provides:

> The judgment creditor shall, in the motion described in subsection (1) or in a supplemental affidavit, describe any property of the judgment debtor not exempt from execution in the hands of any person or any property, debt, or other obligation due to the judgment debtor which may be applied toward the satisfaction of the judgment.

§ 56.29(2), Fla. Stat. Compliance with these prerequisites provides the predicate for impleading any named third parties to the supplementary proceedings. *MCI Telecommunications Corporation v. O'Brien Marketing, Inc.*, 913 F.Supp. 1536, 1540 (S.D. Fla. 1995). "No other showing is required to implead the third party." *Morningstar Healthcare, L.L.C. v. Greystone & Co.*, No. 8:05-CV-949-T-MAP, 2008 WL 1897590, at *1 (M.D. Fla. Apr. 28, 2008) (internal citation omitted).

Here, Casa Express has satisfied both requirements and the Court has commenced supplementary proceedings.[5] *See* [ECF No. 62] (granting motion to commence supplementary proceedings because Casa Express "compli[ed] with the statutory prerequisites prescribed by Fla. Stat. 56.29(1)"). In addition, Casa Express filed an accompanying affidavit from its president attesting that its judgment [ECF No. 1] remains valid and unsatisfied. *See* Ex. G. Therefore, the

---

[5] Casa Express hereby adopts and reincorporates all of the arguments and evidence (inclusive of exhibits) asserted in the Amended *Ex Parte* Expedited Motion to Commence Proceedings Supplementary [ECF No. 60] (the "Amended Motion") that establish that the properties held by the Gorrin Entities were purchased with misappropriated Venezuelan funds.

Court should issue the proposed statutory notices to appear in the form proposed by (Ex. H) to Fisher Isl. 7043, LLC and in the form proposed by (Ex. I) to Collins Apt. 4401, LLC to implead them into this proceeding.

**WHEREFORE**, Casa Express Corp., as Trustee of Casa Express Trust, respectfully requests emergency review and relief and that the Court enter an Order granting this Motion in the form proposed by (Ex. J):

a) determining that Fisher Isl. 7043, LLC, and Collins Apt. 4401, LLC possessed actual, inquiry or constructive notice of this litigation prior to acquiring title to the Fisher Island Property and the Collins Avenue Property;

b) determining that Fisher Isl. 7043, LLC, and Collins Apt. 4401, LLC obtained title to the Fisher Island Property and the Collins Avenue Property subject to the outcome of this litigation;

c) issuing the proposed Notices to Appear directing Fisher Isl. 7043, LLC, and Collins Apt. 4401, LLC to respond to this Motion within seven (7) business days of service of the Order stating why the real properties should not be applied to satisfy the judgment; and

d) taxing attorneys' fees and costs in relation to this proceeding to the Judgment Debtor, the Bolivarian Republic of Venezuela, pursuant to § 56.29(8), Fla. Stat.

Dated: January 19, 2023               Respectfully submitted,

**GAMARDO, P.A.**
1200 Brickell Avenue, Suite 750
Miami, Florida 33131
Tel: (305)542-6626

/s/ *Andres Gamardo*
Andres Gamardo, Esq.
Florida Bar No.: 1021165
Email: agamardo@gamardolaw.com
*Attorney for Plaintiff*

**Local Rule 7.1(a)(3) Certification**

Southern District of Florida Local Rule 7.1(a)(3) is inapplicable at this time.

**EMERGENCY CERTIFICATION**

After reviewing the facts and researching applicable legal principles, I certify that this motion in fact presents a true emergency (as opposed to a matter that may only need expedited treatment) and requires an immediate ruling because the Court may not be able to provide meaningful relief to a critical, non-routine issue after the expiration of seven days. I understand that an unwarranted certification may lead to sanctions.

By: /s/ *Andres Gamardo*
Andres Gamardo, Esq.

**CERTIFICATE OF SERVICE**

I hereby certify that on January 19, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system.

By: /s/ *Andres Gamardo*
Andres Gamardo, Esq.