UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:21-cv-23103-BLOOM/Otazo-Reyes

CASA EXPRESS CORP, as Trustee of
CASA EXPRESS TRUST,

      Judgment Creditor,
  v.

BOLIVARIAN REPUBLIC OF
VENEZUELA,

      Judgment Debtor.
_____/

**ORDER GRANTING *EX PARTE* EMERGENCY MOTION
TO IMPLEAD THIRD PARTIES**

**THIS CAUSE** is before the Court upon Plaintiff and Judgment Creditor Casa Express Corp's, as Trustee of Casa Express Trust ("Plaintiff"), *Ex Parte* Emergency Motion to Implead Third Parties Fisher Isl. 7043, LLC and Collins Apt. 4401, LLC, and for issuance of Statutory Notices to Appear, ECF No. [122] ("Motion"). The Court has carefully considered the Motion, all supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

Non-Party Antonio Caballero has obtained title to two real properties that are the subject of this proceeding through his controlled entities Fisher Isl. 7043, LLC and Collins Apt. 4401, LLC (the "Caballero Entities") without providing notice of the sale to Plaintiff. ECF No. [7] at ¶ 10. Plaintiff argues that the Caballero Entities took title to the Fisher Island Property[1] and the

---

[1] "The Fisher Island Property" refers to the real property located at 7043 Fisher Island Dr., Unit 7043, Fisher Island, Florida.

Collins Avenue Property[2] subject to the outcome of this supplementary proceeding because they had actual, inquiry, or constructive notice of this litigation.

Under Florida law, a third-party purchaser acquires title to a property subject to the outcome in a litigation if he or she takes title with actual or constructive notice of the litigation. *See Montgomery Ward Dev. Corp. v. Juster*, 932 F.2d 1378, 1384 (11th Cir. 1991) (explaining that "actual or constructive notice of the pending suit on the part of the interested party may substitute for recorded lis pendens") (applying Florida law); *see also McAlister v. Salas*, 485 So. 2d 1333, 1335 (Fla. 2d DCA 1986) ("[I]n the absence of a recorded lis pendens, if the third party purchaser takes title to property with awareness of a prior interest, evidenced here by the pending litigation, such notice bars the third party's claim to the property"); *Westburne Supply, Inc. v. Cmty. Villas Partners, Ltd.*, 508 So. 2d 431, 434 (Fla. 1st DCA 1987) (holding that "filing a notice of lis pendens is not essential to enforcement of a lien against a purchaser with knowledge of the pending litigation").

In addition, a claimant may create a rebuttable presumption of knowledge of an unrecorded claim to the property when the claimant establishes that the "party has received information, or has knowledge of such facts sufficient to put him on an inquiry." *Harkless v. Laubhan*, 278 So. 3d 728, 733 (Fla. 2d DCA 2019) (quoting *Sapp v. Warner*, 105 Fla. 245, 141 So. 124, 129 (1932)). "The party may rebut the presumption by proving that he made an inquiry and did prosecute it with all the care and diligence required of a reasonably prudent man and still failed to discover the existence of, or to obtain knowledge of, any conflicting claim, interest, or right in the property." *Id.* (internal quotation marks omitted). But if the party fails "to make any inquiry or to prosecute one

---

[2] "The Collins Avenue Property" refers to the property located at 18555 Collins Avenue, Unit 4401, Sunny Isles Beach, Florida 33160.

with due diligence to the end, the presumption remains operative, and the conclusion of a notice is absolute." *Id*. at 34 (internal quotations omitted).

In this case, Plaintiff attached to the Motion an affidavit from the attorney and registered agent of the Caballero Entities, Mr. Leon N. Patricios. ECF No. [122-1]. The affidavit proves that Mr. Patricios reviewed a Notice of Lis Pendens filed in a parallel foreclosure action initiated by the condominium association of the Fisher Island Property before the Caballero Entities obtained title to the real properties.[3] ECF No. [122-1] at ¶ 9(a)(iii). The Notice of Lis Pendens lists Plaintiff as a defendant in the foreclosure action pending in the Eleventh Judicial Circuit Court of Miami-Dade County. ECF No. [122-2].

The affidavit cites to a Stipulation for Substitution of Counsel to explain that the condominium association retained new counsel after filing the Notice of Lis Pendens, proving that Mr. Patricios reviewed the court docket of the foreclosure action. ECF No. [122-1] at ¶ 9(a)(iii). At the time the Stipulation for Substitution of Counsel was filed, Plaintiff was the only defendant in the foreclosure action other than the former title holder, Planet 2 Reaching, Inc. *See generally, Palazzo Del Sol/Della Luna at Fisher Island Condominium Association, Inc v. Planet 2 Reaching, Inc., et al*, Case No. 2022-004165-CA-01 (Fla. 11th Jud. Cir. Ct.).

