UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:21-cv-23103-BLOOM/OTAZO-REYES

CASA EXPRESS CORP, as Trustee of
CASA EXPRESS TRUST,

        Judgment Creditor,
v.

BOLIVARIAN REPUBLIC OF
VENEZUELA,

        Judgment Debtor.
_____/

**MOTION FOR DEFAULT FINAL JUDGMENT AGAINST
IMPLEADED DEFENDANT CLAUDIA PATRICIA DIAZ GUILLEN**

    Pursuant to Fed. R. Civ. P. 55(b)(2), Plaintiff and Judgment Creditor Casa Express Corp, as Trustee of Casa Express Trust ("Casa Express" or "Plaintiff") moves for entry of a default final judgment against Impleaded Defendant Claudia Patricia Diaz Guillen ("Diaz Guillen"). In support of the motion, Plaintiff submits the declaration of its counsel Andres Gamardo (Ex. A).

**I.    Introduction**

    Plaintiff is a judgment creditor of Venezuela. It holds an unsatisfied judgment for $43.3 million dollars (the "Judgment"). In this supplementary proceeding, Plaintiff seeks to step in the shoes of its judgment debtor, Venezuela, to recover eight Venezuelan real properties (the "Properties")[1] in the hands of third parties via the imposition of a constructive trust.[2] Because Plaintiff seeks to execute the Properties in partial satisfaction of its Judgment, and it does not seek an award of damages against any Impleaded Defendant, there is no possibility of inconsistent liability between the Impleaded Defendants.

---

[1]     *See* ECF No. [60] at Statement of Facts ("SOF") ¶ 29 (listing the eight Properties).

[2]     In a supplementary proceeding, a judgment creditor may step into the shoes of its judgment debtor "to recover the judgment debtor's assets in the hands of another person, so long as the property is not exempt from execution." *Jackson-Platts v. Gen. Elec. Cap. Corp.,* 727 F.3d 1127, 1136 (11th Cir. 2013) (applying Florida law).

The Amended Motion[3] alleges claims for breach of fiduciary duty and unjust enrichment against Diaz Guillen. It also alleges that Diaz Guillen's conduct satisfies the elements necessary for the imposition of a constructive trust.

Diaz Guillen is in default, and the prerequisites for default judgment have been met. As relief, Plaintiff seeks entry of default judgment against Diaz Guillen awarding declaratory relief as to the well-pled claims alleged in the Amended Motion.

## II.     Legal Standard

The Clerk of Court may enter a default against a defendant that fails to plead or otherwise defend an initial pleading filed against it. Fed. R. Civ. P. 55(a). Once a default is entered, the plaintiff may seek entry of a default judgment against the defaulting defendant. Fed. R. Civ. P. 55(b). A default judgment is appropriate and is within a district court's sound discretion where the defendant has failed to defend or otherwise engage in the proceedings. *See, e.g., Tara Prods., Inc. v. Hollywood Gadgets, Inc.,* 449 F. App'x 908, 910 (11th Cir. 2011); *Dawkins v. Glover,* 308 F. App'x 394, 395 (11th Cir. 2009); *In re Knight,* 833 F.2d 1515, 1516 (11th Cir. 1987); *Wahl v. McIver,* 773 F.2d 1169, 1174 (11th Cir. 1985).

By defaulting, a defendant is taken to admit the well-pleaded allegations of fact in the initial pleading. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Moreover, although facts are admitted as true, conclusions of law are not; a sufficient basis to state a claim must still exist in the pleadings before a court may enter a default judgment. *Nishimatsu Constr. Co.*, 515 F.2d at 1206. Therefore, before granting default judgment, "the district court must ensure that the well-pleaded allegations of the complaint . . . actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007).

---

[3]     The "Amended Motion" refers to the Amended *Ex Parte* Expedited Motion to Commence Proceedings Supplementary, to Implead Defendants, and for Issuance of Statutory Notices to Appear. ECF No. [60]. In this supplementary proceeding, the Amended Motion is considered the "equivalent of a complaint." ECF No. [59] at 5.

### III.     Argument

#### A. The Court possesses jurisdiction to enforce Plaintiff's Judgment.

Plaintiff adopts and reincorporates as if fully set herein each and every argument made in Section III(A) of its Motion for Default Judgment, ECF No. [149] at 3, that thoroughly explain the Court's subject matter jurisdiction over this post-judgment action.

#### B. The Court possesses personal jurisdiction over Diaz Guillen.

A foreign defendant's "domicile" for general personal jurisdiction purposes "shift[s] to the United States" after he or she is transferred to the custody of U.S. law enforcement pursuant to an extradition order. *Jaramillo v. Naranjo*, Case No. 10-21951-CIV, 2014 WL 4898210 at *5 (S.D. Fla. Sept. 30, 2014). Moreover, tag jurisdiction is "unquestionably proper" to exert personal jurisdiction over an extradited defendant physically serving a prison sentence in the United States. *Id*.

