UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 21-23103-CV-BLOOM/OTAZO-REYES

CASA EXPRESS CORP. as Trustee of
CASA EXPRESS TRUST,

 Judgment Creditor,

v.

BOLIVARIAN REPUBLIC OF
VENEZUELA,

 Judgment Debtor.
_____/

CASA EXPRESS CORP. as Trustee of
CASA EXPRESS TRUST,

 Plaintiff,

v.

RAUL GORRIN BELISARIO, et al.,

 Impleaded Defendants.
_____/

## REPORT AND RECOMMENDATION RE: D.E. 128

THIS CAUSE came before the Court upon Impleaded Defendant Raul Gorrin Belisario's ("Gorrin") Motion to Dismiss for Lack of Service or Personal Jurisdiction or Alternatively Motion to Quash Service (hereafter, "Motion to Dismiss or to Quash") [D.E. 128]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Beth Bloom, United States District Judge [D.E. 148]. The undersigned held a hearing on this matter on March 6, 2023 [D.E. 172].

Impleaded Defendants RIM Group Investments Corp., RIM Group Investments I Corp.,

RIM Group Investments II Corp., RIM Group Investments III Corp., Posh 8 Dynamic Inc., and Planet 2 Reaching Inc. (hereafter, "Respondent Entities") joined in Gorrin's personal jurisdiction challenge [D.E. 128 at 1]. Four of the Respondent Entities, namely, RIM Group Investments Corp., RIM Group Investments I Corp., RIM Group Investments II Corp., and RIM Group Investments III Corp. have withdrawn their personal jurisdiction challenges [D.E. 165 at 8]. For judicial efficiency, the undersigned addresses the pending personal jurisdiction defenses asserted by the other two Respondent Entities (Posh 8 Dynamic Inc. and Planet 2 Reaching Inc.) in the context of Plaintiff/Judgment Creditor Casa Express Corp. as Trustee of Casa Express Trust's ("Casa Express") Motion to Strike Affirmative Defenses [D.E. 154]. Thus, the undersigned limits this Report and Recommendation to Gorrin.

Having fully considered the parties' arguments and the pertinent portions of the record, the undersigned respectfully recommends that Gorrin's Motion to Dismiss or to Quash be GRANTED WITHOUT PREJUDICE.

## PROCEDURAL BACKGROUND

Casa Express commenced this action on August 27, 2021, by registering an Amended Final Judgment issued by the Southern District of New York against Judgment Debtor Bolivarian Republic of Venezuela ("Judgment Debtor" or "Venezuela") [D.E. 1]. On September 10, 2021, Casa Express filed its *Ex Parte* Expedited Motion to Commence Proceedings Supplementary, to Implead Defendants, and for Issuance of Statutory Notices to Appear ("Motion for Proceedings Supplementary"), invoking Rule 69(a) of the Federal Rules of Civil Procedure (hereafter, "Rule 69(a)") and Fla. Stat. § 56.29 [D.E. 3].[1]

---

[1] Rule 69(a) provides, in pertinent part: "A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal

Casa Express' Motion for Proceedings Supplementary was granted on September 14, 2021 [D.E. 4]. Thereafter, the Court issued Statutory Notices to Appear directed at Gorrin [D.E. 15] and to the Respondent Entities [D.E. 8–13]. The Statutory Notices advised Gorrin and the Respondent Entities that Casa Express seeks to satisfy the Amended Final Judgment in these proceedings supplementary, pursuant to Fla. Stat. § 56.29, by executing on the following properties variously titled in the Respondent Entities' names: 144 Isla Dorada Boulevard, Coral Gables, Florida 33143; 4100 Salzedo Street, Unit 1010, Coral Gables, Florida 33146; 4100 Salzedo Street, Unit 608, Coral Gables, Florida 33146; 4100 Salzedo Street, Unit 807, Coral Gables, Florida 33146; 4100 Salzedo Street, Unit 813, Coral Gables, Florida 33146; 4100 Salzedo Street, Unit 913, Coral Gables, Florida 33146; 18555 Collins Avenue, Unit 4401, Sunny Isles Beach, Florida 33160; and 7043 Fisher Island Dr., Unit 7043, Fisher Island, Florida 33109 (together, the "Properties") [D.E. 8–13, 15]. Casa Express alleges that these eight Properties

