UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 21-23103-CV-BLOOM/OTAZO-REYES

CASA EXPRESS CORP. as Trustee of
CASA EXPRESS TRUST,

 Judgment Creditor,

v.

BOLIVARIAN REPUBLIC OF
VENEZUELA,

 Judgment Debtor.
_____/

CASA EXPRESS CORP. as Trustee of
CASA EXPRESS TRUST,

 Plaintiff,

v.

RAUL GORRIN BELISARIO, et al.,

 Impleaded Defendants.
_____/

## REPORT AND RECOMMENDATION RE: D.E. 154

 THIS CAUSE came before the Court upon Plaintiff/Judgment Creditor Casa Express Corp. as Trustee of Casa Express Trust's ("Casa Express") Motion to Strike Respondents RIM Group Investments Corp., RIM Group Investments I Corp., RIM Group Investments II Corp., RIM Group Investments III Corp., Posh 8 Dynamic Inc., Planet 2 Reaching Inc., and Raul Gorrin Belisario ("Gorrin")'s (collectively, "Respondents") Affirmative Defenses (hereafter, "Motion to Strike") [D.E. 154]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Beth Bloom, United States District Judge [D.E. 148]. The undersigned held a hearing

on this matter on March 6, 2023 (hereafter, "Hearing") [D.E. 172]. For the reasons stated below, the undersigned respectfully recommends that Casa Express' Motion to Strike be GRANTED IN PART.

## PROCEDURAL BACKGROUND

On August 27, 2021, Casa Express commenced this action by registering an Amended Judgment issued by the Southern District of New York against Judgment Debtor Bolivarian Republic of Venezuela ("Judgment Debtor" or "Venezuela") [D.E. 1]. On September 10, 2021, Casa Express filed an *Ex Parte* Motion to Commence Proceedings Supplementary, to Implead Defendants, and for Issuance of Statutory Notices to Appear (hereafter, "Motion for Proceedings Supplementary") [D.E. 3], which the Court granted on September 14, 2021 [D.E. 4]. On November 4, 2021, RIM Group Investments Corp., RIM Group Investments I Corp., RIM Group Investments II Corp., RIM Group Investments III Corp., Posh 8 Dynamic Inc., and Planet 2 Reaching Inc. filed a Memorandum in Opposition to Casa Express' Motion for Proceedings Supplementary [D.E. 33]; and on November 11, 2021, Casa Express filed its Reply [D.E. 37].

On June 7, 2022, Casa Express filed a Motion for Leave to Amend by Interlineation the Motion for Proceedings Supplementary (hereafter, "Motion to Amend") [D.E. 42]. On September 2, 2022, the undersigned granted Casa Express' Motion to Amend [D.E. 59] and, that same day, Casa Express filed its Amended Motion for Proceedings Supplementary [D.E. 60]. On September 7, 2022, the Court granted Casa Express' Amended Motion for Proceedings Supplementary [D.E. 62]. On January 20, 2023, Respondents filed an Affidavit and Memorandum in Opposition to the Amended Motion for Proceedings Supplementary (hereafter, "Affidavit" and "Memorandum") [D.E. 127, 130 (same)]. The Affidavit is in the form of a Declaration by Gorrin under 28 U.S.C. § 1746 (hereafter, "Gorrin Declaration") [D.E. 127-2, 128-3, 129 (same)].

On February 10, 2023, Casa Express filed the instant Motion to Strike [D.E. 154], along with its Reply to the Affidavit and Memorandum [D.E. 156].[1]  In its Motion to Strike, Casa Express seeks to strike the following defenses asserted by Respondents in their Affidavit and Memorandum:

- The Property is Immune from Attachment and Execution Under the [Foreign Sovereign Immunities Act] ("FSIA") (hereafter, "First Affirmative Defense");

- The Motion Should Be Dismissed for Failure to Join an Indispensable Party (hereafter, "Sixth Affirmative Defense");

- The Court Lacks Personal Jurisdiction Over Respondents for Failure of Service on Gorrin and Lack of Connexity (hereafter, "Seventh Affirmative Defense");[2]

- Casa Has Not Satisfied the Florida Statutory Requirements for Filing its Motion (hereafter, "Eighth Affirmative Defense");

- This Court Lacks Ancillary Jurisdiction Over This Action (hereafter, "Ninth Affirmative Defense"); and

- The Judgment Against Venezuela is Void for Lack of Proper Service (hereafter, "Tenth Affirmative Defense").

