UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 21-23103-CV-BLOOM/OTAZO-REYES

CASA EXPRESS CORP. as Trustee of
CASA EXPRESS TRUST,

    Judgment Creditor,

v.

BOLIVARIAN REPUBLIC OF
VENEZUELA,

    Judgment Debtor.
_____/

CASA EXPRESS CORP. as Trustee of
CASA EXPRESS TRUST,

    Plaintiff,

v.

RAUL GORRIN BELISARIO, et al.,

    Impleaded Defendants.
_____/

## REPORT AND RECOMMENDATION RE: D.E. 158

THIS CAUSE came before the Court upon Impleaded Defendants Collins Apt. 4401, LLC and Fisher Isl. 7043, LLC's (together, "Caballero Entities") Motion to Vacate Order Granting *Ex Parte* Emergency Motion to Implead Third Parties (ECF NO. 126) and Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (hereafter "Motion to Vacate and to Dismiss") [D.E. 158]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Beth Bloom, United States District Judge [D.E. 148]. The undersigned held a hearing on this matter on March 6, 2023 [D.E. 172].

Having fully considered the parties' arguments and the pertinent portions of the record, the undersigned respectfully recommends that the Caballero Entities' Motion to Vacate and to Dismiss be STAYED for purposes of judicial economy, pending further proceedings in <u>Antonio Caballero v. Fuerzas Armadas Revolucionarias de Colombia, et al</u>, Case No. 18-cv-25337-KMM (S.D. Fla.) (hereafter, "Case 18-25337").

**PROCEDURAL BACKGROUND**

Plaintiff/Judgment Creditor Casa Express Corp. as Trustee of Casa Express Trust ("Casa Express") commenced this action on August 27, 2021, by registering an Amended Final Judgment issued by the Southern District of New York against Judgment Debtor Bolivarian Republic of Venezuela ("Judgment Debtor" or "Venezuela") [D.E. 1]. On September 10, 2021, Casa Express filed its *Ex Parte* Expedited Motion to Commence Proceedings Supplementary, to Implead Defendants, and for Issuance of Statutory Notices to Appear ("Motion for Proceedings Supplementary"), invoking Rule 69(a) of the Federal Rules of Civil Procedure (hereafter, "Rule 69(a)") and Fla. Stat. § 56.29 [D.E. 3].[1]

Casa Express' Motion for Proceedings Supplementary was granted on September 14, 2021 [D.E. 4]. Thereafter, the Court issued Statutory Notices to Appear directed at Raul Gorrin Belisario ("Gorrin") [D.E. 15] and RIM Group Investments Corp., RIM Group Investments I Corp., RIM Group Investments II Corp., RIM Group Investments III Corp., Posh 8 Dynamic Inc., and Planet 2 Reaching Inc. (hereafter, "Respondent Entities") [D.E. 8–13]. The Statutory Notices advised Gorrin and the Respondent Entities that Casa Express seeks to satisfy the Amended Final

---

[1] Rule 69(a) provides, in pertinent part: "A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a). Thus, Fla. Stat. § 56.29 governs these proceedings supplementary.

2

Judgment in these proceedings supplementary, pursuant to Fla. Stat. § 56.29, by executing on the following properties variously titled in the Respondent Entities' names: 144 Isla Dorada Boulevard, Coral Gables, Florida 33143; 4100 Salzedo Street, Unit 1010, Coral Gables, Florida 33146; 4100 Salzedo Street, Unit 608, Coral Gables, Florida 33146; 4100 Salzedo Street, Unit 807, Coral Gables, Florida 33146; 4100 Salzedo Street, Unit 813, Coral Gables, Florida 33146; 4100 Salzedo Street, Unit 913, Coral Gables, Florida 33146; 18555 Collins Avenue, Unit 4401, Sunny Isles Beach, Florida 33160 (hereafter, "Collins Avenue Property"); and 7043 Fisher Island Dr., Unit 7043, Fisher Island, Florida 33109 (hereafter, "Fisher Island Property") (together, the "Properties") [D.E. 8–13, 15].[2]  Casa Express alleges that these eight Properties

> were purchased by Gorrin (through shell entities) with misappropriated Venezuelan funds that he obtained through an illicit and corrupt foreign currency exchange scheme. Since misappropriated Venezuelan funds were used to acquire the real properties, the properties are subject to a constructive trust in favor of Venezuela, and . . . are subject to execution by Casa Express pursuant to 28 U.S.C. § 1610(c) and Florida Statute § 56.29.

