**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO: 21-23103-CV-BLOOM/OTAZO-REYES**

CASA EXPRESS CORP. as Trustee of
CASA EXPRESS TRUST,

      Judgment Creditor,

v.

BOLIVARIAN REPUBLIC OF
VENEZUELA,

      Judgment Debtor.

_____/

CASA EXPRESS CORP. as Trustee of
CASA EXPRESS TRUST,

      Plaintiff,

v.

RAUL GORRIN BELISARIO, et al.,

      Impleaded Defendants.

_____/

**<u>ORDER RE: D.E. 155</u>**

THIS CAUSE came before the Court upon Plaintiff/Judgment Creditor Casa Express Corp. as Trustee of Casa Express Trust's ("Casa Express") Motion to Strike Most-Wanted Fugitive Raul Gorrin Belisario's ("Gorrin") Denial of the Criminal Charges and Allegations Pending Against Him in Parallel Criminal Proceeding (hereafter, "Motion to Strike") [D.E. 155]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Beth Bloom, United States District Judge [D.E. 148]. The undersigned held a hearing on this matter on March 6, 2023 [D.E. 172]. For the reasons stated below, Casa Express' Motion to Strike is GRANTED.

## PROCEDURAL BACKGROUND

On August 27, 2021, Casa Express commenced this action by registering an Amended Judgment issued by the Southern District of New York against Judgment Debtor Bolivarian Republic of Venezuela ("Judgment Debtor" or "Venezuela") [D.E. 1].  On September 10, 2021, Casa Express filed an *Ex Parte* Motion to Commence Proceedings Supplementary, to Implead Defendants, and for Issuance of Statutory Notices to Appear (hereafter, "Motion for Proceedings Supplementary") [D.E. 3], which the Court granted on September 14, 2021 [D.E. 4].

On June 7, 2022, Casa Express filed a Motion for Leave to Amend by Interlineation the Motion for Proceedings Supplementary (hereafter, "Motion to Amend") [D.E. 42].  On September 2, 2022, the undersigned granted Casa Express' Motion to Amend [D.E. 59] and, that same day, Casa Express filed its Amended Motion for Proceedings Supplementary [D.E. 60].  On September 7, 2022, the Court granted Casa Express' Amended Motion for Proceedings Supplementary [D.E. 62].  On January 20, 2023, Respondents RIM Group Investments Inc., RIM Group Investments I Inc., RIM Group Investments II Inc., RIM Group Investments III Inc., Posh 8 Dynamic Inc., Planet 2 Reaching Inc., and Gorrin (together, "Respondents") filed an Affidavit and Memorandum in Opposition to the Amended Motion for Proceedings Supplementary (hereafter, "Affidavit" and "Memorandum") [D.E. 127, 130 (same)].  The Affidavit is in the form of a Declaration by Gorrin under 28 U.S.C. § 1746 (hereafter, "Gorrin Declaration") [D.E. 127-2, 128-3, 129 (same)].

On February 10, 2023, Casa Express filed the instant Motion to Strike [D.E. 155], along with its Reply to the Affidavit and Memorandum [D.E. 156].  Casa Express invokes the fugitive disentitlement doctrine to move to strike part of the Gorrin Declaration, on the basis of Gorrin's designation by the Department of Homeland Security as a most-wanted fugitive from prosecution in a pending criminal case against him in this jurisdiction, *U.S. v. Gorrin Belisario*, No. 18-cr-

80160-WPD (S.D. Fla.) (hereafter, "Case 18-cr-80160").   Specifically, Casa Express seeks to

strike a portion of the Gorrin Declaration, wherein Gorrin avers as follows:

> I deny . . . the criminal allegations set forth in the Superseding Indictment in *U.S. v. Gorrin Belisario*, S.D. Fla. No. 18-cr-80160-WPD (D.E. 44), accusing me of (1) violations of the Foreign Corrupt Practices Act, 15 U.S.C. § 78dd-1 ("FCPA") in Venezuela involving the Venezuelan government's foreign currency exchange program from 2008 to 2017 and (2) money laundering based on financial transactions that allegedly promoted the carrying on of (a) FCPA violations and (b) an offense against a foreign nation, specifically Venezuela, involving bribery of a public official and the misappropriation, theft, and embezzlement of public funds by or for the benefit of a public official. For example, I deny that I "acquired a financial institution in the Dominican Republic for the purpose of laundering money and paying bribes to Venezuelan officials." Superseding Indictment at 10. I deny that I made corrupt payments for the benefit of Alejandro Andrade Cedeno, Claudia Patricia Diaz Guillen and Adrian Jose Velasquez Figueroa. *Id.* at 10-14. I deny that I laundered illicit funds by engaging in financial transactions with the intent to promote the specified unlawful activity charged. *Id.* at 14. . . .

See Gorrin Declaration [127-2 ¶ 3]; Motion to Strike [D.E. 155 at 2–3].   On February 24, 2023,

Respondents filed their Response in Opposition to Casa Express' Motion to Strike (hereafter,

"Response") [D.E. 166].[1]

## APPLICABLE LAW

Rule 12(f) of the Federal Rules of Civil Procedure (hereafter, "Rule 12(f)") provides that

"[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial,

impertinent, or scandalous matter" upon its own accord or on motion made by a party.   See Fed.

