UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-23103-BB

CASA EXPRESS CORP, as Trustee of
CASA EXPRESS TRUST,

    Judgment Creditor,

vs.

BOLIVARIAN REPUBLIC OF
VENEZUELA,

    Judgment Debtor.
_____/

**RESPONDENTS'[1] OBJECTION TO [D.E. 181] REPORT AND
RECOMMENDATION ON [D.E. 154] PLAINTIFF'S MOTION TO
STRIKE IMPLEADED DEFENDANTS' AFFIRMATIVE DEFENSES
AS TO RESPONDENTS' EIGHTH AFFIRMATIVE DEFENSE ONLY**

  Plaintiff, Casa Express Corp. ("Casa"), has obtained a judgment against Venezuela in the Southern District of New York as a result of unpaid Venezuelan bonds. That case is completely unrelated to the Respondents or their real property in Florida. Casa does not allege any cause of action directly against any of the Respondents or their eight targeted real properties. Instead, Casa claims that the Venezuelan government was harmed years ago from alleged manipulation of its foreign currency exchange contracts, and that Respondents benefitted from the manipulation in Venezuela. Thus, Casa purports to stand in the shoes of its litigation adversary and judgment debtor—the Republic of Venezuela—and endeavors to prosecute a constructive trust on behalf of Venezuela against Respondents' Florida realty.

---

[1] The Respondents are Raul Gorrin, RIM Group Investments Corp., RIM Group Investments I Corp., RIM Group Investments II Corp., RIM Group Investments III Corp., Posh 8 Dynamic Inc., and Planet 2 Reaching Inc. ("Respondents")

In opposition to Casa's Expedited Motion to Commence Proceedings Supplementary, (D.E. 60), invoking Florida Statute Section 56.29, Respondents raised the affirmative defense that Casa has failed to satisfy the requirements under the statute of obtaining a writ of execution and filing an affidavit attesting that the writ is unsatisfied ("Eighth Affirmative Defense"). D.E. 127 at 16. In considering Casa's Motion to Strike Respondents' Affirmative Defenses, (D.E. 154), Magistrate Judge Otazo-Reyes recommends as follows:

> Casa Express further argues that Respondents' Eighth Affirmative Defense, alleging that Casa Express failed to satisfy the requirements to commence a supplementary proceeding, is "redundant, legally insufficient, and patently frivolous." See Motion to Strike [D.E. 154 at 5–6]. Although Respondents maintain that Casa Express was required to obtain a writ of execution and file an affidavit attesting that the writ is unsatisfied in compliance with Fla. Stat. § 56.29(1) and prevailing case law, see Response [D.E. 165 at 10], Casa Express notes that the statute, as amended, no longer requires a writ of execution. See Motion to Strike [D.E. 154 at 5]. Moreover, Casa Express argues that in granting its Motions for Proceedings Supplementary [D.E. 3, 60], the Court "expressly ruled" that Casa Express was "in compliance with the statutory prerequisites prescribed by Fla. Stat. § 56.29(1)." Id. (citing Order [D.E. 62 ¶ 1]); see also Order [D.E. 4 at 3] ("Casa Express has demonstrated that it holds an unsatisfied judgment against Defendant and has submitted a sufficient affidavit averring that the judgment is valid and unsatisfied . . . Thus, Casa Express has satisfied the statutory prerequisites of § 56.29(1) and is entitled to the commencement of proceedings supplementary.").
>
> In light of the Court's prior rulings regarding Casa Express' satisfaction of the statutory prerequisites of Fla. Stat. § 56.29(1) and the sufficiency of its affidavit, the undersigned concludes that Respondents' Eighth Affirmative Defense should be stricken as legally insufficient.

D.E. 181 at 8-9.

Respondents acknowledge that this Court has held that Casa "has demonstrated that it holds an unsatisfied judgment against Defendant [Venezuela] and has submitted a sufficient affidavit averring that the judgment is valid and unsatisfied . . . Thus, Casa Express has satisfied the statutory prerequisites of § 56.29(1) and is entitled to the commencement of proceedings supplementary." D.E. 4 at 3. Nevertheless, Respondents respectfully submit that their Eighth Affirmative Defense,

which relies on the plain language of the statute and prevailing case law, is legally viable such that it should not be stricken from further consideration before this Court.

Specifically, the plain language of Florida Statute Section 56.29(1) requires an affidavit listing "the unsatisfied amount of the judgment or judgment lien, including costs and interests, and stating that the *execution* is valid and outstanding." Fla. Stat. § 56.29(1) (emphasis added). Moreover, by Casa's own acknowledgement, its argument that the statute does not require a writ of execution is contrary to recent case law in this District stating that an unsatisfied writ of execution is a prerequisite to proceedings supplementary. D.E. 60 at 28 (citing *Versant Funding LLC v. Teras Breakbulk Ocean Navigation Enters., LLC*, 2020 WL 3146502 (S.D. Fla. Jun. 11, 2020)). In turn, the *Versant* opinion cited, and followed, this Court's holding in *Floridians for Solar Choice, Inc. v. PCI Consultants, Inc.*, 2019 WL 2297524, *1 (S.D. Fla. May 30, 2019) (Bloom, J.) ("A party bringing a proceeding supplementary to execution must 1) show that he or she possesses an unsatisfied writ of execution, and 2) file an affidavit averring that the writ is valid and unsatisfied."). Lastly, Casa's erroneous interpretation is belied by the fact that Casa attempted to obtain a writ of execution against Venezuela "out of an abundance of caution" and "as alternative relief." D.E. 154 at 5.

Respectfully submitted,

BLACK SREBNICK
201 South Biscayne Blvd., Suite 1300
Miami, Florida 33131 / Tel: (305) 371-6421

By:     */s/ Lisandra Guerrero*
Howard Srebnick
Florida Bar No. 919063
HSrebnick@RoyBlack.com
Lisandra Guerrero
Florida Bar No. 0098521
LGuerrero@RoyBlack.com