# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:21-cv-23103-BLOOM/OTAZO-REYES

CASA EXPRESS CORP, as Trustee of
CASA EXPRESS TRUST,

        Judgment Creditor,
v.

BOLIVARIAN REPUBLIC OF
VENEZUELA,

        Judgment Debtor.
_____/

## [PROPOSED] DEFAULT FINAL JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff and Judgment Creditor Casa Express Corp's, as Trustee of Casa Express Trust ("Plaintiff"), Motion for Default Final Judgment Against Impleaded Defendant Alejandro Andrade Cedeno ("Andrade Cedeno") and the Bolivarian Republic of Venezuela ("Venezuela"), ECF No. [149], filed on January 30, 2023. Pursuant to Federal Rule of Civil Procedure 58, the Court enters **FINAL JUDGMENT** in favor of Plaintiff against Andrade Cedeno as follows:

1.     The following declaratory judgment is entered in favor of the Plaintiff pursuant to 28 U.S.C. § 2201:

    a. Plaintiff established a breach of fiduciary duty claim against Andrade Cedeno. As the National Treasurer of Venezuela, Andrade Cedeno owed a fiduciary duty to Venezuela to oversee the management of sovereign funds deposited in accounts of the Venezuelan National Treasury. He breached his fiduciary duty to Venezuela by accepting bribes from regime insiders that were derived from sovereign funds in exchange for allowing

1

    the insiders to misappropriate Venezuelan funds with impunity. Andrade Cedeno's breach of duty directly and proximately caused damages to Venezuela.

  b. Plaintiff established an unjust enrichment claim against Andrade Cedeno. Venezuela conferred a benefit to Andrade Cedeno by appointing him as the National Treasurer, which charged him with the fiduciary responsibility to administer and protect sovereign funds deposited in accounts of the Oficina Nacional del Tesoro ("ONT").[1] Andrade Cedeno knowingly and voluntarily accepted the benefit and served as the National Treasurer, gaining access to ONT accounts. Andrade Cedeno utilized his official position for his own pecuniary gain by accepting and retaining bribes from regime insiders that were derived from sovereign funds at the expense of Venezuela. It would be inequitable and unjust to allow Andrade Cedeno to retain the misappropriated Venezuelan funds (or the properties that were purchased with those funds).

  c. Plaintiff established that Andrade Cedeno's conduct satisfies the elements necessary for the imposition of a constructive trust. Andrade Cedeno promised to Venezuela that he would manage the ONT, which charged him with the fiduciary responsibility to administer and protect sovereign funds deposited in ONT accounts. In reliance of his express promise, Venezuela granted Andrade Cedeno access to sovereign funds deposited in ONT accounts. Andrade Cedeno and Venezuela were in a confidential relationship since he acted as an official of the Venezuelan government and a department and agency of the Venezuelan government. Andrade Cedeno breached his express promise by accepting bribes from regime insiders and allowing them to

---

[1] The ONT is the Venezuelan National Treasury.

      misappropriate sovereign funds deposited in ONT accounts. Andrade Cedeno was unjustly enriched at the expense of Venezuela.

d.   The Court reserves jurisdiction to award any attorneys' fees and costs that may accrue in this proceeding to Plaintiff against Venezuela after a final disposition on the merits of the case. Fla. Stat. § 56.29(8).

**ORDERED AND ADJUDGED** this _____ day of _____, 2023, in Chambers at Miami, Florida.

 

_____

**UNITED STATES DISTRICT JUDGE**

Copies provided to:
Counsel of Record