UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 21-23103-CV-BLOOM/OTAZO-REYES

CASA EXPRESS CORP. as Trustee of
CASA EXPRESS TRUST,

    Judgment Creditor,

v.

BOLIVARIAN REPUBLIC OF
VENEZUELA,

    Judgment Debtor.
_____/

CASA EXPRESS CORP. as Trustee of
CASA EXPRESS TRUST,

    Plaintiff,

v.

RAUL GORRIN BELISARIO, et al.,

    Impleaded Defendants.
_____/

## REPORT AND RECOMMENDATION RE: D.E. 149

THIS CAUSE came before the Court upon Plaintiff/Judgment Creditor Casa Express Corp. as Trustee of Casa Express Trust's ("Casa Express") Motion for Default Final Judgment against Impleaded Defendant Alejandro Andrade Cedeno ("Andrade Cedeno") and Judgment Debtor Bolivarian Republic of Venezuela ("Judgment Debtor" or "Venezuela") (hereafter, "Motion for Default Final Judgment") [D.E. 149]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Beth Bloom, United States District Judge [D.E. 148]. The undersigned held a hearing on this matter on May 15, 2023 (hereafter, "Hearing") [D.E. 194].

For the reasons stated below, the undersigned respectfully recommends that Casa Express' Motion for Default Final Judgment be GRANTED IN PART by the entry of partial default final judgment against Venezuela and default final judgment against Andrade Cedeno in the forms attached hereto as Exhibits A and B, respectively.

## PROCEDURAL BACKGROUND

On August 27, 2021, Casa Express commenced this action by registering an Amended Final Judgment issued by the Southern District of New York against Venezuela [D.E. 1]. On September 10, 2021, Casa Express filed an *Ex Parte* Motion to Commence Proceedings Supplementary, to Implead Defendants, and for Issuance of Statutory Notices to Appear (hereafter, "Motion for Proceedings Supplementary") [D.E. 3], which the Court granted on September 14, 2021 [D.E. 4].

Thereafter, the Court issued Statutory Notices to Appear directed at Andrade Cedeno [D.E. 6]; Planet 2 Reaching, Inc., Posh 8 Dynamic, Inc., RIM Group Investments Corp., RIM Group Investments I Corp., RIM Group Investments II Corp., and RIM Group Investments III Corp. (collectively, "Respondent Entities") [D.E. 8–13]; and Raul Gorrin Belisario ("Gorrin") [D.E. 15] (Andrade Cedeno, Respondent Entities, and Gorrin, together, "Respondents"). The Statutory Notices advised Respondents that Casa Express seeks to satisfy the Amended Final Judgment in these proceedings supplementary, pursuant to Fla. Stat. § 56.29, by executing on eight properties variously titled in the Respondent Entities' names (hereafter, "Properties") [D.E. 6, 8–13, 15]. Casa Express had argued that "[s]ince misappropriated Venezuelan funds were used to acquire the [Properties], [they] are subject to a constructive trust in favor of Venezuela . . . [and] are subject to execution by Casa Express". See Motion for Proceedings Supplementary [D.E. 3 at 2]. A summons was also issued and served on Venezuela as the Judgment Debtor via diplomatic

channels [D.E. 38–41].

On June 7, 2022, Casa Express filed a Motion for Leave to Amend by Interlineation the Motion for Proceedings Supplementary (hereafter, "Motion to Amend") [D.E. 42]. On September 2, 2022, the undersigned granted Casa Express' Motion to Amend [D.E. 59] and, that same day, Casa Express filed its Amended Motion for Proceedings Supplementary [D.E. 60]. On September 7, 2022, the Court granted Casa Express' Amended Motion for Proceedings Supplementary [D.E. 62]; and issued Statutory Notices to Appear directed at Respondents [D.E. 63–69, 71–72, 76]. The Court did not require Casa Express to re-serve Andrade Cedeno, the Respondent Entities, or Venezuela. See Order on Plaintiff and Judgment Creditor's Motion for Partial Modification, and Clarification [D.E. 105 at 6]. On December 19, 2022, Casa Express moved for the entry of Clerk's Default as to Venezuela [D.E. 110] and Andrade Cedeno [D.E. 111]. The following day, a Clerk's Default was entered against Venezuela [D.E. 112] and Andrade Cedeno [D.E. 113].[1]

On January 30, 2023, Casa Express filed the instant Motion for Default Final Judgment against Andrade Cedeno and Venezuela [D.E. 149] along with a proposed Default Final Judgment [D.E. 149-4]. In its Local Rule 7.1(a)(3) certification, Casa Express represented that the Respondent Entities and Gorrin took "no position regarding entry of default final judgment against Andrade Cedeno" but "object[ed] to entry of default judgment against Venezuela." See Motion for Default Final Judgment [D.E. 149 at 14].

