UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-23103-BLOOM/Otazo-Reyes

CASA EXPRESS CORP, *as Trustee*
*of Casa Express Trust*,

    Judgement Creditor,

v.

BOLIVARIAN REPUBLIC OF VENEZUELA,

    Judgment Debtor.
_____/

**ORDER ON OBJECTIONS TO REPORT & RECOMMENDATION**

**THIS CAUSE** is before the Court upon Respondent Raul Gorrin Belissario's ("Gorrin") Motion to Dismiss for Lack of Service or Personal Jurisdiction or Alternatively Motion to Quash Service. ECF No. [128] ("Motion"). All post-judgment matters, including the instant Motion, were referred to United States Magistrate Judge Alicia Otazo-Reyes. ECF No. [148]. On April 18, 2023, Judge Otazo-Reyes issued a Report and Recommendation, ECF No. [180] ("R&R") recommending that Gorrin's Motion be granted without prejudice. *See id*. at 13. The R&R advised the parties that objections to the R&R must be filed within fourteen (14) days of the R&R. *Id.* Casa Express Corp ("Casa"), thereafter timely filed Objections to the Magistrate Judge's R&R, ECF No. [190] ("Objections"). Gorrin did not respond to Casa's Objections. For the reasons that follow, the Objections are sustained.

    **I.**    **BACKGROUND**

On August 27, 2021, Casa commenced this action by registering an Amended Final Judgment issued by the Southern District of New York against Judgment Debtor Bolivarian Republic of Venezuela. ECF No. [1]. Casa thereafter filed its *Ex Parte* Expedited Motion to

Commence Proceedings Supplementary, to Implead Defendants, and for Issuance of Statutory Notices to Appear, ECF No. [3], on September 10, 2021. On June 7, 2022, Casa filed its First Motion to Amend, ECF No. [42]. That Motion was granted by Judge Otazo-Reyes, *see* ECF No. [59], and Casa filed its Amended *Ex Parte* Expedited Motion to Commence Proceedings Supplementary, ECF No. [60] on September 2, 2022. Statutory Notices to Appear were issued to Impleaded Defendants, including Gorrin. ECF No. [70]; *see also* ECF Nos. [62]-[69], [71]-[73].

On October 12, 2022, Casa moved for a Clerk's entry of default against Gorrin. ECF No. [93], and the Clerk entered default, ECF No. [99]. Gorrin then appeared and moved to set aside the default entered against him, ECF No. [101]. The Court granted Gorrin's Motion to set aside the default on December 16, 2022, ECF No. [109]. On December 22, 2022, Casa filed a return of service indicating that Gorrin was served with the Amended Statutory Notice to Appear and the *Ex Parte* Expedited Motion to Commence Proceedings Supplementary via the Florida Secretary of State on December 16, 2022. ECF No. [114].

On January 20, 2023, Gorrin and the Respondent Entities filed their Affidavit in Response to the Notices to Appear and Memorandum in Opposition the Amended Motion for Proceedings Supplementary. ECF No. [127] Later the same day, Gorrin filed the instant Motion seeking to dismiss or quash service. ECF No. [128]. Casa filed a Response in Opposition, ECF No. [159], to which Gorrin filed a Reply, ECF No. [169]. The case was referred to Judge Otazo-Reyes for all post-judgment matters. ECF No. [148]. On April 18, 2023, Judge Otazo-Reyes issued a R&R, ECF No. [180], in which she recommended the Motion be granted. Casa timely filed Objections, arguing that Gorrin and the Impleaded Defendants waived their right to file a 12(b) motion to dismiss by first filing a responsive pleading. ECF No. [190] at 2-3. Alternatively, Casa objects to the recommendation that service must be attempted via the Hague Convention prior to the Court

authorizing alternate service. *Id*. at 3-12. Casa also objects to the recommendation that the Court find that it does not have personal jurisdiction over Gorrin. *Id*. at 12-19. Gorrin did not respond to Casa's Objections.

**II.     LEGAL STANDARD**

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)) (alterations omitted). The objections must also present "supporting legal authority." S.D. Fla. L. Mag. J.R. 4(b). The portions of the report and recommendation to which an objection is made are reviewed *de novo* only if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). If a party fails to object to any portion of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 F. App'x at 784 (quoting *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)); *see also Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001). "It is improper for an objecting party to ... submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to an R & R." *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1).

### III.   DISCUSSION

Casa argues that Gorrin and the Impleaded Defendants preserved their insufficient service of process and lack of personal jurisdiction defenses, "but waived their right to file a motion to dismiss asserting those defenses after they filed a responsive pleading." ECF No. [190] at 3. The record reveals that on January 20, 2023, Gorrin first filed a Response to the Notice to Appear and *Ex Parte* Motion to Commence Proceedings Supplementary, ECF No. [127], and then filed the instant Motion to Dismiss, ECF No. [128]. Petitioner correctly argues that pursuant to the Federal Rules of Civil Procedure, Gorrin waived his right to file a 12(b) motion to dismiss by filing a responsive pleading prior to the motion. Rule 12(b) explains that a motion asserting lack of personal jurisdiction or insufficient service of process "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b).

Gorrin argues that the Motion is timely and there has been no waiver because "it was filed concurrently with (or at most minutes after) their response affidavit" and the cases cited by Petitioner are inapplicable because they deal with motions to dismiss a complaint, not an *Ex Parte* Motion to Commence Post-Judgment Proceedings Supplementary. ECF No. [169] at 3. However, "District Courts in the Eleventh Circuit routinely deny motions to dismiss as moot which are filed simultaneously with or after an answer is filed." *Walker v. Mead*, No. 13-CV-1894, 2014 WL 2778162, at *3 (M.D. Fla. June 18, 2014) (collecting cases); *see also Tamiami Condo. Warehouse Plaza Ass' n, Inc. v. Markel Am. Ins. Co.*, No. 19-CV-21289, 2019 WL 4863378, at *2 (S.D. Fla. Oct. 2, 2019) ("Courts have strictly followed the use of the word 'before' in Rule 12(b), and have found motions to dismiss untimely when they were filed after or even contemporaneously with an answer."). While the cases Plaintiff cites in its Response involve the filing of a complaint rather than a motion to commence post-judgment proceedings, that fact is not dispositive. In *Am. Home*

4

*Assurance Co. v. Weaver Aggregate Transp., Inc.*, another district court in this Circuit applied Rule 12 to the question of waiver of the right to bring a motion to dismiss in response to a motion to institute proceedings supplementary. No. 10-CV-329, 2017 WL 11633267, at *2 (M.D. Fla. Feb. 22, 2017). The rule is clear that a motion asserting any of the 12(b) defenses "must be made before a pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). In his Reply, Gorrin concedes that the Amended Motion to Commence Proceedings Supplementary, is the operative pleading. ECF No. [169] at 3. Its Response in Opposition, ECF No. [127], is therefore a responsive pleading filed before a Motion to Dismiss or, in the alternative, a Motion to Quash Service.

As Judge Otazo-Reyes correctly recognized, Gorrin did raise the defenses in his first responsive pleading. Accordingly, the Court is mindful that the defenses are not waived. However, Gorrin waived his right to file a 12(b) motion to dismiss by filing his responsive pleading prior to the Motion to Dismiss.

### IV.    CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Casa's Objections, **ECF No. [190]**, are **SUSTAINED**.
2. Gorrin's Motion, **ECF No. [128]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 25, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: Counsel of Record