UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-23103-BLOOM/Otazo-Reyes

CASA EXPRESS CORP, *as Trustee
of Casa Express Trust*,

    Judgement Creditor,

v.

BOLIVARIAN REPUBLIC OF VENEZUELA,

    Judgment Debtor.

_____/

**ORDER ADOPTING REPORT & RECOMMENDATION**

**THIS CAUSE** is before the Court upon Judgment Creditor Casa Express Corp's ("Casa") Motion to Strike Affirmative Defenses. ECF No. [154] ("Motion"). All post-judgment matters, including the instant Motion, were referred to United States Magistrate Judge Alicia Otazo-Reyes. ECF No. [148]. On April 18, 2023, Judge Otazo-Reyes issued a Report and Recommendation, ECF No. [181] ("R&R") recommending that the Motion be granted in part and denied in part. *See id*. at 10. The R&R advised the parties that objections to the R&R must be filed within fourteen (14) days of the R&R. *Id.* Casa and impleaded Respondents Raul Gorrin Belisario ("Gorrin"), RIM Group Investments Corp., RIM Group Investments I Corp., RIM Group Investments II Corp., RIM Group Investments III Corp., Posh 8 Dynamic Inc., and Planet 2 Reaching Inc. ("Respondents") thereafter timely filed Objections to the Magistrate Judge's R&R, ECF Nos. [189] ("Respondents' Objections"), [191] ("Casa's Objections") (collectively, "Objections"). The parties did not respond to each other's Objections. For the reasons that follow the Objections are overruled and the R&R is adopted.

Case No. 21-cv-23103-BLOOM/Otazo-Reyes

I.     BACKGROUND

On August 27, 2021, Casa commenced this action by registering an Amended Final Judgment issued by the Southern District of New York against Judgment Debtor Bolivarian Republic of Venezuela ("Venezuela"). ECF No. [1]. Casa thereafter filed its *Ex Parte* Expedited Motion to Commence Proceedings Supplementary, to Implead Defendants, and for Issuance of Statutory Notices to Appear, ECF No. [3], on September 10, 2021. On June 7, 2022, Casa filed its First Motion to Amend, ECF No. [42]. That Motion was Granted by Judge Otazo-Reyes, *see* ECF No. [59], and Casa filed its Amended *Ex Parte* Expedited Motion to Commence Proceedings Supplementary, ECF No. [60], on September 2, 2022. Statutory Notices to Appear were issued to Respondents. ECF Nos. [63]-[71].

On January 20, 2023, Respondents filed their Affidavit in Response to the Notices to Appear and Memorandum in Opposition to the Amended Motion for Proceedings Supplementary. ECF No. [127]. The Memorandum raises eleven affirmative defenses. Casa filed a Motion to Strike Affirmative Defenses in which it moved to strike the First, Sixth, Seventh, Eighth, Ninth, and Tenth Affirmative Defenses. ECF No. [154]. The relevant affirmative defenses are: (1) the Property is immune from attachment and execution under the Foreign Sovereign Immunities Act ("FSIA"); (6) failure to join an indispensable party; (7) lack of personal jurisdiction over Respondents and failure of service on Gorrin; (8) failure to satisfy Florida's statutory requirements for filing a motion to commence proceedings supplementary; (9) lack of ancillary subject matter jurisdiction; and (10) the Judgment is void for lack of proper service. *Id*. Respondents filed a Response in Opposition to all but the Motion to Strike the Tenth Affirmative Defense, which they voluntarily withdrew, ECF No. [165]. Casa filed a Reply, ECF No. [171]. The case was referred to Judge Otazo-Reyes for all post-judgment matters. ECF No. [148]. On April 18, 2023, Judge

Otazo-Reyes issued an R&R on the instant Motion, ECF No. [181], in which she recommended the Motion be granted in part and denied in part, to strike the Seventh Affirmative Defense as to Planet 2 Reaching Inc. and Posh 8 Dynamic Inc., and the Eighth Affirmative Defense but not strike the remaining Affirmative Defenses.

Respondents timely objected to the recommendation that the Eighth Affirmative Defense be stricken, arguing that the plain language of the relevant statute requires an affidavit, as stated in their Eighth Affirmative Defense. ECF No. [189]. Casa also timely filed Objections, arguing (1) the R&R incorrectly found that the First Affirmative Defense need not be stricken because it incorrectly found that the Seventh Circuit reversed a district court's holding that a foreign state is the only party with standing to raise a FSIA defense; (2) the R&R incorrectly concluded that the Sixth Affirmative Defense is not patently frivolous because the Court has an obligation to consider Venezuela's immunity from suit; and (3) the R&R incorrectly found that the Ninth Affirmative Defense alleging lack of subject matter jurisdiction need not be stricken. ECF No. [191]. Neither party responded to the others' Objections.

