**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-23103-BLOOM/Otazo-Reyes**

CASA EXPRESS CORP, *as Trustee*
*of Casa Express Trust*,

    Judgement Creditor,

v.

BOLIVARIAN REPUBLIC OF VENEZUELA,

    Judgment Debtor.

_____/

**ORDER ADOPTING REPORT & RECOMMENDATION**

**THIS CAUSE** is before the Court upon Impleaded Defendants Collins Apt. 4401, LLC and Fisher Isl. 7043, LLC's (collectively, "Caballero Entities") Motion to Vacate Order Granting *Ex Parte* Emergency Motion to Implead Third Parties, and Motion to Dismiss Pursuant to Rule 12(b)(6), ECF No. [158] ("Motion"). All post-judgment matters, including the instant Motion, were referred to United States Magistrate Judge Alicia Otazo-Reyes. ECF No. [148]. On April 18, 2023, Judge Otazo-Reyes issued a Report and Recommendation, ECF No. [182] ("R&R") recommending that the Motion be stayed in the interest of judicial economy pending further proceedings in *Antonio Caballero v. FARC, et al.,* Case No. 18-CV-25337-KMM (S.D. Fla.). *See id*. at 5. The R&R advised the parties that objections to the R&R must be filed within fourteen (14) days of the R&R. *Id.* Casa Express Corp ("Casa") thereafter timely filed Objections to the Magistrate Judge's R&R, ECF No. [192] ("Objections"). The Caballero Entities did not respond to Casa's Objections. For the reasons that follow, the Objections are overruled and the R&R is adopted.

I.    BACKGROUND

On August 27, 2021, Casa commenced this action by registering an Amended Final Judgment issued by the Southern District of New York against Judgment Debtor Bolivarian Republic of Venezuela ("Venezuela"). ECF No. [1]. Casa thereafter filed its *Ex Parte* Expedited Motion to Commence Proceedings Supplementary, to Implead Defendants, and for Issuance of Statutory Notices to Appear, ECF No. [3]. On June 7, 2022, Casa filed its First Motion to Amend, ECF No. [42], that was granted by Judge Otazo-Reyes, *see* ECF No. [59]. Casa thereafter filed its Amended *Ex Parte* Expedited Motion to Commence Proceedings Supplementary, ECF No. [60], on September 2, 2022.

On January 19, 2023, Casa filed its *Ex Parte* Emergency Motion to Implead Third Parties Fisher Isl. 7043, LLC and Collins Apt. 440, LLC, arguing that the Caballero Entities took title to the Fisher Island Property[1] and the Collins Avenue Property[2] subject to the outcome of this supplementary proceeding. ECF No. [122]. The Court granted the *Ex Parte* Emergency Motion and issued statutory notices to appear. ECF No. [126].

On February 13, 2023, the Caballero Entities filed the instant Motion. ECF No. [158]. Casa filed a Response in Opposition, ECF No. [167], to which the Caballero Entities filed a Reply, ECF No. [170]. The case was referred to Judge Otazo-Reyes for all post-judgment matters. ECF No. [148]. On April 18, 2023, Judge Otazo-Reyes issued a R&R on the instant Motion, ECF No. [182], in which she recommended the Motion be stayed pending further proceedings in *Antonio Caballero v. FARC, et al.* Casa timely filed Objections, in which it argues that "[t]he R&R fails to

---

[1] "The Fisher Island Property" refers to the real property located at 7043 Fisher Island Dr., Unit 7043, Fisher Island, Florida.
[2] "The Collins Avenue Property" refers to the property located at 18555 Collins Avenue, Unit 4401, Sunny Isles Beach, Florida 33160.

address the arguments that were properly submitted for the Court's consideration" and "Plaintiff respectfully disagrees that staying adjudication of the [M]otion would serve judicial efficiency."

## II. LEGAL STANDARD

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)) (alterations omitted). The objections must also present "supporting legal authority." S.D. Fla. L. Mag. J.R. 4(b). The portions of the report and recommendation to which an objection is made are reviewed *de novo* only if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). If a party fails to object to any portion of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 F. App'x at 784 (quoting *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)); *see also Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001). "It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to an R & R." *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

Judge Otazo-Reyes correctly noted that in *Antonio Caballero v. FARC, et al.,* the sale of the Collins Avenue Property and the Fisher Island Property to the Caballero Entities is being challenged and "[a] jury trial 'on the issue of agency and instrumentality determination' has been set for August 28, 2023." ECF No. [182] at 5 (quoting *Antonio Caballero v. FARC, et al.,* Case No. 18-CV-25337 at ECF No. [216].) The R&R explains that should the trier of fact find that the interested parties in that case are not agents or instrumentalities of FARC, the sale of the Collins Avenue Property and Fisher Island Property to the Caballero Entities will be set aside and the Caballero Entities will no longer be proper Impleaded Defendants in this case. *Id*. Judge Otazo-Reyes therefore recommended that the instant Motion be stayed pending further proceedings in *Antonio Caballero v. FARC, et al*.

Casa objected, arguing that "[i]f the Caballero Entities prevail in trial, then the parties would have to re-litigate the same issues that have already been fully briefed and argued before the Court." Casa therefore argues that judicial economy weighs in favor of considering the merits of the Motion at this time. However, the parties will not need to file new briefs. The Court will simply consider the fully briefed issues if the Caballero entities do prevail at trial. It is at that point in time when a ruling on the Motion would be appropriate and not mooted by the outcome of other pending litigation. Moreover, judicial economy would favor an adjudication of the instant Motion on its merits. A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997). Here, a stay is appropriate.

### IV. CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. The Report and Recommendation, **ECF No. [182]**, is **ADOPTED**.

Case No. 21-cv-23103-BLOOM/Otazo-Reyes

2. Casa's Objections, **ECF No. [192]**, are **OVERRULED**.

3. The Caballero Entities Motion to Vacate Order Granting *Ex Parte* Emergency Motion to Implead Third Parties, and Motion to Dismiss Pursuant to Rule 12(b)(6), **ECF No. [158]**, is **STAYED** pending further proceedings in *Antonio Caballero v. FARC, et al.,* Case No. 18-CV-25337.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 30, 2023.

 

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record