UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-23103-BB

CASA EXPRESS CORP, as Trustee of
CASA EXPRESS TRUST,

        Judgment Creditor,

vs.

BOLIVARIAN REPUBLIC OF
VENEZUELA,

        Judgment Debtor.
_____/

**RESPONDENTS' RESPONSE TO ORDER TO SHOW CAUSE (D.E. 197)**

Respondents[1] hereby respond to the Order to Show Cause (D.E. 197) and respectfully submit that Judgment Creditor, Casa Express Corp.'s ("Casa"), Motion for Default Final Judgment (D.E. 179) against Impleaded Defendant Claudia Patricia Diaz Guillen ("Ms. Diaz Guillen") should not be granted because it is procedurally improper under the Court's Order on Default Judgment Procedure (D.E. 115) and would lead to a likelihood of inconsistent verdicts given that the "declaratory default judgment" sought by Casa, (D.E. 179-3), directly contradicts the Respondent's affirmative defenses (D.E. 127).

Judgment Creditor, Casa Express Corp. ("Casa"), obtained a judgment against the Bolivarian Republic of Venezuela ("Venezuela") in the Southern District of New York based on unpaid Venezuelan bonds. D.E. 1. Casa registered its New York judgment in this Court, (D.E. 1), and ultimately filed an Amended *Ex Parte* Motion to Commence Proceedings Supplementary

---

[1] "Respondents" refers to Raul Gorrin, RIM Group Investments Corp., RIM Group Investments I Corp., RIM Group Investments II Corp., RIM Group Investments III Corp., Posh 8 Dynamic Inc., and Planet 2 Reaching Inc.

(D.E. 60) in order to execute against Venezuela pursuant to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1610(c). Casa then filed a Second Verified Motion for Entry of Clerk's Default Against Ms. Diaz Guillen. D.E. 143. A Clerk's Default against Ms. Diaz Guillen was entered. D.E. 153.

Pursuant to this Court's prior Order on Default Judgment Procedure,[2] Casa was then to file *either*: (1) a Motion for Default Judgment; or (2) a Notice of Joint Liability. D.E. 115. A Motion for Default Judgment was to be filed only "where there is only one Defendant, or where there were multiple Defendants but no allegations of joint and several liability, and no possibility of inconsistent liability between Defendants[.]" *Id.* at 1 (emphasis added). "Alternatively, where there are multiple Defendants and allegations of joint and several liability, or the possibility of inconsistent liability between Defendants, Plaintiff shall file a *Notice of Joint Liability*." *Id.* at 2 (emphasis in original). The Notice of Joint Liability was to "describe the allegations and advise the Court of the status of the other Defendants' liability." *Id.* Then, "[o]nce liability is resolved as to all Defendants, Plaintiff may move for the entry of default judgment against Defendants" by filing a Motion for Default Judgment. *Id.*

Instead of filing a Notice of Joint Liability as required by the Court's Order, Casa filed a Motion for Default Judgement Against Impleaded Defendant Claudia Patricia Diaz Guillen, (D.E. 179), with an attached Proposed Default Judgment (179-3). Because there is a likelihood of inconsistent verdicts should Casa's requested declaratory default judgment be entered against Ms. Diaz Guillen, default final judgment should not be granted. First, with respect to sections (1)(a) and (1)(b) of Casa's Proposed Default Judgment as to Ms. Diaz Guillen, the Respondents concede

---

[2] While the Order references the Clerk's Entry of Default as to Defendants, Bolivarian Republic of Venezuela and Alejandro Andrade Cedeno, it is predicated on federal law equally applicable to Ms. Diaz Guillen.

that they do not explicitly name or implicate any of the Respondents. D.E. 179-3. To the extent Casa does not intend to use the entry of the default judgment with respect to sections (1)(a) and (1)(b) and that these sections do not prejudice the Respondents, then they may not result in inconsistent verdicts. However, to the extent these sections will be used by Casa as against the Respondents in any way, their entry at this point will lead to a likelihood of inconsistent verdicts since the Respondents have raised at least two relevant and contradictory affirmative defenses. Respondent's third affirmative defense asserts that Casa's claims against the Respondents are barred by the Act of State Doctrine since the official acts underlying the terms and performance of Venezuela's foreign exchange transactions taking place within Venezuela are the acts of a sovereign government and, therefore, Casa is precluded from obtain civil redress for the acts of Venezuela and its official (including Ms. Diaz Guillen) conducted in Venezuelan territory. D.E. 127 at 8-9. Moreover, the Respondents asserted the affirmative defense that Casa cannot prove its constructive trust theory against the Respondents because: (1) Respondents deny Casa's allegations concerning the Venezuelan currency exchange program or that mirror the allegations in the Superseding Indictment against Gorrin; and (2) Casa's own expert disavows any opinion on the liability of any respondent. D.E. 127 at 17-18. To apply the entry of default final judgment as against Ms. Diaz Guillen with respect to sections (1)(a) and (1)(b) to the Respondents would be inconsistent with these affirmative defenses.

Moreover, entry of the Proposed Default Judgment as to Ms. Diaz Guillen with respect to section 1(c) will likely result in an inconsistent verdict since that section purports to find that Casa "has established that Diaz Guillen's conduct satisfies the elements necessary for the imposition of a constructive trust." D.E. 179-3. Respondents have long argued that Casa's "constructive trust" theory is untenable. *See e.g.*, D.E. 127. Specifically, Respondents' fourth affirmative defense

asserts that Casa lacks standing to sue on Venezuela's behalf, Respondent's fifth affirmative defense asserts that Casa has failed to allege a viable constructive trust remedy, and Respondent's eleventh affirmative defense asserts that Casa cannot prove a constructive trust. D.E. 127. Thus, the default judgment sought by Casa against Ms. Diaz Guillen asserting that Casa has established a constructive trust is in direct contravention of these defenses raised by Respondents even though it is not directed at the Respondents. Casa will likely argue in the future that, if this Court finds that a constructive trust has been established as to Ms. Diaz Guillen, the same ruling should apply to the Respondents. For this Court to determine – by default – a critical legal issue that will be vigorously litigated by Respondents would risk the exact "possibility of inconsistent liability" that this Court has ordered must be avoided.

In sum, this Court should deny Casa's Motion for Default and reject Casa's request for a default final judgment against Ms. Diaz Guillen because Casa improperly filed a Motion for Default in lieu of a Notice of Joint Liability. Since Casa's theories essentially seek findings that are directly contrary to the Respondents' affirmative defenses and raise a likelihood of inconsistent verdicts, Casa's Motion for Default is premature and was filed in violation of the Court's Order on Default Judgment Procedure. D.E. 115. Pursuant to this Court's Order, Casa was limited to filing a Notice of Joint Liability until the merits of Respondent's affirmative defenses, which bear directly on Casa's request as against Ms. Diaz Guillen, are decided.

## CONCLUSION

For the foregoing reasons, Casa's Motion for Default (D.E. 149) should be denied.

Dated: June 5, 2023                                             Respectfully submitted,

*/s/Lisandra Guerrero*
Howard Srebnick (FL Bar No. 919063)
Lisandra Guerrero (FL Bar No. 98521)
**BLACK SREBNICK**
201 South Biscayne Boulevard, Suite 1300

Miami, Florida 33131
Tel. (305) 371-6421
E-mail: HSrebnick@RoyBlack.com
LGuerrero@RoyBlack.com

*Counsel for Respondents*