UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 21-23103-CV-BLOOM/OTAZO-REYES

CASA EXPRESS CORP. as Trustee of
CASA EXPRESS TRUST,

    Judgment Creditor,

v.

BOLIVARIAN REPUBLIC OF
VENEZUELA,

    Judgment Debtor.
_____/

CASA EXPRESS CORP. as Trustee of
CASA EXPRESS TRUST,

    Plaintiff,

v.

RAUL GORRIN BELISARIO, et al.,

    Impleaded Defendants.
_____/

## REPORT AND RECOMMENDATION RE: D.E. 179

THIS CAUSE came before the Court upon Plaintiff/Judgment Creditor Casa Express Corp. as Trustee of Casa Express Trust's ("Casa Express" or "Casa") Motion for Default Final Judgment against Impleaded Defendant Claudia Patricia Diaz Guillen ("Diaz Guillen") (hereafter, "Motion for Default Final Judgment") [D.E. 179]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Beth Bloom, United States District Judge [D.E. 148].

For the reasons stated below, the undersigned respectfully recommends that Casa Express' Motion for Default Final Judgment be GRANTED by the entry of default final judgment against

Diaz Guillen in the form attached hereto as Exhibit A.

## PROCEDURAL BACKGROUND

On August 27, 2021, Casa Express commenced this action by registering an Amended Final Judgment issued by the Southern District of New York against Judgment Debtor Bolivarian Republic of Venezuela ("Judgment Debtor" or "Venezuela") [D.E. 1]. On September 10, 2021, Casa Express filed an *Ex Parte* Motion to Commence Proceedings Supplementary, to Implead Defendants, and for Issuance of Statutory Notices to Appear (hereafter, "Motion for Proceedings Supplementary") [D.E. 3], which the Court granted on September 14, 2021 [D.E. 4].

Thereafter, the Court issued Statutory Notices to Appear directed at Impleaded Defendants Alejandro Andrade Cedeno ("Andrade Cedeno") [D.E. 6]; Planet 2 Reaching, Inc., Posh 8 Dynamic, Inc., RIM Group Investments Corp., RIM Group Investments I Corp., RIM Group Investments II Corp., and RIM Group Investments III Corp. (collectively, "Respondent Entities") [D.E. 8–13]; and Raul Gorrin Belisario ("Gorrin") [D.E. 15]. The Statutory Notices indicated that Casa Express seeks to satisfy the Amended Final Judgment in these proceedings supplementary, pursuant to Fla. Stat. § 56.29, by executing on eight properties variously titled in the Respondent Entities' names (hereafter, "Properties") [D.E. 6, 8–13, 15]. Casa Express had argued that "[s]ince misappropriated Venezuelan funds were used to acquire the [Properties], [they] are subject to a constructive trust in favor of Venezuela . . . [and] are subject to execution by Casa Express". See Motion for Proceedings Supplementary [D.E. 3 at 2]. A summons was also issued and served on Venezuela as the Judgment Debtor via diplomatic channels [D.E. 38–41].

On June 7, 2022, Casa Express filed a Motion for Leave to Amend by Interlineation the Motion for Proceedings Supplementary (hereafter, "Motion to Amend") [D.E. 42], wherein Casa Express sought, in part, to amend the Motion for Proceedings Supplementary to implead Diaz

2

Guillen. On September 2, 2022, the undersigned granted Casa Express' Motion to Amend [D.E. 59] and, that same day, Casa Express filed its Amended Motion for Proceedings Supplementary [D.E. 60]. On September 7, 2022, the Court granted Casa Express' Amended Motion for Proceedings Supplementary [D.E. 62]; and issued Statutory Notices to Appear directed at Andrade Cedeno, the Respondent Entities, Gorrin, and Diaz Guillen [D.E. 63–69, 71–73, 76]. On January 26, 2023, Casa Express moved for the entry of Clerk's Default as to Diaz Guillen [D.E. 143]; and on February 7, 2023, a Clerk's Default was entered against her [D.E. 153].[1]

On April 14, 2023, Casa Express filed the instant Motion for Default Final Judgment against Diaz Guillen [D.E. 179] along with a proposed Default Final Judgment consisting of four sections, 1(a) through 1(d) [D.E. 179-3]. In its Local Rule 7.1(a)(3) certification, Casa Express represented that the Respondent Entities and Gorrin object to the relief sought by the Motion for Default Final Judgment. See Motion for Default Final Judgment [D.E. 179 at 7].

