## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 21-cv-23103-BLOOM/Otazo-Reyes

CASA EXPRESS CORP, *as Trustee*
*of Casa Express Trust*,

      Judgement Creditor,

v.

BOLIVARIAN REPUBLIC OF VENEZUELA,

      Judgment Debtor.

_____/

### ORDER ADOPTING REPORT & RECOMMENDATION

**THIS CAUSE** is before the Court upon Judgment Creditor Casa Express Corp's ("Casa") Motion for Default Final Judgment Against Impleaded Defendant Alejandro Andrade Cedeno ("Andrade Cedeno") and Judgment Debtor the Bolivarian Republic of Venezuela ("Venezuela"). ECF No. [149] ("Motion"). All post-judgment matters, including the instant Motion, were referred to United States Magistrate Judge Alicia Otazo-Reyes. ECF No. [148]. On May 24, 2023, Judge Otazo-Reyes issued a Report and Recommendation, ECF No. [198] ("R&R"), recommending that the Motion be granted in part and denied in part to enter a partial default final judgment against Venezuela and a default final judgment against Andrade Cedeno. *See id*. at 6. The R&R advised the parties that objections to the R&R must be filed within fourteen (14) days of the R&R. *Id.* Casa thereafter timely filed Objections to the Magistrate Judge's R&R, ECF No. [211] ("Objections"). Respondents Raul Gorrin Belisario ("Gorrin"), RIM Group Investments Corp., RIM Group Investments I Corp., RIM Group Investments II Corp., RIM Group Investments III Corp., Posh 8

Dynamic Inc., and Planet 2 Reaching Inc. ("Respondents") filed a Response to the Objections, ECF No. [213]. For the reasons that follow, the Objections are overruled and the R&R is adopted.

## I.     BACKGROUND

On August 27, 2021, Casa commenced this action by registering an Amended Final Judgment issued by the Southern District of New York against Judgment Debtor Bolivarian Republic of Venezuela ("Venezuela"). ECF No. [1]. Casa thereafter filed its *Ex Parte* Expedited Motion to Commence Proceedings Supplementary, to Implead Defendants, and for Issuance of Statutory Notices to Appear, ECF No. [3], on September 10, 2021. On June 7, 2022, Casa filed its First Motion to Amend, ECF No. [42]. That Motion was granted by Judge Otazo-Reyes, *see* ECF No. [59], and Casa thereafter filed its Amended *Ex Parte* Expedited Motion to Commence Proceedings Supplementary, ECF No. [60]. Statutory Notices to Appear were issued to Respondents. ECF Nos. [63]-[71].

On December 19, 2022, Casa moved for Clerk's Default as to Venezuela, ECF No. [110], and Andrade Cedeno, ECF No. [111]. On December 20, 2022, the Clerk entered Default against Venezuela, ECF No. [112], and Andrade Cedeno, ECF No. [113]. On January 30, 2023, Casa filed the instant Motion for Default Final Judgment. ECF No. [149]. On March 15, 2023, Judge Otazo-Reyes issued an Order to Show Cause requiring Respondents to show cause in writing why Casa's Motion should not be granted or alternatively to file responses to the Motion. ECF No. [175]. On April 4, 2023, Respondents filed a Response to the Order to Show Cause in which they argued that the Motion should be denied as to Venezuela. ECF No. [176]. Casa filed a Reply in support of its Motion on April 26, 2023. ECF No. [185].

On May 24, 2023, Judge Otazo-Reyes issued the R&R recommending that the Motion be granted in part and denied in part, recommending that this Court enter a partial default final

judgment against Venezuela and a default final judgment against Andrade Cedeno. ECF No. [198]. Casa timely filed Objections, arguing that the R&R incorrectly concluded that factual issues raised in Respondents' affirmative defenses preclude the Court from granting certain requested declaratory relief. ECF No. [211]. Respondents assert that Casa's Objections to the R&R should be overruled. *See generally* ECF No. [213].

## II.    LEGAL STANDARD

### A.    Objections to R&R

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)) (alterations omitted). The objections must also present "supporting legal authority." S.D. Fla. L. Mag. J.R. 4(b). The portions of the report and recommendation to which an objection is made are reviewed *de novo* only if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). If a party fails to object to any portion of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 F. App'x at 784 (quoting *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)); *see also Liberty Am. Ins. Grp. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001). "It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to an R & R." *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380,

382 (W.D.N.Y. 1992)). A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1).

### III.    DISCUSSION

As an initial matter, the Court finds the R&R's recommendation that default judgment be granted as to Andrade Cedeno to be well reasoned. Because Casa lodged specific objections to Judge Otazo-Reyes's recommendation that the Court issue only partial declaratory judgment and omit declarations that (1) Venezuela waived sovereign immunity and (2) used the properties at issue for commercial use, the Court reviews those recommendations *de novo*. The Court does not consider Respondents' arguments that the Motion for Default Judgment is procedurally improper or their substantive arguments about immunity and the Act of State Doctrine, except to the extent that they respond Casa's Objections.

