**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE  NO: 21-23103-CV-BLOOM/OTAZO-REYES**

CASA EXPRESS CORP. as Trustee of
CASA EXPRESS TRUST,

      Judgment Creditor,

v.

BOLIVARIAN REPUBLIC OF
VENEZUELA,

      Judgment Debtor.

_____/

CASA EXPRESS CORP. as Trustee of
CASA EXPRESS TRUST,

      Plaintiff,

v.

RAUL GORRIN BELISARIO, et al.,

      Impleaded Defendants.

_____/

**REPORT AND RECOMMENDATION RE: D.E. 231, 232 & 253**

THIS CAUSE came before the Court upon the following submissions:

1.      Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) and/or

Motion for Disposition before Trial Pursuant to Fed. R. Civ. P. 12(i), filed by Impleaded Defendant

Raul Gorrin Belisario ("Gorrin") (hereafter, "Gorrin's Motion for Judgment on the Pleadings")

[D.E. 231];

2.      Response in Opposition to [ECF No. 231] or, Alternatively, Cross-Motion to Serve Raul Gorrin Belisario via Email, filed by Plaintiff/Judgment Creditor Casa Express Corp. as Trustee of Casa Express Trust ("Plaintiff" or "Casa Express") (hereafter, "Response" and "Cross-Motion") [D.E. 252, 253]; and

3.      Motion for Judgment on the Pleadings, filed by Impleaded Defendants RIM Group Investments Corp., RIM Group Investments I Corp., RIM Group Investments II Corp., RIM Group Investments III Corp., Posh 8 Dynamic Inc., and Planet 2 Reaching Inc. (together, "Respondent Entities") and Gorrin (Respondent Entities and Gorrin together, "Respondents") (hereafter, "Respondents' Motion for Judgment on the Pleadings") [D.E. 232].

These matters were referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Beth Bloom, United States District Judge [D.E. 148]. The undersigned held a hearing on these matters on November 13, 2023 [D.E. 260]. Having fully considered the parties' arguments and the pertinent portions of the record, the undersigned respectfully recommends that Casa Express' Cross-Motion be GRANTED. The undersigned further recommends that Gorrin's Motion for Judgment on the Pleadings and Respondents' Motion for Judgment on the Pleadings be GRANTED IN PART and DENIED IN PART.

## PROCEDURAL BACKGROUND

Casa Express commenced this action on August 27, 2021, by registering an Amended Final Judgment ("Judgment") issued by the Southern District of New York against Judgment Debtor Bolivarian Republic of Venezuela ("Judgment Debtor" or "Venezuela") [D.E. 1]. On September 10, 2021, Casa Express filed its *Ex Parte* Expedited Motion to Commence Proceedings Supplementary, to Implead Defendants, and for Issuance of Statutory Notices to Appear ("Motion for Proceedings Supplementary"), invoking Rule 69(a) of the Federal Rules of Civil Procedure

(hereafter, "Rule 69(a)") and Fla. Stat. § 56.29 [D.E. 3].[1]  Casa Express' Motion for Proceedings Supplementary was granted on September 14, 2021 [D.E. 4].  Thereafter, the Court issued Statutory Notices to Appear directed at Gorrin [D.E. 15] and to the Respondent Entities [D.E. 8– 13].[2]  The Statutory Notices to Appear advised Gorrin and the Respondent Entities that Casa Express seeks to satisfy the Judgment in these Proceedings Supplementary, pursuant to Fla. Stat. § 56.29, by executing on the following properties variously titled in the Respondent Entities' names: 144 Isla Dorada Boulevard, Coral Gables, Florida 33143; 4100 Salzedo Street, Unit 1010, Coral Gables, Florida 33146; 4100 Salzedo Street, Unit 608, Coral Gables, Florida 33146; 4100 Salzedo Street, Unit 807, Coral Gables, Florida 33146; 4100 Salzedo Street, Unit 813, Coral Gables, Florida 33146; 4100 Salzedo Street, Unit 913, Coral Gables, Florida 33146; 18555 Collins Avenue, Unit 4401, Sunny Isles Beach, Florida 33160; and 7043 Fisher Island Dr., Unit 7043, Fisher Island, Florida 33109 (together, the "Properties") [D.E. 8–13, 15].  It is undisputed that the Properties are blocked by the Office of Foreign Assets Control ("OFAC") and that Casa Express does not have an OFAC license authorizing any "attachment, judgment, decree, lien, execution, garnishment, or other judicial process" with respect to the Properties. See 31 C.F.R. § 591.202(e).

Casa Express alleges that the eight Properties at issue

> were purchased by Gorrin (through shell entities) with misappropriated Venezuelan funds that he obtained through an illicit and corrupt foreign currency exchange scheme. Since misappropriated Venezuelan funds were used to acquire the real properties, the properties are subject to a constructive trust in favor of Venezuela, and . . . are subject to execution by Casa Express pursuant to 28 U.S.C. § 1610(c) and Florida Statute § 56.29.