Because the Notice of Lis Pendens lists Plaintiff as a defendant, and Plaintiff was the only defendant other than the title holder at the time of the Stipulation for Substitution of Counsel was filed, Mr. Patricios had a duty to make a reasonable inquiry as to why Plaintiff was added as a defendant to the foreclosure action of a realty his client sought to execute. *Harkless*, 278 So. 3d at 734 ("[A] person has no right to shut his eyes or ears to avoid information, and then say that he

---

[3] The Caballero Entities obtained title to the real properties on November 8, 2022, via a U.S. Marshalls Service sale. ECF No. [122-5]; ECF No. [122-6]. Mr. Patricios executed the relevant affidavit on June 2, 2022, five months before the Caballero Entities obtained title to the properties.

has no notice; … It will not suffice the law to remain willfully ignorant of a thing readily ascertainable by whatever party puts him on inquiry when the means of knowledge is at hand.") (quotation marks omitted).

At a minimum, Mr. Patricios had a duty to review the operative complaint of the foreclosure action. The Amended Complaint alleges that Plaintiff is a subordinate lien holder that seeks to attach the Fisher Island Property to satisfy its judgment against the Bolivarian Republic of Venezuela, identifying this supplementary proceeding by Case Number:

> 4. Defendant CASA EXPRESS is named in this action as an subordinate lien holder as it appears in the Plaintiff's Title Search Report as an interested party to the Subject Property. Specifically, CASA EXPRESS has claimed an interest to the Subject Property by virtue of that Statutory Notice to Appear dated September 16, 2021, issued by the *U.S. District Court for the Southern District of Florida in Case No. 21-MC-23103-BB* (to domesticate and enforce the foreign judgment entered by the US District Court for the Southern District of New York in Case No.: 18-civ-11940) against Defendant PLANET 2 REACHING, giving notice to Defendant PLANET 2 REACHING of CASA EXPRESS'S intent to attach the subject property to satisfy the judgment against the Bolivarian Republic of Venezuela. …
>
> 17. Specifically, the Defendant CASA EXPRESS may have an interest to the Subject Property by virtue of its Statutory Notice to Appear dated September 16, 2021, issued by the *U.S. District Court for the Southern District of Florida, Case No. 21-MC-23103-BB* (to domesticate and enforce the foreign judgment entered by the U.S. District Court for the Southern District of New York in Case No. 18-CIV-11940, by application of CASA EXPRESS GROUP (as judgment creditor), to PLANET 2 REACHING and giving notice of CASA EXPRESS GROUP'S intent to attach the subject property to satisfy its judgment against the Bolivarian Republic of Venezuela.

ECF No. [122-3] at ¶¶ 4, 17 (emphasis added).

Alternatively, Mr. Patricios could have reasonably conducted a record search of Plaintiff in the Miami-Dade County Clerk of Court website. That search would have revealed the registered final judgment that is the subject of this action. *See* ECF No. [122-4], Certified Copy of Recorded

Registered Judgment, County Recorder's Official Records, Clerk's File Number 2022 R 0241655, March 25, 2022.

Under either scenario, Mr. Patricios would have learned of this supplementary proceeding by reasonably inquiring the circumstances. Therefore, Plaintiff has presented sufficient evidence to establish that the Caballero Entities had "knowledge of such facts sufficient to put [them] on an inquiry." *Harkless*, 278 So. 3d at 733 (Fla. 2d DCA 2019). There is a rebuttable presumption that the Caballero Entities knew of this supplementary proceeding and took title subject to the outcome of this litigation. *McAlister*, 485 So. 2d at 1335 ("[I]f the third party purchaser takes title to property with awareness of a prior interest, evidenced here by the pending litigation, such notice bars the third party's claim to the property").

The Caballero Entities "may rebut the presumption by proving that [they] made an inquiry and did prosecute it with all the care and diligence required of a reasonably prudent man and still failed to discover the existence of, or to obtain knowledge of, any conflicting claim, interest, or right in the property." *Harkless*, 278 So. 3d at 733 (Fla. 2d DCA 2019).

In addition, Plaintiff has satisfied the statutory prerequisites of § 56.29(2) for impleading third parties. In the affidavit attached to the Motion, ECF No. [122-7], Plaintiff sufficiently identifies two (2) real properties of the Judgment Debtor purchased with misappropriated Venezuelan funds in the hands of the proposed impleaded parties. As such, the Court must issue Notices to Appear. *See* Fla. Stat. § 56.29(2) ("Upon filing of the motion and affidavits that property of the judgment debtor, or any debt, or other obligation due to the judgment debtor in the custody or control of any other person may be applied to satisfy the judgment, then the court *shall* issue a Notice to Appear") (emphasis added).

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [122]**, is granted as follows:

1. Plaintiff is permitted to implead third parties Fisher Isl. 7043, LLC and Collins Apt. 4401, LLC, in proceedings supplementary to and in aid of judgment or execution.

2. The Court shall separately issue Notices to Appear, in the form attached to Plaintiff's Motion, ECF Nos. [122-8], [122-9], to implead the following Third-Party Defendants: Fisher Isl. 7043, LLC and Collins Apt. 4401, LLC.

3. The Third-Party Defendants, Fisher Isl. 7043, LLC and Collins Apt. 4401, LLC, shall respond, within seven (7) business days of service of the Notices to Appear, stating why the property, debt, or other obligation should not be applied to satisfy the judgment in the manner prescribed by Fla. Stat. § 56.29(2).

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 19, 2023.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: Counsel of Record