In this case, Diaz Guillen was extradited from Spain to Florida in May 2022, shifting her domicile for personal jurisdiction purposes to the United States. Ex. A, at ¶ 7. On December 13, 2022, a federal jury convicted Diaz Guillen and her husband for their participation in the foreign currency scheme that gives raise to the causes of actions alleged against her in the Amended Motion. *United States v. Diaz Guillen*, Case No. 9:18-cr-80160-WPD-2 (S.D. Fla. December 13, 2023, ECF No. [310]). Ten days later, Plaintiff, through a process server, served Diaz Guillen personally with the Amended Motion and the Statutory Notice to Appear at the Paul Rein Detention Facility, where she physically awaits sentencing. Therefore, the Court possesses general personal jurisdiction and tag jurisdiction over Diaz Guillen. *Jaramillo*, 2014 WL 4898210 at *5.

#### C. Entry of Default Judgment is appropriate against Diaz Guillen.

##### i.     Service of Process

On November 30, 2022, the Court instructed Plaintiff to serve Diaz Guillen with the Amended Motion and her Statutory Notice to Appear. ECF No. [105] at 7 ¶ 2 ("Plaintiff shall serve previously issued Notices to Appear to . . . Guillen in compliance with Chapter 48, Florida Statutes").

On December 23, 2022, Plaintiff, through a process server, served Diaz Guillen personally with the Amended Motion, ECF No. [60], her Notice to Appear, ECF No. [73], and this Court's Order, ECF No. [105], in accordance with Section 48.031, Florida Statutes, and the specific

procedures of the Paul Rein Detention Facility. *See* ECF No. [140] (Certificate of Service of Diaz Guillen).

The Order required Diaz Guillen to file a response to the Amended Motion "**within 21 days of service**." ECF No. 105 at 7 ¶ 4 (emphasis in original). Therefore, Diaz Guillen's deadline to respond to Amended Motion was January 13, 2023.

To date, Diaz Guillen has not filed a response to the Amended Motion. Nor has she requested an enlargement of time to respond to the Amended Motion. In addition, Diaz Guillen has not made an appearance in this proceeding through counsel or otherwise.

### ii. Entry of Clerk's Default

On January 26, 2023, Plaintiff moved for entry of a Clerk's Default against Diaz Guillen. ECF No. [141]. The Court directed the Clerk of the Court to issue a Clerk's Default against Diaz Guillen. ECF No. [152]. On February 7, 2023, the Clerk of the Court issued a default against Diaz Guillen. ECF No. [153].

### iii. Claims

The Amended Motion properly pleads two claims against Diaz Guillen for breach of fiduciary duty and unjust enrichment. In addition, the Amended Motion properly pleads the elements necessary for the imposition of a constructive trust.

#### a. Breach of Fiduciary Duty

Under Florida law, the elements of a breach of fiduciary duty claim are: "(1) the existence of a fiduciary duty, (2) the breach of that duty, and (3) damage proximately caused by that breach." *Treco Int'l S.A. v. Kromka*, 706 F. Supp. 2d 1283, 1288 (S.D. Fla. 2010) (internal quotations omitted; applying Florida law).

The Amended Motion alleges that Diaz Guillen, as the National Treasurer of Venezuela, owed a fiduciary obligation to Venezuela to administer and protect the sovereign funds deposited in accounts of the Oficina Nacional del Tesoro ("ONT")[4]. ECF No. [60] at SOF ¶ 21. It alleges that Diaz Guillen breached her fiduciary obligation by accepting bribes from regime insiders that allowed them to misappropriate Venezuelan funds from ONT accounts at the government preferential rate with impunity. *Id*. at SOF ¶ 21; *id.* at p. 15; ECF Nos. [60-5]; [60-11]. It also

---

[4] The "ONT" is the Venezuelan National Treasury.

alleges that Diaz Guillen's breach of duty directly and proximately caused damages to Venezuela. ECF No. [60] at SOF ¶ 22.

Therefore, the well-pled allegations in the Amended Motion, and its exhibits, properly allege a factual basis to support the elements for a breach of fiduciary duty claim against Diaz Guillen. Accordingly, entry of default judgment pursuant to Fed. R. Civ. P. 55(b) is appropriate against Diaz Guillen for breach of fiduciary duty.

    b. **Unjust Enrichment**

"To prevail on a cause of action for unjust enrichment, a plaintiff must show that: 1) a benefit was conferred on defendant, 2) defendant had knowledge of the benefit conferred, 3) defendant accepted and retained the benefit, and 4) it would be inequitable for defendant to retain the benefit without compensation to the plaintiff." *TracFone Wireless, Inc. v. Technopark Co.,* 281 F.R.D. 683, 690 (S.D. Fla. 2012) (citing *N.G.L. Travel Assocs. v. Celebrity Cruises, Inc.,* 764 So.2d 672, 675 (Fla. 3rd DCA 2000)).