> were purchased by Gorrin (through shell entities) with misappropriated Venezuelan funds that he obtained through an illicit and corrupt foreign currency exchange scheme. Since misappropriated Venezuelan funds were used to acquire the real properties, the properties are subject to a constructive trust in favor of Venezuela, and . . . are subject to execution by Casa Express pursuant to 28 U.S.C. § 1610(c) and Florida Statute § 56.29.

See Motion for Proceedings Supplementary [D.E. 3 at 2]. As more fully discussed below, Casa Express relies on the report of its retained expert, Nelson Luis ("Mr. Luis"), to link the Properties to the Respondent Entities and the misappropriated Venezuelan funds. See Luis Expert Report [D.E. 3-11, 60-14].[2]

---

statute governs to the extent it applies." Fed. R. Civ. P. 69(a). Thus, Fla. Stat. § 56.29 governs these proceedings supplementary.

[2] Summons have also been issued and served on Venezuela as the Judgment Debtor via diplomatic channels; and a Clerk's Default has been entered against it [D.E. 38–41, 112]. A Clerk's Default has also been entered against Impleaded Defendants Alejandro Andrade Cedeno ("Andrade") and Claudia Patricia Diaz Guillen ("Diaz") [D.E. 113, 153]. Casa Express has now moved for the entry of final default judgment against Venezuela, Andrade, and Diaz [D.E. 149, 179].

3

On June 7, 2022, Casa Express filed a Motion to Amend its Motion for Proceedings Supplementary by interlineation to, *inter alia,* add jurisdictional allegations with respect to Gorrin in order to effectuate substitute service on him via the Florida Secretary of State, pursuant to Fla. Stat. § 48.181 (hereafter, "Motion to Amend") [D.E. 42]. On September 2, 2022, the undersigned granted Casa Express' Motion to Amend [D.E. 59] and, that same day, Casa Express filed its Amended Motion for Proceedings Supplementary [D.E. 60]. On September 7, 2022, the Court granted Casa Express' Amended Motion for Proceedings Supplementary [D.E. 62] and issued Statutory Notices to Appear directed at the Respondent Entities [D.E. 63–69, 71]. On September 8, 2022, the Court issued an Amended Statutory Notice to Appear directed at Gorrin [D.E. 76]. On December 22, 2022, Casa Express filed a return of service of the Amended Statutory Notice to Appear and other papers on Gorrin by way of substitute service made on the Florida Secretary of State on December 16, 2022 [D.E. 114].[3]

On December 27, 2022, Gorrin and the Respondent Entities moved for an extension of time, until January 13, 2023, to respond to the Amended Motion for Proceedings Supplementary and the Statutory Notices to Appear [D.E. 116], which request was granted [D.E. 117].[4] A further seven-day extension was later granted, making the response date January 20, 2023 [D.E. 120, 121].

On January 19, 2023, Casa Express filed a Declaration of Compliance with Fla. Stat. § 48.181 signed by its counsel, Andres Gamardo (hereafter, "Gamardo Declaration"), in support of the reported substitute service on Gorrin [D.E. 124]. Gamardo avers that, on December 12, 2022, Casa Express attempted service on Gorrin at his last known address, 144 Isla Dorada Boulevard, Coral Gables, Florida 33143, which is one of the Properties; and that, on December 16, 2022, the Florida Secretary of State accepted service on behalf of Gorrin. See Gamardo Declaration [D.E.

---

[3] The Court did not require Casa Express to re-serve the Respondent Entities [D.E. 105 at 6].
[4] Gorrin reserved the right to challenge the adequacy of service of process [D.E. 116 at 2 n.1].