See Affidavit and Memorandum [D.E. 127 at 3, 14–17].  On February 24, 2023, Respondents filed their Response in Opposition to the Motion to Strike (hereafter, "Response") [D.E. 165], wherein they withdrew their Seventh Affirmative Defense as to RIM Group Investments Corp., RIM Group Investments I Corp., RIM Group Investments II Corp., and RIM Group Investments III Corp.; and

---

[1] Casa Express also filed a Motion to Strike Gorrin's Denial of the Criminal Charges and Allegations Pending Against Him in Parallel Criminal Proceedings [D.E. 155], as set forth in paragraph 3 of the Gorrin Declaration [D.E. 127-2, 128-3, 129 (same)].  The undersigned addresses this motion to strike by separate order.

[2] Casa Express excluded Gorrin from its Motion to Strike the Seventh Affirmative Defense, as "the Court's personal jurisdiction over [Gorrin] will likely be settled in [Respondents'] separately filed [Motion to Dismiss for Lack of Service or Personal Jurisdiction or Alternatively Motion to Quash Service] [D.E. 128]." See Motion to Strike [D.E. 154 at 4 n.3].  Indeed, the undersigned addresses personal jurisdiction as to Gorrin in a separate Report and Recommendation.

3

withdrew their Tenth Affirmative Defense without prejudice.[3]  Accordingly, the undersigned limits this Report and Recommendation to Respondents' First, Sixth, Seventh, Eighth, and Ninth Affirmative Defenses; and, with regard to Respondents' Seventh Affirmative Defense, to Planet 2 Reaching Inc. and Posh 8 Dynamic Inc. only.

## APPLICABLE LAW

Rule 12(f) of the Federal Rules of Civil Procedure (hereafter, "Rule 12(f)") provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" upon its own accord or on motion made by a party.  See Fed. R. Civ. P. 12(f).  "The purpose of a motion to strike is to clean up the pleadings, remove irrelevant or otherwise confusing materials, and avoid unnecessary forays into immaterial matters."  Blake v. Batmasian, 318 F.R.D. 698, 700 (S.D. Fla. 2017).  "Granting a motion to strike is a drastic remedy and is disfavored by the courts."  Id. (citing Nash v. O.R. Colan Grp., LLC, No. 12-60759-CIV, 2012 WL 4338817, *1 (S.D. Fla. Sept. 20, 2012)).  A motion to strike will therefore only be granted "if the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party."  Id. (citing 2 James W. Moore et al., Moore's Federal Practice ¶ 12.21[2], at 2317 (2d ed. 1992)).

## DISCUSSION

As noted above, Casa Express seeks to strike Respondents' First, Sixth, Seventh, Eighth, and Ninth Affirmative Defenses.  The undersigned addresses each defense in turn.

---

[3] Respondents initially argue that Casa Express' Motion to Strike should be summarily denied for lack of standing to commence these proceedings supplementary.  See Response [D.E. 165 at 1–4].  Respondents claim that "[b]ecause standing to sue implicates jurisdiction, a court must satisfy itself that the plaintiff has standing before proceeding to consider the merits of [the] claim, no matter how weighty or interesting."  Id. at 2 (citing Gardner v. Mutz, 962 F.3d 1329, 1338–40 (11th Cir. 2020)).  Given that Casa Express is not challenging Respondents' Fourth Affirmative Defense for lack of standing [D.E. 127 at 9–12], the undersigned finds no impediment, at this juncture, to addressing the merits of the affirmative defenses that have been challenged.

### *1. First Affirmative Defense—Immunity from Attachment under the FSIA*

Casa Express argues that Respondents lack standing to raise the defense of immunity from attachment under the FSIA as it is a defense that may only be asserted by Venezuela, who has yet to appear in this action. See Motion to Strike [D.E. 154 at 2]. However, Respondents contend that "there is no standing requirement for raising the FSIA immunity of sovereigns . . . [as] 'courts have an obligation to consider subject matter jurisdiction *sua sponte*'". See Response [D.E. 165 at 6] (quoting Vera v. Banco Bilbao Vizcaya Argenteria, S.A., 946 F.3d 120, 135 (2d Cir. 2019)). Indeed, "[t]o the extent that a court has the power, or even duty, to consider a question *sua sponte,* it is hardly necessary to speak of 'third-party standing' . . . [as] the FSIA, by its terms, authorizes consideration of sovereign immunity from both jurisdiction and execution even in the absence of an appearance by the sovereign." Walters v. Indus. and Com. Bank of China, Ltd., 651 F.3d 280, 292–93 (2d Cir. 2011) (citing Walker Int'l Holdings Ltd. v. Republic of Congo, 395 F.3d 229, 233 (5th Cir. 2004)).