See Motion for Proceedings Supplementary [D.E. 3 at 2].  Casa Express relies on the report of its retained expert, Nelson Luis ("Mr. Luis"), to link the Properties to the Respondent Entities and the misappropriated Venezuelan funds.  See Luis Expert Report [D.E. 3-11, 60-14].[3]

By separate Report and Recommendation, the undersigned addresses Gorrin's Motion to Dismiss for Lack of Service or Personal Jurisdiction or Alternatively Motion to Quash Service (hereafter, "Motion to Dismiss or to Quash") [D.E. 128].  Therein, the undersigned concludes that service on Gorrin was improper and should be quashed, in that it bypassed even an attempt to serve

---

[2] The Statutory Notice for Posh 8 Dynamic Inc. referenced the Collins Avenue Property [D.E. 9]; and the Statutory Notice for Planet 2 Reaching Inc. referenced the Fisher Island Property [D.E. 8].

[3] Summons have also been issued and served on Venezuela as the Judgment Debtor via diplomatic channels; and a Clerk's Default has been entered against it [D.E. 38–41, 112].  A Clerk's Default has also been entered against Impleaded Defendants Alejandro Andrade Cedeno ("Andrade") and Claudia Patricia Diaz Guillen ("Diaz") [D.E. 113, 153].  Casa Express has now moved for the entry of final default judgment against Venezuela, Andrade, and Diaz [D.E. 149, 179].

Gorrin under the Hague Convention; and that the Court lacks personal jurisdiction over Gorrin in these proceedings supplementary. Accordingly, the undersigned recommends that the Motion to Dismiss or to Quash be granted without prejudice to give Casa Express another opportunity to serve Gorrin and to allege sufficient facts to support the Court's assertion of specific personal jurisdiction over him.

## DISCUSSION

In addition to the proceedings against Gorrin and the Respondent Entities, Casa Express has instituted proceedings supplementary against the Caballero Entities. See Order Granting *Ex Parte* Emergency Motion to Implead Third Parties (hereafter, "Order Impleading Caballero Entities") [D.E. 126]. The Caballero Entities obtained title to the Collins Avenue Property and the Fisher Island Property at a Marshal's sale, which was conducted in Case 18-25337 in furtherance of Caballero's execution on a default judgment entered against the Fuerzas Armadas Revolucionarias de Colombia ("FARC") and the Norte de Valle Cartel ("NDV"), pursuant to the Anti-Terrorism Act ("ATA") and the Terrorism Risk Insurance Act ("TRIA") for terrorist acts against his father. See generally Report and Recommendation on Interested Parties' Emergency Motion for Temporary Restraining Order (hereafter, "TRO R&R") [Case 18-25337, D.E. 202].[4] According to Casa Express, the Caballero Entities took title to those properties "subject to the outcome of this supplementary proceeding because they had actual, inquiry, or constructive notice of this litigation." See Order Impleading Caballero Entities [D.E. 126 at 2].

The Interested Parties in Case 18-25337 (including the Respondent Entities here) have challenged that Marshal's sale and the underlying agent and instrumentality determination made against them vis-à-vis FARC; and have obtained an Order restraining Caballero, his entities, and

---

[4] The Interested Parties in Case 18-25337 include the Respondent Entities in this case.

agents "from dissipating, conveying, encumbering, or otherwise transferring ownership" of the Collins Avenue Property and the Fisher Island Property.  See Order [Case 18-25337, D.E. 214 at 17]; Sealed Order on *Ex Parte* Motion for Agent and Instrumentality Determination [D.E. 151]. A jury trial "on the issue of agency and instrumentality determination" has been set for August 28, 2023 [D.E. 216].

Should the jury find that the Interested Parties in that case (Respondent Entities here) are not agents or instrumentalities of FARC, the Marshal's sale of the Collins Avenue Property and the Fisher Island Property will necessarily be set aside and the Caballero Entities will no longer be proper Impleaded Defendants in these proceedings supplementary.  Given this pending challenge to the Caballero Entities' ownership of the Collins Avenue Property and the Fisher Island Property, the undersigned finds that judicial economy is best served by staying the Caballero Entities' Motion to Vacate and to Dismiss pending the outcome of the upcoming jury trial in Case 18-25337. See Lopez v. Miami-Dade Cnty., 145 F. Supp. 3d 1206, 1208 (S.D. Fla. 2015) ("Stays of proceedings can also promote judicial economy, reduce confusion and prejudice, and prevent possibly inconsistent resolutions.").

## **RECOMMENDATION**

Based on the foregoing considerations, the undersigned respectfully recommends that the Caballero Entities' Motion to Vacate and to Dismiss [D.E. 158] be STAYED for purposes of judicial economy, pending further proceedings in Antonio Caballero v. FARC, et al, Case No. 18-cv-25337-KMM (S.D. Fla.).

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Beth Bloom, United States District Judge.  Failure to file timely objections may bar the parties from

attacking the factual findings contained herein on appeal. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

      RESPECTFULLY SUBMITTED in Chambers at Miami, Florida this 18th day of April, 2023.

                                                            ALICIA M. OTAZO-REYES
                                                            UNITED STATES MAGISTRATE JUDGE

cc:      United States District Judge Beth Bloom
          Counsel of Record