---

[1] Respondents initially argue that "Casa's motion is entirely premature because Gorrin has not been served in this action due to Casa's failure to comply with the Hague Service Convention and (to the exten[t] applicable) Florida's substitute service law. . . . Until Casa meets its burden of proving proper service of process, its [M]otion to [S]trike should not be entertained at all." See Response [D.E. 166 at 2]. In an earlier Report and Recommendation on Respondents' Motion to Dismiss for Lack of Service or Personal Jurisdiction or Alternatively Motion to Quash Service (hereafter, "Motion to Dismiss or to Quash") [D.E. 128], the undersigned found that service on Gorrin should be quashed but that Casa Express should be given another opportunity to serve Gorrin. See Report and Recommendation [D.E. 180]. Given this procedural posture, the undersigned finds it appropriate to address Casa Express' Motion to Strike at this juncture.

R. Civ. P. 12(f).[2]  "The purpose of a motion to strike is to clean up the pleadings, remove irrelevant or otherwise confusing materials, and avoid unnecessary forays into immaterial matters."  Blake v. Batmasian, 318 F.R.D. 698, 700 (S.D. Fla. 2017).  "Granting a motion to strike is a drastic remedy and is disfavored by the courts."  Id. (citing Nash v. O.R. Colan Grp., LLC, No. 12-60759-CIV, 2012 WL 4338817, *1 (S.D. Fla. Sept. 20, 2012)).  A motion to strike will therefore only be granted "if the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party."  Id. (citing 2 James W. Moore *et al.*, Moore's Federal Practice ¶ 12.21[2], at 2317 (2d ed. 1992)).

> With regard to the fugitive disentitlement doctrine,
>
> The [doctrine] limits access to courts by a fugitive who has fled a criminal conviction in a court in the United States.  Although traditionally applied by the courts of appeal to dismiss the appeals of fugitives, the district courts may sanction or enter judgment against parties on the basis of their fugitive status. . . . The rationales for this doctrine include the difficulty of enforcement against one not willing to subject himself to the court's authority; the inequity of allowing a fugitive to use court resources only if the outcome is an aid to him; and the need to avoid prejudice to the nonfugitive party. . . .

Magluta v. Samples, 162 F.3d 662, 664 (11th Cir. 1998) (citations omitted).  "The doctrine recognizes the inherent unfairness of allowing a fugitive to avail himself of the rights accorded to litigants while avoiding the associated duties, or . . . trying to use this court's processes as a sword while attempting to simultaneously shield himself from the same type of judicial process."  United States v. Itriago, No. 13-20050-CR, 2019 WL 1232128, at *1 (S.D. Fla. Feb. 8, 2019) (quotation

---

[2] Respondents also contend that the Gorrin Declaration is not subject to a motion to strike because under Rule 12(f), motions to strike are only appropriately addressed towards matters contained in the pleadings, whereas the Declaration was submitted "in response to Plaintiff's [Amended Motion for Proceedings Supplementary]".  See Response [D.E. 166 at 3].  However, Respondents acknowledge in their Memorandum that "the Court [] characterized [the Motion for Proceedings Supplementary] as the equivalent of a complaint for service purposes", which has since been superseded by the Amended Motion for Proceedings Supplementary.  See Memorandum [D.E. 127 at 2 n.1].  Thus, Respondents' Memorandum and Affidavit submission qualifies as a pleading in response to the Amended Motion for Proceedings Supplementary; and Casa Express' Motion to Strike the Gorrin Declaration is proper under Rule 12(f).

marks and citations omitted).  "[T]he doctrine applies in both civil and criminal proceedings".
Ener v. Martin, 987 F.3d 1328, 1332 (11th Cir. 2021).

## DISCUSSION

In support of its Motion to Strike, Casa Express argues that "the Court should not allow
[Gorrin] to utilize judicial resources to deny the criminal allegations from a pending criminal
action while he refuses to participate in the criminal action to evade justice." See Motion to Strike
[D.E. 155 at 4].  Casa Express emphasizes that it does not seek to strike the entire Declaration to
leave Gorrin, or any of the Respondents, defenseless.  Id.  To that end, the Motion to Strike is
narrow and simply seeks to strike Gorrin's denial of the criminal allegations against him in Case
18-cr-80160.  Id.

The undersigned finds that granting Casa Express' request would effectuate the concerns
underlying the fugitive disentitlement doctrine, as Gorrin should not be permitted to deny the
criminal allegations against him in this civil case while avoiding the Court's jurisdiction in Case
18-cr-80160.  See Magluta, 162 F.3d at 664 ("The rationales for this doctrine include . . . the
inequity of allowing a fugitive to use court resources only if the outcome is an aid to him . . .").
Indeed, Gorrin's denial here of the criminal allegations in the Superseding Indictment is "a blatant
attempt to attack [the Superseding Indictment] from afar, using this Court's processes as both a
sword and a shield."  Itriago, 2019 WL 1232128, at *3.  "This is precisely what the fugitive
disentitlement doctrine seeks to prevent."  Id.

## CONCLUSION

Based on the foregoing considerations, it is

ORDERED AND ADJUDGED that Casa Express' Motion to Strike [D.E. 155] is
GRANTED and the portion of the Gorrin Declaration that is the subject of the Motion to Strike is

hereby STRICKEN.

DONE AND ORDERED in Chambers at Miami, Florida this 26th day of April, 2023.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:    United States District Judge Beth Bloom
       Counsel of Record