On March 15, 2023, the undersigned issued an Order to Show Cause requiring a showing of good cause in writing why the Motion for Default Final Judgment should not be granted or, in the alternative, requiring that responses in opposition to the Motion for Default Final Judgment be

---

[1] A Clerk's Default has also been entered against Impleaded Defendant Claudia Patricia Diaz Guillen ("Diaz Guillen") [D.E. 153]. Casa Express has separately moved for the entry of final default judgment against Diaz Guillen [D.E. 179].

3

filed within twenty (20) days. See Order to Show Cause [D.E. 175]. Andrade Cedeno and Venezuela did not respond to the Order to Show Cause. However, on April 4, 2023, the Respondent Entities and Gorrin (hereafter, "Responding Defendants") filed a Response to the Order to Show Cause (hereafter, "Response") wherein they argued that the Motion for Default Final Judgment should be denied for the following reasons:

- ➢ Casa's Motion for Default is Procedurally Improper and Violates the Court's Order on Default Judgment Procedure (D.E. 115), Because There is More than One Defendant and There is a Possibility of Inconsistent Liability [due to a dispute regarding ownership of the Properties];

- ➢ Casa's Motion for Default is Contrary to the Governing OFAC Sanctions Regime Establishing the Foreign Policy Prerogatives of the Executive Branch;

- ➢ Venezuela is Immune from Suit under the [Foreign Sovereign Immunities Act] ("FSIA");

- ➢ Casa's claims against Venezuela are barred by the Act of State Doctrine; and

- ➢ Venezuela Was Not Properly Served Because the Amended Motion to Commence Created a New Proceeding and Formal Service was Required.[2]

See generally Response [D.E. 176]. The Responding Defendants did not assert any arguments as to Andrade Cedeno.

On April 26, 2023, Casa Express filed its Reply to the Response (hereafter, "Reply") wherein it noted that, based on the substance of the Response, the relief sought against Andrade Cedeno was unopposed. See Reply [D.E. 185 at 1 n.1].

## **DISCUSSION**

At the Hearing, following clarification from Casa Express as to the language of the

---

[2] At the Hearing, the undersigned noted that the Responding Defendants have withdrawn the corresponding affirmative defense.

4

proposed Default Final Judgment [D.E. 149-4], the Responding Defendants stated that they did not oppose the portions of the proposed Default Final Judgment pertaining to Andrade Cedeno; or other portions pertaining to the location of the Properties in the United States and the Court's reservation of jurisdiction to award attorney's fees and costs to Plaintiff against Venezuela after a final disposition on the merits of the case.  However, the Responding Defendants re-asserted their opposition to the following proposed findings:

> d. Plaintiff established that Venezuela expressly waived its immunity from suit and from execution under the [FSIA] in the fiscal agency agreements that govern the underlying debt securities that form the basis of Plaintiff's judgment. ECF Nos. [60-24] at § 14(d); [60-25] at § 14(d).
>
> e. Plaintiff established that Venezuela [used] the Properties for a commercial activity, as defined by 28 U.S.C. § 1610(a). Specifically, Venezuela contracted with Plaintiff (a private party) an assignment of its litigation rights against [Gorrin] and his related entities guaranteeing that the real properties that are the subject of this action would be used to repay Plaintiff's judgment in exchange for Plaintiff's assumption of risk and cost of litigation and an express waiver of additional collection efforts against other public assets. By guaranteeing that the properties would be used to repay Plaintiff's judgment, Venezuela used the Properties for a commercial activity.