## II.   LEGAL STANDARD

### A.   Objections to R&R

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)) (alterations omitted). The objections must also present "supporting legal authority." S.D. Fla. L. Mag. J.R. 4(b). The portions of the report and recommendation to which an objection is made are reviewed *de novo* only if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see*

*also* Fed. R. Civ. P. 72(b)(3). If a party fails to object to any portion of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 F. App'x at 784 (quoting *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)); *see also Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001). "It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to an R & R." *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1).

   **B.**  **Strike Affirmative Defenses**

"An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters." *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671 (S.D. Fla. 2013). "A defense that simply points out a defect or lack of evidence in the plaintiff's case is not an affirmative defense." *Id.* (citing *Flav-O-Rich, Inc. v. Rawson Food Serv., Inc. (In re Rawson Food Serv., Inc.))*, 846 F.2d 1343, 1349 (11th Cir. 1988)). "[A]ffirmative defenses are not subject to the heightened pleading standard elucidated in *Twombly* and *Iqbal*." *Northrop & Johnson Holding Co., Inc. v. Leahy*, No. 16-cv-63008, 2017 WL 5632041, at *3 (S.D. Fla. Nov. 22, 2017) (quotation marks omitted).

   Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). District courts have "broad discretion in considering a motion to strike under Fed. R. Civ. P. 12(f)." *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1317-18

(S.D. Fla. 2005). Despite this discretion, "[a] motion to strike is a drastic remedy[,] which is disfavored by the courts and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (internal quotation marks omitted); *see also Gen. Defense Corp. v. Restorick*, No. 08-CV-60537, 2008 WL 11417688, at *2 (S.D. Fla. Nov. 3, 2008) ("[T]he standard for striking a defense is extremely high." (quotation marks omitted)). Under this standard, "'an affirmative defense must be stricken when the defense is comprised of no more than 'bare-bones, conclusory allegations' or is 'insufficient as a matter of law.'" *Northrop & Johnson Holding Co.*, 2017 WL 5632041, at *3 (quoting *Adams*, 294 F.R.D. at 671 and *Home Mgmt. Sols., Inc. v. Prescient, Inc.*, No. 07-CV-20608, 2007 WL 2412834, at *2 (S.D. Fla. Aug. 21, 2007)). "A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002); *see also Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995) (Where "a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant.").

## III. DISCUSSION

Because the parties timely filed Objections to the R&R, the Court considers *de novo* the Motion to Strike Affirmative Defenses One, Six, Eight, and Nine. The Court also addresses the Seventh Affirmative Defense in light of its Order sustaining Objections to the Report and Recommendation on Respondent Gorrin's Motion to Dismiss for lack of personal jurisdiction. Each Affirmative Defense is addressed in turn.

### A. First Affirmative Defense

Respondents' First Affirmative Defense asserts immunity from attachment under the FSIA. Casa challenges the First Affirmative Defense, arguing that Respondents do not have standing to assert immunity. Judge Otazo-Reyes recommended that this affirmative defense not be stricken for lack of standing because "Venezuela's non-appearance in this action does not preclude Respondents from raising the issue of sovereign immunity." ECF No. [181] at 6. Casa argues that only the foreign state has the standing to invoke an affirmative defense of immunity under the FSIA and the R&R included an incorrect analysis of case law from the Northern District of Illinois and the Seventh Circuit.

The Eleventh Circuit has held that "[p]arties other than a foreign sovereign ordinarily lack standing to raise the defense of sovereign immunity." *Aquamar, S.A. v. Del Monte Fresh Produce N.A., Inc.*, 179 F.3d 1279, 1290 (11th Cir. 1999). The Eleventh Circuit further explained that "[w]hen the court's jurisdiction rests on the presence of the foreign sovereign, however, the court may address the issue independently." *Id*.

As Judge Otazo-Reyes correctly found, Venezuela's non-appearance therefore does not preclude Respondents from raising the issue of sovereign immunity especially in light of their Sixth Affirmative Defense that Venezuela is a necessary party. Because the First Affirmative Defense is not patently frivolous or clearly invalid as a matter of law, the Court does not strike it.