On May 16, 2023, the undersigned issued an Order to Show Cause requiring a showing of good cause in writing why the Motion for Default Final Judgment should not be granted or, in the alternative, requiring that responses in opposition to the Motion for Default Final Judgment be filed within twenty (20) days. See Order to Show Cause [D.E. 197]. Diaz Guillen did not respond to the Order to Show Cause. However, on June 5, 2023, the Respondent Entities and Gorrin (hereafter, "Responding Defendants") filed a Response to the Order to Show Cause (hereafter, "Response") wherein they argued that the Motion for Default Final Judgment should be denied because "it is procedurally improper under the Court's Order on Default Judgment Procedure (D.E. 115) and would lead to a likelihood of inconsistent verdicts given that the [']declaratory default

---

[1] A Clerk's Default has also been entered against Venezuela [D.E. 112] and Andrade Cedeno [D.E. 113]. As further discussed below, Casa Express has separately moved for the entry of default final judgment against Venezuela and Andrade Cedeno [D.E. 149].

3

judgment' sought by Casa, (D.E. 179-3), directly contradicts the [Responding Defendants'] affirmative defenses (D.E. 127)." See Response [D.E. 210 at 1]. On June 12, 2023, Casa Express filed its Reply to the Response (hereafter, "Reply") [D.E. 212].

## DISCUSSION

The Responding Defendants concede that sections 1(a) and 1(b) of the proposed Default Final Judgment as to Diaz Guillen do not explicitly name or implicate them, see Response [D.E. 210 at 2–3], and that section 1(c) is not directed at them, id. at 4. Moreover, the Responding Defendants do not assert any objections to section 1(d) of the proposed Default Final Judgment, which requests that the Court reserve jurisdiction "to award attorney's fees and costs to Plaintiff against Venezuela after a final disposition on the merits of the case." See Proposed Default Final Judgment [D.E. 179-3 at 4].

Nevertheless, the Responding Defendants argue that "to the extent [] sections [1(a) through 1(c)] will be used by Casa as against [them] in any way, their entry at this point will lead to a likelihood of inconsistent verdicts since the [Responding Defendants] have raised [several] relevant and contradictory affirmative defenses." See Response [D.E. 210 at 3–4].

In a Report and Recommendation on the Motion for Default Final Judgment against Andrade Cedeno and Venezuela [D.E. 149], the undersigned noted that "[t]he Responding Defendants [had] not assert[ed] any arguments as to Andrade Cedeno." See Report and Recommendation [D.E. 198 at 4]. The undersigned further recounted that "[a]t the Hearing, following clarification from Casa Express as to the language of the proposed Default Final Judgment [D.E. 149-4], the Responding Defendants stated that they did not oppose the portions of the proposed Default Final Judgment pertaining to Andrade Cedeno". Id. at 4–5. Thus, at the conclusion of the Hearing, the undersigned directed Casa Express to submit "a separate proposed

4

Default Final Judgment as to Andrade Cedeno" that incorporated the unopposed portions of the proposed Default Final Judgment pertaining to him. Id. at 6. Upon Casa Express' submission of the same [D.E. 196-1] and the Responding Defendants' non-objection to it, the undersigned recommended that the Court enter the separate proposed Default Final Judgment as to Andrade Cedeno. See Report and Recommendation [D.E. 198 at 6] (attaching the recommended Default Final Judgment as to Andrade Cedeno at Exhibit B).

Diaz Guillen succeeded Andrade Cedeno as the Venezuelan National Treasurer. See Amended Motion for Proceedings Supplementary [D.E. 60 at 7]. Thus, she is similarly situated as Andrade Cedeno. Moreover, the proposed Default Final Judgment as to Diaz Guillen is substantially identical to the recommended Default Final Judgment as to Andrade Cedeno to which the Responding Defendants did not object. Compare Proposed Default Final Judgment [D.E. 179-3] with Exhibit B to Report and Recommendation [D.E. 198 at 11–13]. Therefore, the undersigned finds that, notwithstanding the Responding Defendants' newly minted objections, entry of the proposed Default Final Judgment as to Diaz Guillen is appropriate.