#### A.  Waiver of Sovereign Immunity

Casa argues that the Court should interpret the Waiver of Immunity Provisions of the Fiscal Agency Agreements issued by Venezuela and conclude that Venezuela expressly waived its sovereign immunity from suit. ECF No. [211] at 2-3. Casa requests in its Objections that the Court include in its Default Judgment against Venezuela a declaration that "Plaintiff established that Venezuela expressly waived its immunity from suit and from execution under the Foreign Sovereign Immunities Act in the fiscal agency agreements that govern the underlying debt securities that form the basis of Plaintiff's judgment. ECF Nos. [60-24] at § 14(d); [60-25] at § 14(d)." *Id*. at 3.

Respondents assert that "the purported contractual waiver of sovereign immunity does not expand the property subject to attachment beyond: (i) property in the United States; (ii) used for commercial proposes." ECF No. [213] at 10 (citing *Connecticut Bank of Com. v. Republic of Congo*, 309 F.3d 240, 254 (5th Cir. 2002), *as amended on denial of reh'g* (Aug. 29, 2002)).

Respondents have directly challenged whether Venezuela waived its sovereign immunity through their asserted affirmative defenses. S*ee* ECF No. [127] at 3-6.

Judge Otazo-Reyes determined that "[g]iven the factual issues regarding Venezuela's waiver of immunity" issuing a "Partial Default Final Judgment as to Venezuela that only directly quotes the Southern District of New York's factual finding regarding Venezuela's waiver of immunity" is appropriate. ECF No. [198] at 6. Granting a complete Default Judgment would create the risk of inconsistent judgments and be improper. *See Drill S., Inc. v. Int'l Fid. Ins.*, 234 F.3d 1232, 1237 n.8 (11th Cir. 2000) ("where multiple defendants are jointly liable, it would be 'incongruous' for judgment to be entered against a defaulting defendant prior to the decision on the merits as to the remaining defendants").

However, the findings in the proposed Partial Default Judgment, ECF No. [198] at 8-10, do not present the issue of possible inconsistency because it adopts only the findings with regard to sovereign immunity. Those findings were already articulated by the Southern District of New York which issued the underlying judgment registered with this Court. *See* ECF No. [198] at 6; ECF No. [1-1]. The Court therefore agrees with Judge Otazo-Reyes that a Partial Default Judgment which limits its declarations to the findings of the Southern District of New York court which issued the underlying judgment is appropriate to avoid the possibility of inconsistent verdicts in this case.

**B. Commercial Use of the Properties**

Casa further contends that the "undisputed facts establish that Venezuela used the Properties to enter into an agreement with Plaintiff." ECF No. [211] at 4 (emphasis omitted). Casa objects to the omission of the following paragraph from the Default Judgment:

> Plaintiff established that Venezuela [used] the Properties for a commercial activity, as defined by 28 U.S.C. § 1610(a). Specifically, Venezuela contracted with Plaintiff (a private party) an assignment of its litigation rights against Raul Gorrin Belisario

> and his related entities guaranteeing that the real properties that are the subject of this action would be used to repay Plaintiff's judgment in exchange for Plaintiff's assumption of risk and cost of litigation and an express waiver of additional collection efforts against other public assets. By guaranteeing that the properties would be used to repay Plaintiff's judgment, Venezuela used the Properties for a commercial activity.

ECF No. [211] at 2.

Respondents respond that Casa did not allege that Venezuela used the properties for commercial activity. *Id*. (citing ECF No. [60]). Respondents further submit that their affirmative defenses raised in response to the Amended *Ex Parte* Expedited Motion specifically challenge whether the properties at issue were used for a commercial purpose. ECF No. [127] at 4-6.

The Court agrees with Judge Otazo-Reyes that it should not make a dispositive finding on the commercial use issue at this point given the need to fully resolve and adjudicate the issue on its merits. The Court finds that adding the declaratory language requested by Casa will present the possibility of inconsistent judgments within the same case. ECF No. [198] at 5-6; *see also Frow v. De La Vega*, 82 U.S. 552, 554 (1872) ("A final decree on the merits cannot be made separately against one of several defendants upon a joint charge against all, where the case is still pending as to the others.").

However, consistent with the R&R's recommendation, the Court finds that entering a partial default judgment in the form proposed and attached to the R&R as Exhibit A is appropriate. Such partial default judgment includes only the specific findings articulated by the Southern District of New York and omits the potentially inconsistent findings, avoiding the risk of inconsistent liability.

## IV.    CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1.  The Report and Recommendation, **ECF No. [198]**, is **ADOPTED**.

Case No. 21-cv-23103-BLOOM/Otazo-Reyes

2.  Casa's Objections, **ECF No. [211]**, are **OVERRULED**.

3.  Casa's Motion for Default Judgment, **ECF No. [149]**, is **GRANTED IN PART AND**

    **DENIED IN PART** consistent with this Order.

4.  Default Judgment against Andrade Cedeno and Partial Default Judgment against

    Venezuela will be entered by separate Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 17, 2023.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record