---

[1] Rule 69(a) provides, in pertinent part: "A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."  Fed. R. Civ. P. 69(a).  Thus, Fla. Stat. § 56.29 governs these proceedings supplementary.

[2]  A prior Notice to Appear directed at Gorrin was superseded by Plaintiff's filing of a corrected request [D.E. 7, 14].

See Motion for Proceedings Supplementary [D.E. 3 at 2].[3]  As more fully set forth below, Casa Express relies on the report of its retained expert, Nelson Luis ("Mr. Luis"), to link the Properties to the Respondent Entities and the allegedly misappropriated Venezuelan funds.  See Luis Expert Report [D.E. 3-11, 60-14].[4]

On June 7, 2022, Casa Express filed a Motion to Amend its Motion for Proceedings Supplementary by interlineation to, *inter alia,* add jurisdictional allegations with respect to Gorrin in order to effectuate substitute service on him via the Florida Secretary of State, pursuant to Fla. Stat. § 48.181 (hereafter, "Motion to Amend") [D.E. 42].  On September 2, 2022, the undersigned granted Casa Express' Motion to Amend [D.E. 59] and, that same day, Casa Express filed its Amended Motion for Proceedings Supplementary [D.E. 60].  On September 7, 2022, the Court granted Casa Express' Amended Motion for Proceedings Supplementary [D.E. 62] and issued Statutory Notices to Appear directed at the Respondent Entities [D.E. 63–69, 71].  On September 8, 2022, the Court issued an Amended Statutory Notice to Appear directed at Gorrin [D.E. 76]. On December 22, 2022, Casa Express filed a return of service of the Amended Statutory Notice to Appear and other papers on Gorrin by way of substitute service made on the Florida Secretary of State on December 16, 2022 [D.E. 114].[5]

On December 27, 2022, Gorrin and the Respondent Entities moved for an extension of time, until January 13, 2023, to respond to the Amended Motion for Proceedings Supplementary

---

[3]  As noted above, these proceedings supplementary are governed by Fla. Stat. § 56.29.  Plaintiff also refers to 28 U.S.C. § 1610(c), which governs attachment of and execution on properties of a foreign state (Venezuela) in the United States.

[4]  Additionally, summonses were served on Venezuela, and Notices to Appear were served on Impleaded Defendants Claudia Patricia Diaz Guillen ("Diaz") and Alejandro Andrade Cedeno ("Andrade"), both of whom served as Treasurers of Venezuela.  See Motion for Proceedings Supplementary [D.E. 3].  Default Final Judgments have been entered against Diaz and Andrade [D.E. 216, 219]; and Partial Default Final Judgment has been entered against Venezuela [D.E. 218].

[5]  The Court did not require Casa Express to re-serve the Respondent Entities [D.E. 105 at 6].

and the Statutory Notices to Appear [D.E. 116], which request was granted [D.E. 117].[6]  A further

seven-day extension was later granted, making the response date January 20, 2023 [D.E. 120, 121].

On January 19, 2023, Casa Express filed a Declaration of Compliance with Fla. Stat. §

48.181 signed by its counsel, Andres Gamardo (hereafter, "Gamardo Declaration"), in support of

the reported substitute service on Gorrin [D.E. 124].  Gamardo averred that, on December 12,

2022, Casa Express attempted service on Gorrin at his last known address, 144 Isla Dorada

Boulevard, Coral Gables, Florida 33143, which is one of the Properties; and that, on December

16, 2022, the Florida Secretary of State accepted service on behalf of Gorrin.  See Gamardo

Declaration [D.E. 124 ¶¶ 20, 21].  Gamardo also averred that Casa Express mailed a copy of the

process to Gorrin at the Isla Dorada address via certified mail and to his business address in

Venezuela, where he purportedly works in person several days a week, relying on Gorrin's earlier

and successful Motion to Vacate Clerk's Default [D.E. 101 at 13].  Id. ¶ 22.  Finally, Gamardo

stated that he believes that Casa Express made a diligent effort to effectuate service of process on

Gorrin.  Id. ¶ 24.

On January 20, 2023, Respondents filed their Affidavit in Response to the Notices to

Appear and Memorandum in Opposition to the Amended Motion for Proceedings Supplementary

(hereafter, "Affidavit" and "Memorandum") [D.E. 127, 130 (same)].  The Affidavit is in the form

of a Declaration by Gorrin under 28 U.S.C. § 1746 (hereafter, "Gorrin Declaration") [D.E. 127-2,

128-3, 129 (same)].[7]

---

[6]  Gorrin reserved the right to challenge the adequacy of service of process [D.E. 116 at 2 n.1].
[7]  Casa Express moved to strike part of the Gorrin Declaration, pursuant to the fugitive disentitlement doctrine, given Gorrin's designation by the Department of Homeland Security as a most-wanted fugitive from prosecution in a pending criminal case against him in this jurisdiction, U.S. v. Gorrin Belisario, S.D. Fla. No. 18-cr-80160-WPD (hereafter, "Case No. 18-cr-80160").  See Casa Express' Motion to Strike [D.E. 155].  Specifically, Casa Express sought to strike a portion of paragraph 3 of the Gorrin Declaration, wherein Gorrin denied the criminal allegations and criminal charges against him, as set forth in the