The Amended Motion alleges that Venezuela conferred a benefit to Diaz Guillen by appointing her as the National Treasurer, which charged her with the fiduciary responsibility to administer and protect sovereign funds deposited in ONT accounts. ECF No. [60] at 15. It alleges that Diaz Guillen knowingly and voluntarily accepted the benefit and served as National Treasurer gaining access to ONT accounts. *Id*. It alleges that Diaz Guillen utilized her official position for her own pecuniary gain by accepting and retaining bribes from regime insiders that were derived from sovereign funds at the expense of Venezuela. *Id*. Finally, it alleges that it would be inequitable and unjust to allow Diaz Guillen to retain the misappropriated Venezuelan funds (or the properties that were purchased with those funds). *Id*.

Therefore, the well-pled allegations in the Amended Motion, and its exhibits, properly allege a factual basis to support the elements for an unjust enrichment claim against Diaz Guillen. Accordingly, entry of default judgment pursuant to Fed. R. Civ. P. 55(b) is appropriate against Diaz Guillen for unjust enrichment.

    c. **Constructive Trust**

The Amended Motion seeks the imposition of a constructive trust over the Properties as relief for the claims asserted. ECF No. [60]. The necessary elements for an imposition of a constructive trust are "(1) a promise, express or implied, (2) transfer of the property and reliance thereon, (3) a confidential relationship and (4) unjust enrichment." *Little v. White Diamond Int'l,*

*LLC*, No. 10-60109, 2010 WL 11602166, at *4 (S.D. Fla. Apr. 27, 2010) (quoting *Ben-Yishay v. Mastercraft Dev. LLC*, 553 F. Supp. 2d 1360, 1372 (S.D. Fla. 2008)).

The Amended Motion alleges that Diaz Guillen made a promise to manage the ONT, which is charged with the fiduciary responsibility to administer and protect Venezuelan funds deposited in ONT accounts. ECF No. [60] at p. 14. It alleges that Venezuela entrusted Diaz Guillen by granting her access to sovereign funds deposited in ONT accounts in reliance of her express promise. *Id*. It alleges that Diaz Guillen was in a confidential relationship with Venezuela because she acted as an official of the Venezuelan government. *Id*. It alleges that Diaz Guillen breached her express promise by accepting bribes from regime insiders and allowing them to misappropriate sovereign funds deposited in ONT accounts. ECF No. [60] at p. 15. Finally, as explained *supra*, it properly pleads an unjust enrichment claim against Diaz Guillen.

Moreover, "[t]he imposition of a constructive trust is an appropriate remedy for breach of fiduciary duty." *Republic of Haiti v. Crown Charters, Inc.*, 667 F. Supp. 839, 843 (Fla. S.D. 1987) (applying Florida law). Therefore, the well-pled allegations in the Amended Motion, and its exhibits, properly allege a factual basis to support the elements for the imposition of a constructive trust for Diaz Guillen's breach of fiduciary duty and unjust enrichment claims.

### iv. Relief

Plaintiff seeks entry of a default final judgment against Diaz Guillen awarding declaratory relief[5] establishing: (a) Plaintiff's claim for breach of fiduciary duty against Diaz Guillen; (b) Plaintiff's claim for unjust enrichment against Diaz Guillen; and (3) that Plaintiff properly pled the elements for a constructive trust in the breach of duty and unjust enrichment claims asserted against Diaz Guillen.

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this motion in the form proposed by (Ex. B) and issue a final default judgment against Impleaded Defendant Claudia Patricia Diaz Guillen in the form proposed by (Ex. C).

---

[5] 28 U.S.C. § 2201(a) (providing that district courts "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought"); *see also Sherwood Med. Indus., Inc. v. Deknatel, Inc.*, 512 F.2d 724, 729 (8th Cir. 1975) (providing that the statute should be liberally construed to accomplish its purpose of providing a speedy and inexpensive method of adjudicating legal disputes without invoking coercive remedies and that it is not to be interpreted in any narrow or technical sense").

Dated: April 14, 2023

Respectfully submitted,

**GAMARDO, P.A.**
1200 Brickell Avenue, Suite 750
Miami, Florida 33131
Tel: (305)542-6626

/s/ *Andres Gamardo*
Andres Gamardo, Esq.
Florida Bar No.: 1021165
Email: agamardo@gamardolaw.com
*Attorney for Casa Express Corp, as Trustee Of Casa Express Trust*

### CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1, undersigned counsel certifies that he conferred with counsel for Impleaded Defendants, Raul Gorrin Belisario, Planet 2 Reaching Inc., Posh 8 Dynamic Inc., RIM Group Investments Corp., RIM Group Investments I Corp., RIM Group Investments II Corp., RIM Group Investments III Corp., in good faith to resolve by agreement the issues raised in this Motion. Counsel to Impleaded Defendants advised that they object to the relief sought by this Motion. Undersigned counsel was unable to confer with Diaz Guillen because she has not appeared in this proceeding through counsel or otherwise.

### CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system. In addition, Plaintiff retained a process server to serve the foregoing on Claudia Patricia Diaz Guillen at Paul Rein Detention Facility located at 2421 NW 16th, Pompano Beach, FL 33069.

By: /s/ *Andres Gamardo*
Andres Gamardo, Esq.