124 ¶¶ 20, 21]. Gamardo also avers that Casa Express mailed a copy of the process to Gorrin at the Isla Dorada address via certified mail and to his business address in Venezuela, where he purportedly works in person several days a week, relying on Gorrin's earlier and successful Motion to Vacate Clerk's Default [D.E. 101 at 13]. Id. ¶ 22. Finally, Gamardo states that he believes that Casa Express made a diligent effort to effectuate service of process on Gorrin. Id. ¶ 24.

On January 20, 2023, Gorrin and the Respondent Entities filed their Affidavit in Response to the Notices to Appear and Memorandum in Opposition to the Amended Motion for Proceedings Supplementary (hereafter, "Affidavit" and "Memorandum") [D.E. 127, 130 (same)]. The Affidavit is in the form of a Declaration by Gorrin under 28 U.S.C. § 1746 (hereafter, "Gorrin Declaration") [D.E. 127-2, 128-3, 129 (same)].[5]

Also on January 20, 2023, Gorrin filed the instant Motion to Dismiss or to Quash [D.E. 128]. Gorrin argues that Casa Express' impleader action against him should be dismissed for improper service or that service should be quashed because Florida's substitute service law is inapplicable; and, even if applicable, Casa Express failed to comply with its statutory requirements. With regard to federal methods of service, Gorrin argues that Casa Express failed to comply with Fed. R. Civ. P. 4(f)(1) (hereafter, "Rule 4(f)(1)") because it did not serve him under the Hague Convention, to which both the United States and Venezuela are signatories;[6] and that

---

[5] Casa Express has moved to strike part of the Gorrin Declaration, pursuant to the fugitive disentitlement doctrine, given Gorrin's designation by the Department of Homeland Security as a most-wanted fugitive from prosecution in a pending criminal case against him in this jurisdiction, U.S. v. Gorrin Belisario, S.D. Fla. No. 18-cr-80160-WPD (hereafter, "Case 18-cr-80160"). See Casa Express' Motion to Strike [D.E. 155]. Specifically, Casa Express seeks to strike paragraph 3 of the Gorrin Declaration, wherein Gorrin denies the criminal allegations and criminal charges against him, as set forth in the Superseding Indictment against him at D.E. 44 in Case 18-cr-80160. Id. at 2–3. The undersigned addresses Casa Express' Motion to Strike by separate order and, for purposes of this Report and Recommendation, disregards the objected to portion of the Gorrin Declaration.

[6] Gorrin does not invoke Fed. R. Civ. P. 4(f)(2), which governs service in the absence of an international agreement. See Motion to Dismiss or to Quash [D.E. 128 at 10].

5

service pursuant to Fed. R. Civ. P. 4(f)(3) (hereafter, "Rule 4(f)(3)") is not available to Casa Express absent court approval, but that such approval is generally declined if the Hague Convention applies absent specific justifications that are not present here.[7]  Finally, Gorrin argues that Casa Express fails to adequately allege personal jurisdiction over him in its Amended Motion for Proceedings Supplementary.

Casa Express initially challenges Gorrin's Motion to Dismiss or to Quash as untimely and improper.  Casa Express further contends that Florida substitute service on Gorrin was effective notwithstanding its non-compliance with the provisions for foreign service under the Hague Convention pursuant to Rule 4(f)(1).  Alternatively, Gorrin seeks leave of court to serve Gorrin under the Hague Convention via email pursuant to Rule 4(f)(3).  Finally, Casa Express contends that the Court has specific personal jurisdiction over Gorrin.

As more fully discussed below, the undersigned concludes that substitute service on Gorrin was improper and should be quashed, in that it bypassed even an attempt to serve Gorrin under the Hague Convention.  The undersigned further concludes that the Court lacks personal jurisdiction over Gorrin in these proceedings supplementary.  Accordingly, the undersigned recommends that the Motion to Dismiss or to Quash be granted without prejudice to give Casa Express another opportunity to serve Gorrin and to allege sufficient facts to support the Court's assertion of specific personal jurisdiction over him.