To that end, Casa Express' reliance on Rubin v. Islamic Republic of Iran, 408 F. Supp. 2d 549 (N.D. Ill. 2005) is misplaced. In Rubin, the Northern District of Illinois held that "Section 1609 of the FSIA is an affirmative defense that only the foreign state has standing to invoke." Id. at 555. However, the Seventh Circuit later held that "[t]his ruling fail[ed] to give effect to the statutory text: '[T]he property in the United States of a foreign state *shall* be immune from attachment arrest and execution *except* as provided in sections 1610 and 1611 of this chapter.'" Rubin v. The Islamic Republic of Iran, 637 F.3d 783, 799 (7th Cir. 2011) (emphasis in original) (quoting 28 U.S.C. § 1609). In reversing the Northern District of Illinois, the Seventh Circuit reasoned that "the statute cloaks the foreign sovereign's property with a presumption of immunity from attachment and execution unless an exception applies"; therefore, "the immunity does not

depend on the foreign state's appearance in the case [but rather] inheres in the property itself, and the court must address it regardless of whether the foreign state appears and asserts it." Id.[4]

Thus, the undersigned concludes that Venezuela's non-appearance in this action does not preclude Respondents from raising the issue of sovereign immunity; and recommends that Respondents' First Affirmative Defense not be stricken for lack of standing.

### 2. *Sixth Affirmative Defense—Dismissal for Failure to Join an Indispensable Party*

Casa Express further argues that Respondents' Sixth Affirmative Defense, alleging failure to join a necessary and indispensable party under Federal Rule of Civil Procedure 19 ("Rule 19"), is "redundant and patently frivolous because the record conclusively establishes that Venezuela is (and has been) a party to this proceeding." See Motion to Strike [D.E. 154 at 4].[5] Respondents counter that "Venezuela cannot be impleaded in this action because it is immune pursuant to the FSIA." See Response [D.E. 165 at 7]. Thus, the crux of Respondents' Sixth Affirmative Defense is that it is not feasible to join Venezuela under Rule 19(b) because it is immune from suit, notwithstanding Casa Express having filed proof of service of process on Venezuela via diplomatic channels.

The undersigned does not find that Respondents' Sixth Affirmative Defense is patently frivolous because, as noted above with respect to Respondents' First Affirmative Defense, this Court has an obligation to consider whether Venezuela is immune from suit under the FSIA. See also Aquamar, S.A. v. Del Monte Fresh Produce N.A., Inc., 179 F.3d 1279, 1290 (11th Cir. 1999) ("When the court's jurisdiction rests on the presence of the foreign sovereign, however, the court may address the issue independently."). This inquiry will necessarily bear on the feasibility of

---

[4] The Seventh Circuit specifically reversed "the district court's general-asset discovery order and its earlier order requiring Iran to appear and affirmatively plead § 1609 immunity". Rubin, 637 F.3d at 801.

[5] Casa Express filed proof of service of process on Venezuela via diplomatic channels [D.E. 41] and has since moved for the entry of final default judgment against Venezuela [D.E. 149].

6

joining Venezuela under Rule 19(b), as the "case may not proceed when a required-entity sovereign is not amenable to suit." See Republic of Philippines v. Pimentel, 553 U.S. 851, 867–68 (2008) ("Rule 19 cannot be applied in a vacuum, and it may require some preliminary assessment of the merits of certain claims.").

Thus, given its intersection with Respondents' assertion of Venezuela's sovereign immunity, the undersigned recommends that Respondents' Sixth Affirmative Defense not be stricken based on frivolousness.

### 3. Seventh Affirmative Defense—Lack of Personal Jurisdiction

Casa Express next argues that Respondents' Seventh Affirmative Defense, alleging lack of personal jurisdiction, should be stricken as patently frivolous and legally insufficient because Respondents have "indisputably waived [the defense] by their substantial participation in this proceeding." See Motion to Strike [D.E. 154 at 4]. As noted above, RIM Group Investments Corp., RIM Group Investments I Corp., RIM Group Investments II Corp., and RIM Group Investments III Corp. withdrew this defense; and the undersigned addresses personal jurisdiction as to Gorrin in a separate Report and Recommendation. Accordingly, the undersigned limits the analysis of this affirmative defense to Planet 2 Reaching Inc. and Posh 8 Dynamic Inc.

It is undisputed that Planet 2 Reaching Inc. and Posh 8 Dynamic Inc. did not raise this defense in response to Casa Express' initial Motion for Proceedings Supplementary. See Memorandum in Opposition to Motion for Proceedings Supplementary [D.E. 33]. Nevertheless, Planet 2 Reaching Inc. and Posh 8 Dynamic Inc. argue that the operative pleading in this case is the Amended Motion for Proceedings Supplementary, in response to which "[they] immediately raised personal jurisdiction" as a defense. See Response [D.E. 165 at 9]. However, as argued by Casa Express, "the filing of an amended complaint does not automatically revive all defenses or

7

objections that the defendant may have waived in response to the initial complaint", particularly when the amended pleading does not "change the theory or scope of the case". See Krinsk v. SunTrust Banks, Inc., 654 F.3d 1194, 1202 (11th Cir. 2011). In fact, the Motion for Proceedings Supplementary was amended to include jurisdictional allegations to effect service of process on Gorrin; and to implead Impleaded Defendant Claudia Patricia Diaz Guillen. See Motion to Amend [D.E. 42]; Amended Motion for Proceedings Supplementary [D.E. 60]. The Amended Motion for Proceedings Supplementary did not otherwise change the "theory or scope of the case" as to Planet 2 Reaching Inc. and Posh 8 Dynamic Inc.