See Proposed Default Final Judgment [D.E. 149-4 at 4].  The Responding Defendants argued that the Court's adoption of these findings, as written, would be incompatible with their unresolved affirmative defense that Casa Express has "fail[ed] to establish jurisdiction under [the FSIA], either to sue for or against Venezuela or to seek execution on Venezuela's behalf under a constructive trust theory", because the Properties "do not belong to Venezuela, but even if they did, they have not been used for commercial activity by Venezuela."  See Opposition to Amended Motion for Proceedings Supplementary [D.E. 127 at 3, 5]; see also Response [D.E. 176 at 2–3, 5–8].  Casa Express countered, in part, that the Southern District of New York has already ruled that "[i]n the fiscal agency agreements governing the bonds at issue in [the New York litigation], Defendant expressly waived its sovereign immunity."  See Casa Express Corp. as Tr. of Casa Express Tr. v.

5

Bolivarian Republic of Venezuela, 492 F. Supp. 3d 222, 229 (S.D.N.Y. 2020).

Given the factual issues regarding Venezuela's waiver of immunity and the Properties' ownership engendered by the Responding Defendants' affirmative defense, the undersigned directed Casa Express to submit (1) a modified proposed Partial Default Final Judgment as to Venezuela that only directly quotes the Southern District of New York's factual finding regarding Venezuela's waiver of immunity; and (2) a separate proposed Default Final Judgment as to Andrade Cedeno. Casa Express submitted its modified proposed Default Final Judgments by the May 15, 2023, close of business deadline. See Modified Proposed Default Final Judgments [D.E. 195-1, 196-1]. The undersigned granted the Responding Defendants leave to file any objections by the close of business on May 19, 2023. The Responding Defendants did not file any objections by that deadline.

## RECOMMENDATION

Based on the foregoing considerations, the undersigned respectfully recommends that Casa Express' Motion for Default Final Judgment [D.E. 149] be GRANTED IN PART by the entry of partial default final judgment against Venezuela and default final judgment against Andrade Cedeno in the forms attached hereto as Exhibits A and B, respectively.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Beth Bloom, United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P.

- 3).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida this 24th day of May, 2023.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: United States District Judge Beth Bloom
      Counsel of Record

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:21-cv-23103-BLOOM/OTAZO-REYES

CASA EXPRESS CORP, as Trustee of
CASA EXPRESS TRUST,

       Judgment Creditor,
  v.

BOLIVARIAN REPUBLIC OF
VENEZUELA,

       Judgment Debtor.
_____/

**PARTIAL DEFAULT FINAL JUDGMENT**

**THIS CAUSE** is before the Court upon Plaintiff and Judgment Creditor Casa Express Corp's, as Trustee of Casa Express Trust ("Plaintiff"), Motion for Default Final Judgment Against Impleaded Defendant Alejandro Andrade Cedeno and the Bolivarian Republic of Venezuela ("Venezuela"), ECF No. [149], filed on January 30, 2023. Pursuant to Federal Rule of Civil Procedure 58, the Court enters **PARTIAL FINAL JUDGMENT** in favor of Plaintiff against Venezuela as follows:

    1.    The following declaratory judgment is entered in favor of the Plaintiff pursuant to 28 U.S.C. § 2201:

    a.    Plaintiff established that the fiscal agency agreements ("FAAs"), which govern the debt securities that form the basis of Plaintiff's underlying judgment against Venezuela, contain a provision entitled "Waiver of Immunity" that Venezuela expressly adopted in the FAAs. It provides:

> To the extent that the Issuer [Venezuela] or any of its revenues, assets or properties shall be entitled . . . with respect to any suit, action or proceeding at any time brought solely for the purpose of enforcing or executing any Related Judgment in any jurisdiction in which any Specified Court or Other Court is located, to any immunity from suit, from the jurisdiction of any such court, from attachment prior to judgment, from attachment in aid of execution of judgment, from execution of a judgment or from any other legal or judicial process or remedy, and to the extent that in any such jurisdiction there shall be attributed such an immunity, the Issuer irrevocably agrees not to claim and irrevocably waives such immunity to the fullest extent permitted by the laws of such jurisdiction (including, without limitation, the Foreign Sovereign Immunities Act of 1976 of the United States) . . . .

ECF No. [60-24] § 14(d) (emphasis added); ECF No. [60-25] § 14(d) (same).

  b. Plaintiff established that the District Court for the Southern District of New York interpreted the "Waiver of Immunity" provisions in the underlying action against Venezuela. The District Court for the Southern District of New York ruled that Venezuela "expressly waived its sovereign immunity" in the FAAs. *Casa Express Corp. as Tr. of Casa Express Tr. v. Bolivarian Republic of Venezuela*, 492 F. Supp. 3d 222, 229 (S.D.N.Y. 2020) ("In the fiscal agency agreements governing the bonds at issue in these actions, Defendant expressly waived its sovereign immunity") (citing FAAs at § 14).

  c. Plaintiff established that the eight real properties[1] that are the subject of this proceeding are located in the United States.

  d. The Court reserves jurisdiction to award any attorneys' fees and costs that may accrue in this proceeding to Plaintiff against Venezuela after a final disposition on the merits of the case. Fla. Stat. § 56.29(8).