### B. Sixth Affirmative Defense

Casa seeks to strike Respondents' Sixth Affirmative Defense that Casa failed to join an indispensable party, Venezuela. The R&R recommends that the Sixth Affirmative Defense not be stricken based on frivolousness because it is related to the First Affirmative Defense and Venezuela's possible immunity from suit. Casa objects and argues that "[w]hile the R&R correctly

recognizes that the Court has an obligation to consider the issue it inexplicably fails to do so." In raising that Objection, Casa requests that the Court consider more than whether the affirmative defense is clearly frivolous and instead asks the Court to engage in a factual and legal analysis. The existence or "lack of factual support" for this defense is not properly addressed at this stage and before the parties have had a full opportunity to conduct discovery. *See Birren v. Royal Caribbean Cruises, Ltd.*, 336 F.R.D. 688, 697 (S.D. Fla. 2020) (quotation marks omitted). Accordingly, for reasons previously explained, whether joinder of Venezuela is proper under the FSIA is a factual question and not patently frivolous or clearly invalid as a matter of law. Accordingly, Casa's Objection is overruled, and the Sixth Affirmative Defense is not stricken.

### C. Seventh Affirmative Defense

Respondents' Seventh Affirmative Defense is lack of personal jurisdiction. Casa moves to strike the Seventh Affirmative Defense because Respondents have been actively litigating this action and have waived personal jurisdiction. As the Court addressed in its Order on Objections to the Report & Recommendation on Gorrin's Motion to Dismiss, Gorrin has not waived the right to assert a lack of personal jurisdiction defense. The R&R correctly notes that RIM Group Investments Corp., RIM Group Investments I Corp., RIM Group Investments II Corp., and RIM Group Investments III Corp. withdrew this defense. There was no objection to Judge Otazo-Reyes's finding that Planet 2 Reaching Inc. and Posh 8 Dynamic Inc. waived their lack of personal jurisdiction defense by failing to assert it in their initial responsive pleading. The Court finds that recommendation to be consistent with the law. Accordingly, the Seventh Affirmative Defense shall proceed only as to Gorrin, who did assert the affirmative defense of lack of personal jurisdiction in his initial pleading.

### D.      Eighth Affirmative Defense

Casa moves to strike Respondents' Eighth Affirmative Defense that Casa failed to satisfy the requirements to commence proceedings supplementary. Judge Otazo-Reyes recommends striking the Eighth Affirmative Defense as redundant, legally insufficient, and patently frivolous in light of the Court's prior rulings regarding Casa's satisfaction of the statutory prerequisites. ECF No. [181] at 8-9. Respondents object, arguing that the plain language of the relevant Florida Statute "requires an affidavit listing 'the unsatisfied amount of the judgment or judgment lien, including costs and interests, and stating that the execution is valid and outstanding.'" ECF No. [189] at 3 (quoting Fla. Stat. § 56.29(1)).

On September 14, 2021, the Court found that all of Fla. Stat. § 56.29(1)'s prerequisites were met and granted Casa's Motion to Commence Proceedings Supplementary. ECF No. [4]. Accordingly, the Court overrules Respondents' Objections and strikes the Eighth Affirmative Defense.

### E.      Ninth Affirmative Defense

Respondents' Ninth Affirmative Defense alleges that this Court lacks ancillary subject matter jurisdiction. Judge Otazo-Reyes recommended not striking the Ninth Affirmative Defense, because a challenge to subject matter jurisdiction is not patently frivolous "because 'the Court must always ensure that it has jurisdiction.'" ECF No. [181] at 9-10 (quoting *Marino v. Broward Sheriff's Off.*, No. 20-CV-60980, 2021 WL 9347050, at *3 (S.D. Fla. Dec. 6, 2021). Casa objects and argues that because the Court has federal question jurisdiction under 28 U.S.C. § 1605(a)(1), and the Ninth Affirmative Defense should be stricken as patently frivolous.

As Judge Otazo-Reyes correctly pointed out, "[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction

8

does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (citations omitted). As such, a defense of lack of subject matter jurisdiction is not patently frivolous and the Court will not strike it.

## IV. CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. The Report and Recommendation, **ECF No. [181]**, is **ADOPTED**.

2. Casa's Objections, **ECF No. [191]**, are **OVERRULED**.

3. Respondents' Objections, **ECF No. [189]**, are **OVERRULED**.

4. Casa's Motion to Strike Affirmative Defenses, **ECF No. [154]**, is **GRANTED IN PART AND DENIED IN PART** consistent with this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 26, 2023.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record