## RECOMMENDATION

Based on the foregoing considerations, the undersigned respectfully recommends that Casa Express' Motion for Default Final Judgment [D.E. 179] be GRANTED by the entry of default final judgment against Diaz Guillen in the form attached hereto as Exhibit A.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Beth Bloom, United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance

5

with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

      RESPECTFULLY SUBMITTED in Chambers at Miami, Florida this 26th day of June, 2023.

                                                     ALICIA M. OTAZO-REYES
                                                     UNITED STATES MAGISTRATE JUDGE

cc:    United States District Judge Beth Bloom
        Counsel of Record

EXHIBIT A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 1:21-cv-23103-BLOOM/OTAZO-REYES

CASA EXPRESS CORP, as Trustee of
CASA EXPRESS TRUST,

        Judgment Creditor,
v.

BOLIVARIAN REPUBLIC OF
VENEZUELA,

        Judgment Debtor.
_____/

## DEFAULT FINAL JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff and Judgment Creditor Casa Express Corp's, as Trustee of Casa Express Trust ("Plaintiff"), Motion for Default Final Judgment Against Impleaded Defendant Claudia Patricia Diaz Guillen ("Diaz Guillen"), ECF No. [179], filed on April 14, 2023. Pursuant to Federal Rule of Civil Procedure 58, the Court enters **FINAL JUDGMENT** in favor of Plaintiff against Diaz Guillen as follows:

1.    The following declaratory judgment is entered in favor of the Plaintiff pursuant to 28 U.S.C. § 2201:

    a.  Plaintiff established a breach of fiduciary duty claim against Diaz Guillen. As the National Treasurer of the Bolivarian Republic of Venezuela ("Venezuela"), Diaz Guillen owed a fiduciary duty to Venezuela to oversee the management of sovereign funds deposited in accounts of the Venezuelan National Treasury. She breached her fiduciary duty to Venezuela by accepting bribes from regime insiders that were derived from sovereign funds in exchange for allowing the insiders to misappropriate

Venezuelan funds with impunity. Diaz Guillen's breach of duty directly and proximately caused damages to Venezuela.

b. Plaintiff established an unjust enrichment claim against Diaz Guillen. Venezuela conferred a benefit to Diaz Guillen by appointing her as the National Treasurer, which charged her with the fiduciary responsibility to administer and protect sovereign funds deposited in ONT accounts. Diaz Guillen knowingly and voluntarily accepted the benefit and served as National Treasurer gaining access to ONT accounts. Diaz Guillen utilized her official position for her own pecuniary gain by accepting and retaining bribes from regime insiders that were derived from sovereign funds at the expense of Venezuela. It would be inequitable and unjust to allow Diaz Guillen to retain the misappropriated Venezuelan funds (or the properties that were purchased with those funds).

c. Plaintiff established that Diaz Guillen's conduct satisfies the elements necessary for the imposition of a constructive trust. Diaz Guillen made a promise to manage the ONT, which is charged with the fiduciary responsibility to administer and protect Venezuelan funds deposited in ONT accounts. ECF No. [60] at p. 14. Venezuela entrusted Diaz Guillen by granting her access to sovereign funds deposited in ONT accounts in reliance of her express promise. *Id*. Diaz Guillen and Venezuela were in a confidential relationship since she acted as an official of the Venezuelan government. Diaz Guillen breached her express promise by accepting bribes from regime insiders and allowing them to misappropriate sovereign funds deposited in ONT accounts. Diaz Guillen was unjustly enriched at the expense of Venezuela.

    d.   The Court reserves jurisdiction to award attorneys' fees and costs in this proceeding to Plaintiff against Venezuela after a final disposition on the merits of the case.

**ORDERED AND ADJUDGED** this _____ day of _____, 2023, in Chambers at Miami, Florida.

_____

**UNITED STATES DISTRICT JUDGE**

Copies provided to:
Counsel of Record