Also on January 20, 2023, Gorrin filed a Motion to Dismiss or to Quash, challenging the sufficiency of service on him and the propriety of the assertion of personal jurisdiction over him [D.E. 128].  In a Report and Recommendation submitted on April 18, 2023, the undersigned concluded that Casa Express' substitute service on Gorrin was improper and should be quashed, in that it bypassed even an attempt to serve Gorrin under the Hague Convention [D.E. 180].  The undersigned further concluded that the Court lacked personal jurisdiction over Gorrin in these proceedings supplementary.  Id.  Specifically, the undersigned found the Luis Expert Report to be insufficient to establish the necessary connexity for the Court to exercise personal jurisdiction over Gorrin pursuant to Florida's long-arm statute, as set forth below.

> [T]he assertion of specific personal jurisdiction "requires a connection or 'connexity' between the enumerated activity in Florida and the cause of action." Knepfle v. J-Tech Corp., 48 F.4th 1282, 1292 (11th Cir. 2022).  Casa Express relies on the following opinion in the Luis Expert Report to establish this connexity:
>
>> Based on information presented by OFAC, starting in 2008, Gorrin was involved in a corrupt foreign currency exchange scheme, where the proceeds of such scheme were invested in real estate, among other assets; Gorrin and others used a network of corporate entities to obfuscate the beneficial ownership of such real estate or other assets; and such corporate entities used by Gorrin and others include the [Respondent] Entities. Relying on OFAC's findings, such properties were acquired using misappropriated Venezuelan funds.
>
> See Luis Expert Report [D.E. 60-14 ¶ 27].  However, while the referenced OFAC information lists the Respondent Entities, it makes no specific mention of the Properties.  See OFAC Press Release, Exhibit A to Luis Expert Report [D.E. 60-14 at 16–21].  Mr. Luis attempts to close this loop by noting the inclusion of the Properties in the forfeiture section of the indictment in U.S. v. Gorrin Belisario, S.D. Fla. No. 18-cr-80160-WPD.  See Luis Expert Report [D.E. 60-14 ¶ 25]. However, as acknowledged by Mr. Luis, the Properties are only listed as "substitute property under the provisions of Title 21, United States Code, Section 853(p)".  See Superseding Indictment [Case No. 18-cr-80160, D.E. 44 at 18–19].  This provision allows the government to "seize any other property of the defendant, up to the value of the tainted property—rather than the tainted property itself."  Honeycutt v. United States, 581 U.S. 443, 452 (2017) (citing 21 U.S.C. § 853(p)(2)) (internal

---

Superseding Indictment against him at D.E. 44 in Case No. 18-cr-80160.  Id. at 2–3.  The undersigned granted Casa Express' Motion to Strike, as limited in its request [D.E. 184].

> quotation marks omitted).   Thus, a necessary link in the chain between the
> Properties and the alleged use of Venezuelan misappropriated funds to purchase
> them remains open.   Hence, even assuming the imputation of the Respondent
> Entities' activities in Florida to Gorrin, Casa Express has failed to satisfy the
> connexity requirement between the alleged activities in Florida and its claim for the
> imposition of a constructive trust upon the Properties.  Knepfle, 48 F.4th at 1292.
> Accordingly, Casa Express' allegations are insufficient to support the Court's
> assertion of specific personal jurisdiction over Gorrin.

See Report and Recommendation re: D.E. 128 [D.E. 180 at 11–12].  Therefore, the undersigned

recommended that the Motion to Dismiss or to Quash be granted without prejudice to give Casa

Express another opportunity to serve Gorrin and to allege sufficient facts to support the Court's

assertion of specific personal jurisdiction over him.  Id. at 13.

On May 25, 2023, the Court found that Gorrin had waived his right to file a Rule 12(b)

motion to dismiss by filing his first responsive pleading (i.e., the Affidavit and Memorandum [D.E.

127, 130 (same)]) prior to the Motion to Dismiss or to Quash.  See Order on Objections to Report

& Recommendation [D.E. 200].  Accordingly, the Court denied Gorrin's Motion to Dismiss or to

Quash.  Id.  However, the Court further ruled that Gorrin had not waived the defenses of improper

service and lack of personal jurisdiction.  Id.

Gorrin's Motion for Judgment on the Pleadings reprises his challenges to service of process

and personal jurisdiction [D.E. 231].  Separately, Respondents' Motion for Judgment on the

Pleadings are predicated on various affirmative defenses asserted by Respondents in response to

the Amended Motion for Proceedings Supplementary [D.E. 232].[8]  As discussed below, the

undersigned concludes that both Motions for Judgment on the Pleadings should be granted in part.