---

[7] Gorrin also argues that service of process on him is null and void by operation of the Office of Foreign Assets Control ("OFAC") regulations regarding "blocked" properties.  Casa Express acknowledges that the Properties are blocked and that it does not have an OFAC license.  See Response to Motion to Dismiss or to Quash (hereafter, "Response") [D.E. 159 at 12].  However, the undersigned does not find Gorrin's argument dispositive at this juncture, given that the pertinent OFAC regulations only prohibit, absent an OFAC license, "any judicial process purporting to transfer or otherwise alter or affect property or interests in property" that is blocked, 31 C.F.R. § 591.407, and that Casa Express has proffered correspondence from OFAC indicating that this "litigation would not appear to require a license from OFAC" [D.E. 50-2 at 2].

6

### THRESHOLD ARGUMENTS REGARDING THE TIMELINESS AND PROPRIETY OF GORRIN'S MOTION TO DISMISS OR TO QUASH

Casa Express argues that, as a threshold matter, Gorrin's Motion to Dismiss or to Quash should be denied because he filed the Affidavit and Memorandum as an initial responsive pleading [D.E. 127] ahead of the Motion to Dismiss or to Quash [D.E. 128]. According to Casa Express, this resulted in a waiver of the service of process and personal jurisdiction defenses presented in the Motion to Dismiss or to Quash pursuant to Rule 12(b) of the Federal Rules of Civil Procedure (hereafter, "Rule 12(b)"), which provides that "[a] motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). However, Gorrin did challenge the assertion of personal jurisdiction over him explicitly in the Affidavit and Memorandum, arguing that: "The Court Lacks Personal Jurisdiction Over Respondents for Failure of Service on Gorrin and Lack of Connexity" [D.E. 127 at 15]. Moreover, the foregoing statement in the Affidavit and Memorandum also references service of process on Gorrin and he goes on to challenge the adequacy of Casa Express' substitute service on him under Florida law in light of the Hague Convention requirements. Id. at 15–16.

Casa Express also argues that the Motion to Dismiss or to Quash is an inappropriate vehicle in these proceedings supplementary, given that the Court has granted it leave to commence them. However, "an order allowing impleader of third parties under [Fla. Stat.] section 56.29 does no more than allow third parties to be sued, and does not determine any substantive rights." NTS Fort Lauderdale Off. Joint Venture v. Serchay, 710 So. 2d 1027, 1028 (Fla. 4th DCA 1998).

Thus, the undersigned finds no merit in Casa Express' threshold arguments and proceeds to address the challenges to service of process and personal jurisdiction in Gorrin's Motion to Dismiss or to Quash.

## SERVICE OF PROCESS ON GORRIN

As previously noted, Casa Express has filed the Gamardo Declaration in support of its reported substitute service on Gorrin, pursuant to Fla. Stat. § 48.181. Gorrin challenges this statement of compliance with respect to the diligence and technical requirements of Florida's substitute service statute. Gorrin further argues that, even if these objections are overruled, substitute service on Gorrin under Florida law was improper due to Casa Express' admitted failure to even attempt service under the Hague Convention.

With regard to Fla. Stat. § 48.181's diligence requirement, as documented in the Gamardo Declaration, Casa Express: attempted personal service on Gorrin at his last known address in Florida; and mailed copies of the process to Gorrin at that address and at his business address in Venezuela, where he claims to work in person several days a week. Given these efforts, and in light of Gorrin's status as a most-wanted fugitive, the undersigned finds that Casa Express has exercised the due diligence required under Florida's substitute service statute.

Gorrin also argues that Casa Express' Declaration of Compliance with Fla. Stat. § 48.181 is untimely under Fla. Stat. § 48.161(1), and incomplete. With regard to timeliness, Casa Express' Declaration of Compliance with Fla. Stat. § 48.181 was filed on January 19, 2023, which was one day prior to the January 20, 2023, extended deadline for Gorrin to file his Affidavit and Memorandum. Thus, Casa Express complied with Fla. Stat. § 48.161(1)'s requirement that the declaration of compliance must be filed "before the return day of the process or within such time as the court allows". Fla. Stat. § 48.161(1). With regard to completeness, Casa Express did attach a certified mail receipt, documenting the mailing of copies of the process to Gorrin at the Isla Dorada address. Therefore, the undersigned finds no merit in Gorrin's technical non-compliance arguments with respect to Florida substitute service.