Thus, Planet 2 Reaching Inc. and Posh 8 Dynamic Inc. waived their lack of personal jurisdiction defense by failing to assert it in their initial responsive pleading; and Respondents' Seventh Affirmative Defense should be stricken as to Planet 2 Reaching Inc. and Posh 8 Dynamic Inc.

### 4. *Eighth Affirmative Defense—Failure to Satisfy Statutory Requirements*

Casa Express further argues that Respondents' Eighth Affirmative Defense, alleging that Casa Express failed to satisfy the requirements to commence a supplementary proceeding, is "redundant, legally insufficient, and patently frivolous." See Motion to Strike [D.E. 154 at 5–6]. Although Respondents maintain that Casa Express was required to obtain a writ of execution and file an affidavit attesting that the writ is unsatisfied in compliance with Fla. Stat. § 56.29(1) and prevailing case law, see Response [D.E. 165 at 10], Casa Express notes that the statute, as amended, no longer requires a writ of execution. See Motion to Strike [D.E. 154 at 5]. Moreover, Casa Express argues that in granting its Motions for Proceedings Supplementary [D.E. 3, 60], the Court "expressly ruled" that Casa Express was "in compliance with the statutory prerequisites prescribed by Fla. Stat. § 56.29(1)." Id. (citing Order [D.E. 62 ¶ 1]); see also Order [D.E. 4 at 3]

("Casa Express has demonstrated that it holds an unsatisfied judgment against Defendant and has submitted a sufficient affidavit averring that the judgment is valid and unsatisfied. . . . Thus, Casa Express has satisfied the statutory prerequisites of § 56.29(1) and is entitled to the commencement of proceedings supplementary.").

In light of the Court's prior rulings regarding Casa Express' satisfaction of the statutory prerequisites of Fla. Stat. § 56.29(1) and the sufficiency of its affidavit, the undersigned concludes that Respondents' Eighth Affirmative Defense should be stricken as legally insufficient.

### 5. *Ninth Affirmative Defense—Lack of Ancillary Subject Matter Jurisdiction*

Finally, Casa Express argues that Respondents' Ninth Affirmative Defense alleging lack of ancillary subject matter jurisdiction should be stricken because this Court "indisputably possesses jurisdiction to enforce [Casa Express'] judgment and over this action" for the following reasons: Casa Express "registered its Judgment in this District pursuant to 28 U.S.C. § 1693"; and the FSIA confers federal question jurisdiction over this proceeding as it relates to Venezuela, who purportedly waived its immunity by executing various Fiscal Agency Agreements. See Motion to Strike [D.E. 154 at 6–7]. However, Respondents contend that, while Casa Express' registration of its Judgment may confer jurisdiction over Venezuela, it does not provide a basis for exercising ancillary subject matter jurisdiction over Respondents "based on different theories of liability". See Response [D.E. 165 at 12] (citing Peacock v. Thomas, 516 U.S. 349 (1996)).  Moreover, Respondents note that Casa Express "fails to explain how Venezuela's alleged waiver equates to jurisdiction over [them]". Id.

The undersigned concludes that Respondents' Ninth Affirmative Defense, insofar as it relates to this Court's exercise of subject matter jurisdiction over Respondents, should not be stricken as patently frivolous because "the Court must always ensure that it has jurisdiction".

9

Marino v. Broward Sheriff's Off., No. 20-60980-CIV, 2021 WL 9347050, at *3 (S.D. Fla. Dec. 6, 2021).

## RECOMMENDATION

Based on the foregoing considerations, the undersigned respectfully recommends that Casa Express' Motion to Strike Affirmative Defenses [D.E. 154] be GRANTED IN PART as to Respondents' Seventh Affirmative Defense, alleging lack of personal jurisdiction over Planet 2 Reaching Inc. and Posh 8 Dynamic Inc.; and Respondents' Eighth Affirmative Defense, alleging failure to satisfy the statutory prerequisites for commencing proceedings supplementary; and that it be otherwise DENIED.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Beth Bloom, United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida this 18th day of April, 2023.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: United States District Judge Beth Bloom
     Counsel of Record