  **ORDERED AND ADJUDGED** this _____ day of _____, 2023, in Chambers at Miami, Florida.

_____
**UNITED STATES DISTRICT JUDGE**

---

[1] *See* ECF No. [60] at Statement of Facts ¶ 29 (listing the eight real properties).

Copies provided to:
Counsel of Record

3

**EXHIBIT B**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:21-cv-23103-BLOOM/OTAZO-REYES

CASA EXPRESS CORP, as Trustee of
CASA EXPRESS TRUST,

      Judgment Creditor,
v.

BOLIVARIAN REPUBLIC OF
VENEZUELA,

      Judgment Debtor.
_____/

**DEFAULT FINAL JUDGMENT**

**THIS CAUSE** is before the Court upon Plaintiff and Judgment Creditor Casa Express Corp's, as Trustee of Casa Express Trust ("Plaintiff"), Motion for Default Final Judgment Against Impleaded Defendant Alejandro Andrade Cedeno ("Andrade Cedeno") and the Bolivarian Republic of Venezuela ("Venezuela"), ECF No. [149], filed on January 30, 2023. Pursuant to Federal Rule of Civil Procedure 58, the Court enters **FINAL JUDGMENT** in favor of Plaintiff against Andrade Cedeno as follows:

    1.    The following declaratory judgment is entered in favor of the Plaintiff pursuant to 28 U.S.C. § 2201:

        a.  Plaintiff established a breach of fiduciary duty claim against Andrade Cedeno. As the National Treasurer of Venezuela, Andrade Cedeno owed a fiduciary duty to Venezuela to oversee the management of sovereign funds deposited in accounts of the Venezuelan National Treasury. He breached his fiduciary duty to Venezuela by accepting bribes from regime insiders that were derived from sovereign funds in exchange for allowing

     the insiders to misappropriate Venezuelan funds with impunity. Andrade Cedeno's breach of duty directly and proximately caused damages to Venezuela.

  b. Plaintiff established an unjust enrichment claim against Andrade Cedeno. Venezuela conferred a benefit to Andrade Cedeno by appointing him as the National Treasurer, which charged him with the fiduciary responsibility to administer and protect sovereign funds deposited in accounts of the Oficina Nacional del Tesoro ("ONT").[1] Andrade Cedeno knowingly and voluntarily accepted the benefit and served as the National Treasurer, gaining access to ONT accounts. Andrade Cedeno utilized his official position for his own pecuniary gain by accepting and retaining bribes from regime insiders that were derived from sovereign funds at the expense of Venezuela. It would be inequitable and unjust to allow Andrade Cedeno to retain the misappropriated Venezuelan funds (or the properties that were purchased with those funds).

  c. Plaintiff established that Andrade Cedeno's conduct satisfies the elements necessary for the imposition of a constructive trust. Andrade Cedeno promised to Venezuela that he would manage the ONT, which charged him with the fiduciary responsibility to administer and protect sovereign funds deposited in ONT accounts. In reliance of his express promise, Venezuela granted Andrade Cedeno access to sovereign funds deposited in ONT accounts. Andrade Cedeno and Venezuela were in a confidential relationship since he acted as an official of the Venezuelan government and a department and agency of the Venezuelan government. Andrade Cedeno breached his express promise by accepting bribes from regime insiders and allowing them to

---

[1] The ONT is the Venezuelan National Treasury.

misappropriate sovereign funds deposited in ONT accounts. Andrade Cedeno was unjustly enriched at the expense of Venezuela.

d. The Court reserves jurisdiction to award any attorneys' fees and costs that may accrue in this proceeding to Plaintiff against Venezuela after a final disposition on the merits of the case. Fla. Stat. § 56.29(8).

**ORDERED AND ADJUDGED** this _____ day of _____, 2023, in Chambers at Miami, Florida.

_____
**UNITED STATES DISTRICT JUDGE**

Copies provided to:
Counsel of Record