---

[8]  On February 10, 2023, Casa Express filed a Motion to Strike Impleaded Defendants' Affirmative
Defenses and the undersigned recommended that it be denied except for two non-relevant affirmative
defenses [D.E. 154, 181].   On May 30, 2023, the Court adopted the undersigned's Report and
Recommendation [D.E. 201].

## STANDARD ON MOTIONS FOR JUDGMENT ON THE PLEADINGS

Rule 12(c) of the Federal Rules of Civil Procedure provides: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "[A] judgment on the pleadings alone, if sustained, must be based on the undisputed facts appearing in all the pleadings." Stanton v. Larsh, 239 F.2d 104, 106 (5th Cir. 1956).

## GORRIN'S MOTION FOR JUDGMENT ON THE PLEADINGS

### 1. *Service of Process.*

In response to Gorrin's Motion for Judgment on the Pleadings, Casa Express argues again that it properly effectuated substitute service on him, pursuant to Fla. Stat. § 48.181. See Response [D.E. 252 at 2]. However, as the undersigned previously found, Casa Express' substitute service on Gorrin was improper, in that it bypassed even an attempt to serve Gorrin under the Hague Convention [D.E. 180]. At the Hearing, Casa Express informed the undersigned for the first time that it had attempted to serve Gorrin in compliance with the Hague Convention on April 12, 2023, but that it had received no response from the Venezuelan Central Authority to date. Respondents objected to the ostensible validity of this effort on various procedural grounds, but those objections could be cured by the filing of a supplemental declaration from the Venezuelan attorney who undertook the Hague-compliant service effort. Moreover, given the passage of time with no response from the Venezuelan Central Authority, the undersigned finds that Casa Express' attempt satisfies the requirement set forth in the undersigned's Report and Recommendation. Therefore, the undersigned finds merit in Casa Express' Cross-Motion, and concludes that Casa Express should be permitted to serve Gorrin via email in accordance with Fed. R. Civ. P. 4(f)(3). Nevertheless, as discussed below, the undersigned also finds merit in Gorrin's personal jurisdiction

arguments. Therefore, the undersigned also recommends that, even if service on Gorrin were achieved via email, Gorrin's Motion for Judgment on the Pleadings be granted in part and Gorrin be dismissed for lack of personal jurisdiction.

### 2. *Personal Jurisdiction.*

Casa Express relies on the following two prongs of the Florida long-arm statute for the assertion of specific personal jurisdiction over Gorrin:

> 1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
>
> 2. Committing a tortious act within this state.

Fla. Stat. § 48.193(1)(a)(1)–(2). See Response [D.E. 252 at 8–13]. The undersigned discusses each of these prongs in turn and concludes that Casa Express has not satisfied either one of them. Therefore, Gorrin is entitled to judgment on the pleadings for lack of personal jurisdiction.

> ➤ **Committing a tortious act within this state.**

Casa Express alleges in its Amended Motion for Proceedings Supplementary that Gorrin is "accountable for wrongfully participating in [a] breach of trust because he committed an overt act in furtherance of the breach of trust (i.e., the bribe payments), with knowledge that a breach of trust was being committed." See Am. Mot. for Proceedings Supplementary [D.E. 60 at 16]. The alleged bribe payments were purportedly in furtherance of the above-referenced "illicit and corrupt foreign currency exchange scheme." Id. at 2. Casa Express relies on the Superseding Indictment against Gorrin in Case No. 18-cr-80160 to set forth a list of "Overt Acts Linking Gorrin's Bribe Payments to Florida", which consist of: a meeting with Andrade in Florida "to discuss the payment of bribes"; and wiring of funds to Andrade's and Diaz's Florida bank accounts for a yacht, veterinary services, a security system, horse-related expenses, a fashion company, and a home

improvement company.  <u>See</u> Response [D.E. 252 at 9].[9]  Casa Express then posits that these allegations support the Court's exercise of specific personal jurisdiction over Gorrin based on his committing a tortious act in Florida because the required "connection or connexity" between the activities in Florida and the tort of wrongful participation in a breach of trust is satisfied.  <u>Knepfle</u>, 48 F.4th at 1292.

However, even if these allegations are deemed undisputed, Casa Express still fails to link any of these bribe-related overt acts to the Properties over which it seeks to impose a constructive trust in these proceedings supplementary.  Casa Express argues that it need not do so because the imposition of a constructive trust over the Properties is not a claim but only the relief it seeks for the tort of wrongful participation in a breach of trust.  There are two problems with Casa Express' attempt to hang personal jurisdiction on such a disjointed theory.  First, a constructive trust is the *raison d'etre* for these proceedings supplementary, whereby Casa Express seeks to collect on its Judgment against Venezuela.  <u>See</u> Am. Mot. for Proceedings Supplementary [D.E. 60 at 13–15] (detailed discussion of Casa Express' ability to satisfy all of the elements required for imposition of a constructive trust so that it can execute its Judgment on the Properties); <u>see also</u> Plaintiff's Mot. to Extend Notices of Lis Pendens [D.E. 222 at 2] (arguing that "[i]n a constructive trust action, like this proceeding" Casa Express was not required "to establish [its] constructive trust claim by the greater weight of the evidence" to obtain the requested extension).  Second, Casa Express cites no authority for the novel idea that the Court can exercise specific personal jurisdiction over Gorrin for alleged acts that are related to a tort but that are disjointed from the relief sought for that tort.  Indeed, Casa Express' confidence in this creative approach is belied by its alternative theory of personal jurisdiction, discussed below.