Gorrin more substantively argues that the proper method of service on him would be under the Hague Convention pursuant to Rule 4(f)(1), given that the United States and Venezuela are both signatories to the Hague Convention.[8] Casa Express counters that service pursuant to the Hague Convention is unavailable because the Venezuelan government that is recognized by the United States has not designated a central authority to process service requests. Casa Express further argues that compelling it "to attempt service with the officials appointed by [current Venezuelan President] Nicolas Maduro's illegitimate regime would violate the political question doctrine by second-guessing the executive's decision to derecognize a foreign government." See Response [D.E. 159 at 5]. Specifically, Casa Express contends that:

> The only possible avenue to effect process under the Hague Convention is through purported officials of Maduro's illegitimate regime. The Court cannot compel Plaintiff to effect service of process through the officials of the illegitimate regime without impliedly affirming their authority to represent and act on behalf of Venezuela. Such a decision would violate the political question doctrine and the separation of powers prescribed by the U.S. Constitution.

Id. at 7. Casa Express further argues that, even if compelled to procure service of process on Gorrin, such efforts would be futile because it "has been unable to find a single instance where the illegitimate Central Authority provided a certificate of service within the last three years." Id. at 8 (citing various cases where parties sought leave to effectuate alternate service after waiting several months for a response from the Central Authority).

However, Casa Express' invocation of the political question doctrine vis-à-vis Venezuela's Central Authority and its claims of futility do not excuse its failure to have at least attempted service on Gorrin through the Hague Convention. See Saint-Gobain Performance Plastics Europe

---

[8] Rule 4(f)(1) provides that an individual may be served outside the United States "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents". Fed. R. Civ. P. 4(f)(1).

v. Bolivarian Republic of Venezuela, 23 F.4th 1036, 1041–42 (D.C. Cir. 2022) (rejecting the concept that Venezuela's Central Authority is the Venezuelan State and concluding that "claims of inconvenience do not affect how the courts are required by Supreme Court precedent to interpret the [Hague] Convention"). Therefore, the undersigned concludes that Casa Express must have, at a minimum, attempted service on Gorrin under the Hague Convention. Because Casa Express has bypassed service under the Hague Convention, its alternative request to serve Gorrin via email pursuant to Rule 4(f)(3), which provides for foreign service "by other means not prohibited by international agreement, as the court orders", Fed. R. Civ. P. 4(f)(3), is premature. Int'l Designs Corp., LLC v. Qingdao SeaForest Hair Prods. Co., Ltd., No. 17-60431-CIV-MORENO, 2018 WL 2364297, at *4 (S.D. Fla. Jan. 4, 2018) (declining to authorize alternate service pursuant to Rule 4(f)(3) due to the absence of a reasonable prior attempt to effectuate service under the Hague Convention).

Thus, the undersigned recommends that Casa Express be afforded an opportunity to effectuate service on Gorrin under the Hague Convention, pursuant to Rule 4(f)(1); and, if such efforts are unsuccessful after a reasonable period, to seek leave to serve him via email pursuant to Rule 4(f)(3).

## **PERSONAL JURISDICTION OVER GORRIN**

Casa Express alleges in its Amended Motion for Proceedings Supplementary that "Gorrin operated, conducted, engaged in, or carried on a business or venture in Florida." See Amended Motion for Proceedings Supplementary [D.E. 60 ¶ 34]. Casa Express further alleges that "Gorrin (through shell entities) rented the [Properties] that were purchased with misappropriated Venezuelan funds to generate monthly cashflow and listed them for sale at higher prices than acquired for the purpose of realizing a profit." Id. According to Casa Express, Gorrin thereby

"commit[ed] a tortious act within the state (*i.e.* wrongful participation in a breach of trust)". See Response [D.E. 159 at 13]. Casa Express contends that its allegations satisfy the requirements for assertion of specific personal jurisdiction over Gorrin under two prongs of the Florida long-arm statute, namely:

> 1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
>
> 2. Committing a tortious act within this state.