---

[9] Casa Express notes that the Superseding Indictment was attached as an exhibit to the Amended Motion for Proceedings Supplementary.  <u>See</u> Response [D.E. 252 at 9].

> **Conducting a business in this state.**

Casa Express argues that, even if its claim in these proceedings supplementary is deemed to be one for the imposition of a constructive trust, then it has alleged sufficient facts for the Court to exercise specific personal jurisdiction over Gorrin for conducting a business in Florida, based on the following allegations: Gorrin applied for ownership membership in the condominium association for one of the Properties; and Gorrin executed quit claim deeds transferring title to some of the Properties from Gorrin-controlled entities to some of the Respondent Entities.  See Response [D.E. 252 at 10].[10]   At the Hearing, Casa Express emphasized its reliance on the condominium application because approval of the application was ostensibly "only for the individuals named in the application."  Id.  However, even if such generic language from the condominium association is accepted as undisputed, it does not turn Gorrin's application on behalf of one of the Respondent Entities into actually conducting business in Florida.  In Horizon Aggressive Growth, L.P. v. Rothesteing-Kass, P.A., 421 F.3d 1162, 1167 (11th Cir. 2005), the Eleventh Circuit listed the following relevant factors to consider in determining whether a defendant is conducting business in Florida: the presence and operation of an office in Florida; the possession and maintenance of a license to do business in Florida; the number of Florida clients served; and the percentage of overall revenue gleaned from Florida clients.  None of these factors are present here with respect to Gorrin.  Therefore, Casa Express' alternative conducting business approach for exercising personal jurisdiction over Gorrin is equally flawed.

Finally, even if the Florida long-arm statute somehow applied to Gorrin, the constitutional minimum contacts analysis still fails.  "There are three considerations under the due process clause: (1) purposeful availment of the forum state; (2) the cause of action arises out of the activities of

---

[10] Casa Express notes that documents supporting these allegations were attached as exhibits to the Amended Motion for Proceedings Supplementary.  See Response [D.E. 252 at 10].

which you purposefully availed yourself, i.e., the contacts must proximately result from actions by the defendant *himself* that create a substantial connection with the forum state, . . . and (3) reasonable foreseeability that [a defendant] should reasonably anticipate being haled into court there." Future Tech. Today, Inc. v. OSF Healthcare Sys., 218 F.3d 1247, 1250–51(11th Cir. 2000) (alteration in original) (quotation marks omitted).  Given the weakness of Casa Express' arguments for application of the Florida long-arm statute to Gorrin, it cannot be said that the exercise of personal jurisdiction over him comports with these due process requirements.

Based on the foregoing considerations, the undersigned respectfully recommends that Gorrin's Motion for Judgment on the Pleadings be granted in part; and that, even if service could be accomplished on him via email, Gorrin should still be dismissed from this action for lack of personal jurisdiction.

## RESPONDENTS' MOTION FOR JUDGMENT ON THE PLEADINGS

Respondents have also moved for judgment on the pleadings based on various substantive grounds.  Initially, Respondents argue that Casa Express has failed to allege a viable constructive trust theory, because the Properties are not traceable to the misappropriated funds that Casa Express ascribes to the above-referenced "illicit and corrupt foreign currency exchange scheme." See Motion for Proceedings Supplementary [D.E. 3 at 2].  Respondents also seek judgment on the pleadings based on several of their affirmative defenses, namely: that Casa Express lacks standing; that the Properties are immune from attachment and execution under the Foreign Sovereign Immunities Act ("FSIA"); that judicial process against the Properties is null and void based on OFAC's regulations; that Casa Express' claims are barred by the act of state doctrine; and that the Court lacks ancillary jurisdiction over this matter.  The undersigned finds merit in all but one of these contentions.

➢ **Constructive trust.**

As Respondents accurately note, in the prior personal jurisdiction analysis, the undersigned found that, for purposes of seeking the imposition of a constructive trust over the Properties, "a necessary link in the chain between the Properties and the alleged use of Venezuelan misappropriated funds to purchase them remains open."  <u>See</u> Respondents' Reply in Support of Motion for Judgment on the Pleadings (hereafter, "Reply") [D.E. 256 at 3] (quoting Report and Recommendation [D.E. 181 at 6]).  Moreover, as discussed above, Casa Express has once again failed to establish this necessary link in the personal jurisdiction context.  Respondents now seek a merits determination regarding the viability of Casa Express' constructive trust theory.