Fla. Stat. § 48.193(1)(a)(1)–(2).

With regard to the first prong, Casa Express has made the allegation that "Gorrin operated, conducted, engaged in, or carried on a business or venture in Florida," see Amended Motion for Proceedings Supplementary [D.E. 60 ¶ 34], in a conclusory fashion and without any factual support to connect him with the real estate activities of the Respondent Entities. Such "vague and conclusory allegations" do not satisfy Casa Express' initial pleading burden. Catalyst Pharms., Inc. v. Fullerton, 748 F. App'x 944, 946 (11th Cir. 2018). Moreover, the Luis Expert Report, upon which Casa Express relies, only proffers the opinion that the Respondent Entities "that are owned or controlled by Gorrin continue to hold the title to [the Properties]." See Luis Expert Report [D.E. 60-14 ¶ 26]. Finally, Casa Express argues that a screenshot from public record listings proves that Gorrin conducted business in Florida. See Response [D.E. 159 at 13]. However, the referenced screenshot is simply a download from the website Zillow showing real estate activity for the Properties [D.E. 60-1]. Thus, Casa Express has not met its burden of alleging or presenting "sufficient facts to make out a prima facie case" of specific personal jurisdiction over Gorrin based on conducting business in Florida.

In any event, under either prong of the Florida long-arm statute, the assertion of specific personal jurisdiction "requires a connection or 'connexity' between the enumerated activity in

11

Florida and the cause of action." Knepfle v. J-Tech Corp., 48 F.4th 1282, 1292 (11th Cir. 2022).

Casa Express relies on the following opinion in the Luis Expert Report to establish this connexity:

> Based on information presented by OFAC, starting in 2008, Gorrin was involved in a corrupt foreign currency exchange scheme, where the proceeds of such scheme were invested in real estate, among other assets; Gorrin and others used a network of corporate entities to obfuscate the beneficial ownership of such real estate or other assets; and such corporate entities used by Gorrin and others include the [Respondent] Entities. Relying on OFAC's findings, such properties were acquired using misappropriated Venezuelan funds.

See Luis Expert Report [D.E. 60-14 ¶ 27]. However, while the referenced OFAC information lists the Respondent Entities, it makes no specific mention of the Properties. See OFAC Press Release, Exhibit A to Luis Expert Report [D.E. 60-14 at 16–21]. Mr. Luis attempts to close this loop by noting the inclusion of the Properties in the forfeiture section of the indictment in *U.S. v. Gorrin Belisario*, S.D. Fla. No. 18-cr-80160-WPD. See Luis Expert Report [D.E. 60-14 ¶ 25]. However, as acknowledged by Mr. Luis, the Properties are only listed as "substitute property under the provisions of Title 21, United States Code, Section 853(p)". See Superseding Indictment [Case No. 18-cr-80160, D.E. 44 at 18–19]. This provision allows the government to "seize any other property of the defendant, up to the value of the tainted property—rather than the tainted property itself." Honeycutt v. United States, 581 U.S. 443, 452 (2017) (citing 21 U.S.C. § 853(p)(2)) (internal quotation marks omitted). Thus, a necessary link in the chain between the Properties and the alleged use of Venezuelan misappropriated funds to purchase them remains open. Hence, even assuming the imputation of the Respondent Entities' activities in Florida to Gorrin, Casa Express has failed to satisfy the connexity requirement between the alleged activities in Florida and its claim for the imposition of a constructive trust upon the Properties. Knepfle, 48 F.4th at 1292. Accordingly, Casa Express' allegations are insufficient to support the Court's assertion of specific personal jurisdiction over Gorrin.

**RECOMMENDATION**

Based on the foregoing considerations, the undersigned respectfully recommends that Gorrin's Motion to Dismiss or to Quash be GRANTED WITHOUT PREJUDICE and that Casa Express be afforded an opportunity to re-serve Gorrin and to allege sufficient facts to support the assertion of personal jurisdiction over him.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Beth Bloom, United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida this 18th day of April, 2023.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:   United States District Judge Beth Bloom
      Counsel of Record