In its Appeal from the undersigned's Order denying Casa Express' Motion to Extend Notices of Lis Pendens [D.E. 222], Casa Express cited several sources that would purportedly support the alleged link between the Venezuelan misappropriated funds and the Properties [D.E. 257].  First, Casa Express referenced OFAC's findings that "from 2008 through January 2019, Gorrin invested misappropriated Venezuelan [funds] generated from the foreign currency exchange scheme in real properties [] located in Florida through a network of corporate entities to obfuscate his ownership in the properties."  <u>See</u> Appeal [D.E. 257 at 7].  However, there is no specific mention of the Properties in those findings.  Next, Casa Express relied on the Luis Expert Report's conclusion that the Properties were acquired using misappropriated Venezuelan funds.  <u>Id.</u>  However, as previously found by the undersigned, Mr. Luis' analysis is flawed because the listing of the Properties in the forfeiture section of the indictment against Gorrin in Case No. 18-cr-80160-WPD as substitute property does not render them tainted but simply "allows the government to seize any other property of the defendant, up to the value of the tainted property—

rather than the tainted property itself." <u>See</u> Report and Recommendation [D.E. 181 at 11].  Finally,

Casa Express relied on this chart published by OFAC:



<u>Id.</u> at 8.  However, once again, the chart makes no specific mention of the Properties.  Therefore,

even these proffers fail to provide a factual basis for the necessary link between the

misappropriated Venezuelan funds and the Properties.

Accordingly, Respondents are entitled to judgment on the pleadings with respect to Casa

Express' request for the imposition of a constructive trust on the Properties on behalf of Venezuela.

➢ **Standing.**

Respondents have presented a thorough analysis of constitutional and prudential standing

in support of their contention that Casa Express "has not pled, and cannot establish, any of the

elements necessary for Article III standing or prudential standing and therefore cannot impose a

third-party constructive trust on Respondents' properties."   <u>See</u> Respondents' Motion for

Judgment on the Pleadings [D.E. 232 at 7–9].  Casa Express counters that Florida law allows Casa Express, as judgment creditor of Venezuela, to step in the shoes of its judgment debtor and "seek the imposition of a constructive trust over real property held by a third party."  See Plaintiff's Response to Impleaded Defendants' Motion for Judgment on the Pleadings (hereafter, "Second Response") [D.E. 251 at 3].  However, Respondents reply that what Casa Express seeks to assert against them in these proceedings supplementary is a "personal chose in action" of Venezuela, namely, a claim for wrongful participation in a breach of trust, which purportedly provides the predicate for the imposition of a constructive trust on the Properties.  See Reply [D.E. 256 at 7–8]. As argued by Respondents,

> Casa cites no case in which a judgment creditor has obtained title to a "chose in action" of a sovereign nation debtor and then prosecuted a lawsuit on the sovereign's behalf, let alone allowing a private judgment creditor to obtain title to a purported "chose in action" which claims that the sovereign nation's highest officials (including the president) defrauded the sovereign nation and absconded with ill-gotten gains. Casa's alleged "chose in action" – in which it purports to claim on behalf of Venezuela that its highest-level official defrauded the country – is of such a personal and sensitively sovereign nature that it should come as no surprise that there is no case in which it has ever been allowed for a private judgment creditor to obtain title to such a "chose in action" and pursue a lawsuit on behalf of a sovereign.

Id. at 8.

Alternatively, Casa Express contends that Venezuela has assigned to Casa Express its litigation rights by virtue of "a law to incentivize creditors of the Republic to sue 'the holders of Venezuelan assets obtained through acts of corruption.'"  See Second Response [D.E. 251 at 4, 6]. According to Casa Express, Venezuela has accepted its proposal to execute on the Properties on behalf of Venezuela, and this approval is the equivalent of an assignment of litigation rights.  Id. at 6.  At the Hearing, however, Casa Express acknowledged that it had not strictly considered the

legal requirements for making an assignment of litigation rights and that the Venezuelan law upon which it relies may not meet those requirements.[11]

Accordingly, Respondents are entitled to judgment on the pleadings with respect to their affirmative defense of Casa Express' lack of standing.

➢ **FSIA immunity.**

Respondents next argue that, "assuming arguendo Casa's claim that the Properties belong to Venezuela, they would be immune from attachment and execution under the FSIA[,] 28 U.S.C. § 1601, *et seq.*"  See Respondents' Motion for Judgment on the Pleadings [D.E. 232 at 9].  The FSIA provides, in pertinent part, that:

> (a) The property in the United States of a foreign state, as defined in section 1603(a) of this chapter, used for a commercial activity in the United States, shall not be immune from attachment in aid of execution, or from execution, upon a judgment entered by a court of the United States or of a State after the effective date of this Act, if—
>
> (1) the foreign state has waived its immunity from attachment in aid of execution or from execution either explicitly or by implication, notwithstanding any withdrawal of the waiver the foreign state may purport to effect except in accordance with the terms of the waiver, or
>
> (2) the property is or was used for the commercial activity upon which the claim is based[.]

28 U.S.C. § 1610(a)(1)–(2).

Casa Express first argues that Venezuela expressly waived sovereign immunity from suit and execution in the Fiscal Agency Agreements upon which Casa Express sued Venezuela in New York and that such waiver is effective in this action.  See Second Response [D.E. 251 at 5–6].

---

[11]  Even Casa Express' watered down contention that the Venezuelan law "authorized" Casa Express to bring these proceedings supplementary was successfully challenged at the Hearing, based on the fact that the Venezuelan Attorney General's purported authorization post-dated the commencement of this action.

However, the Partial Default Judgment entered here against Venezuela was limited to waiver from suit:

> Plaintiff established that the District Court for the Southern District of New York interpreted the "Waiver of Immunity" provisions in the underlying action against Venezuela. The District Court for the Southern District of New York ruled that Venezuela "expressly waived its sovereign immunity" in the FAAs.

See Partial Default Judgment [D.E. 218].  Therefore, no waiver from attachment and execution has migrated here.

Casa Express next argues that the commercial exception applies to the Properties because Venezuela guaranteed them for the repayment of the Judgment.  See Second Response [D.E. 251 at 6–8].  Casa Express predicates this argument on the Venezuelan law discussed above in connection with the standing defense.  However, there is no mention of the Properties in the Venezuelan law; the Attorney General's purported authorization of these proceedings supplementary came after their commencement; and the purported guarantee does not constitute use of the Properties for commercial activities by Venezuela.  United States v. M/Y Galactica Star, 13 F.4th 448, 459 (5th Cir. 2021) (Nigeria's participation in the sale of a yacht for civil forfeiture purposes did not constitute commercial activity resulting in a waiver of its sovereign immunity).

Finally, Casa Express contends that the commercial activity that triggers the foreign sovereign immunity exception need not be conducted by Venezuela because 28 U.S.C. § 1610(a)(1) does not explicitly require that the commercial activity with respect to property in the United States of a foreign state be actually carried out by the foreign state.  See Second Response [D.E. 251 at 8–11].  Based on this argument, Casa Express further contends that Gorrin's alleged use of the Properties for commercial activity is sufficient to trigger the FSIA immunity exception. Id.  Casa Express' argument that another's use of a foreign state's property for commercial activity would result in a foreign state's waiver of sovereign immunity lacks merit.  In making this

17

argument, Casa Express contrasts the language of 28 U.S.C. § 1605, which expressly refers to commercial activity by the foreign state, to that of 28 U.S.C. § 1610(a), which does not include the same explicit reference.  However, Casa Express's interpretation violates the well-established canon of statutory construction that context must be taken into account.  Dolan v. U.S. Postal Serv., 546 U.S. 481, 486 (2006); Pine v. City of W. Palm Beach, FL, 762 F.3d 1262, 1270 (11th Cir. 2014).  In context, and contrary to Casa Express' theory, "[t]he property in the United States of a foreign state . . . used for a commercial activity in the United States", 28 U.S.C. § 1610(a), does not mean that the foreign state loses its FSIA immunity if someone else uses its property for commercial activity, as Casa Express contends.

Accordingly, Respondents are entitled to judgment on the pleadings with respect to their affirmative defense of FSIA immunity.

➢ **OFAC regulations.**

As previously noted, it is undisputed that the Properties are blocked by OFAC and that Casa Express does not have an OFAC license authorizing any "attachment, judgment, decree, lien, execution, garnishment, or other judicial process" with respect to the Properties. See 31 C.F.R. § 591.202(e).  At the Hearing, Casa Express proffered an Interpretive Guidance Letter ("Letter") from OFAC's Deputy Assistant Director for Licensing, Mary P. Rasmussen [D.E. 257-1], presumably to support Casa Express' contention that it does not need an OFAC license to proceed with this litigation.  However, the Letter also states, in part:

> Please note, however, that the entry into a settlement agreement or the enforcement of any lien, judgment, arbitral award, decree, or other order through execution, garnishment, or other judicial process purporting to transfer or otherwise alter or affect property or interests in property blocked pursuant to the [Venezuela Sanctions Regulations] VSR is prohibited unless authorized pursuant to a specific license issued by OFAC pursuant to the VSR. See VSR § 591.407. This includes the purported creation or perfection of any legal or equitable interests (including contingent or inchoate interests) in blocked property. See FAQ 808. We encourage

> you to submit a license application or interpretive guidance request to OFAC, as appropriate, if and when the judicial process reaches that point.

Letter [D.E. 257-1 at 3].  Thus, the Letter does not appear to authorize the imposition of a constructive trust on the Properties, as requested by Casa Express, absent an OFAC license. Nevertheless, given the potential issuance of such a license alluded to in the Letter, the undersigned does not find that Respondents are entitled to judgment on the pleadings with respect to their OFAC regulations affirmative defense.

> ➢ **Act of state doctrine.**

"The act of state doctrine in its traditional formulation precludes the courts of this country from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory." Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 401 (1964).  The doctrine "operates as an issue preclusive device, foreclosing judicial inquiry into the validity or propriety of such acts in litigation between any set of parties." Glen v. Club Mediterranee S.A., 365 F. Supp. 2d 1263, 1271 (S.D. Fla. 2005).  Casa Express contends that the act of state doctrine is inapplicable here because the Amended Motion for Proceedings Supplementary "does not seek to invalidate the foreign currency exchange transactions that took place in Venezuela.  It merely seeks to establish that certain acts occurred while the foreign currency exchange transactions were performed (i.e., Gorrin paid bribes to Andrade Cedeno and Diaz Guillen; whether Gorrin misappropriated Venezuelan funds through the foreign currency exchange scheme; and whether Gorrin invested those funds in the real properties)." See Second Response [D.E. 251 at 19]. However, Casa Express' contention that Gorrin's bribe payments were purportedly in furtherance of an illicit and corrupt foreign currency exchange scheme is the *sine qua non* of its claim that Gorrin, Andrade, and Diaz participated in the breach of trust claim upon which it predicates its constructive trust theory.  Thus, for Casa Express to obtain the relief it seeks in these proceedings

supplementary, the Court must find that the acts of two Venezuelan Treasurers were a breach of trust; hence, illegitimate.  Such a finding is precluded by the act of state doctrine's preclusive effect.  Glen, 365 F. Supp. 2d at 1271.  No amount of word play on the part of Casa Express can negate this reality.

Accordingly, Respondents are entitled to judgment on the pleadings with respect to their act of state doctrine affirmative defense.

➢ **Ancillary jurisdiction.**

Respondents' final argument is that the Court lacks ancillary jurisdiction over these proceedings supplementary because "[a]ncillary jurisdiction does not extend to 'a new lawsuit to impose liability for a judgment on a third party.'" Nat'l Mar. Servs., Inc. v. Straub, 776 F.3d 783, 787 (11th Cir. 2015) (quoting Peacock v. Thomas, 516 U.S. 349, 359 (1996)).  As the Peacock court explained, "[i]n a subsequent lawsuit involving claims with no independent basis for jurisdiction, a federal court lacks the threshold jurisdictional power that exists when ancillary claims are asserted in the same proceeding as the claims conferring federal jurisdiction." Peacock, 516 U.S. at 355.

Initially, Casa Express attempts to distinguish Peacock on the grounds that it is not looking to hold Respondents personally liable for the Judgment.  However, this is a distinction without a difference, since the Respondent Entities own the Properties upon which Casa Express seeks to impose a constructive trust in favor of Venezuela so that it can collect on the Judgment it obtained in New York by executing on the Properties.  Moreover, contrary to Casa Express' contention, this case is not like Nat'l Mar. Servs., Inc. v. Straub, 776 F.3d 783 (11th Cir. 2015), which involved a fraudulent transfer claim rather than the imposition of a constructive trust predicated on a breach of trust claim.

Casa Express also argues that the Court possesses jurisdiction to enforce the New York Judgment it registered in this District, but that jurisdiction is limited to the judgment debtor, Venezuela, under <u>Peacock</u>.

Casa Express further argues that the Court has subject matter jurisdiction under the FSIA, but Respondents counter that such jurisdiction is only applicable to the proceedings supplementary against Venezuela, the judgment debtor, and that it does not extend to the third-party Respondents. Casa Express further argues, however, that FSIA jurisdiction is applicable here because the FSIA's "immovable property" exception is in play. However, this contention is predicated on Casa Express' request for the imposition of a constructive trust over the Properties, which the undersigned has found above to be legally deficient.

Accordingly, Respondents are entitled to judgment on the pleadings with respect to their affirmative defense that the Court lacks ancillary jurisdiction over these proceedings supplementary.

## **<u>RECOMMENDATION</u>**

Based on the foregoing considerations, the undersigned respectfully recommends that Gorrin's Motion for Judgment on the Pleadings be GRANTED IN PART [D.E. 231] on the grounds that Casa Express has failed to allege sufficient facts to support the assertion of personal jurisdiction over him; and that, assuming that Casa Express sufficiently supplements the record with regard to its efforts to serve Gorrin pursuant to the Hague Convention, Gorrin's Motion for Judgment on the Pleadings be otherwise denied and Casa Express's Cross-Motion for leave to serve Gorrin via email [D.E. 253] be GRANTED. However, such service would be moot, due to lack of personal jurisdiction over Gorrin. The undersigned further recommends that Respondents' Motion for Judgment on the Pleadings [D.E. 232] be GRANTED IN PART on all grounds except

for the OFAC regulations affirmative defense, as to which the undersigned recommends that the Motion be DENIED.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Beth Bloom, United States District Judge.  Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal.  See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).  Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida this 27th day of November, 2023.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:    United States District Judge Beth Bloom
       Counsel of Record