**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-23103-BLOOM/Torres**

CASA EXPRESS CORP, *as Trustee*
*of Casa Express Trust*,

       Judgment Creditor,

v.

BOLIVARIAN REPUBLIC OF VENEZUELA,

       Judgment Debtor.

_____/

## OMNIBUS ORDER ON REPORT AND RECOMMENDATION AND APPEAL

**THIS CAUSE** is before the Court upon United States Magistrate Judge Alicia Otazo-Reyes' Report and Recommendation ("R&R"), ECF No. [262], on three Motions: Respondent Raul Gorrin Belisario's ("Gorrin") Motion for Judgment on the Pleadings ("Gorrin's Motion"), ECF No. [231]; Respondents'[1] Motion for Judgment on the Pleadings ("Respondents' Motion"), ECF No. [232]; and Judgment Creditor Casa Express Corporation's ("Casa") Response in Opposition to [ECF No. 231] or Alternatively, Cross-Motion to Serve Raul Gorrin Belisario via Email ("Cross-Motion"), ECF Nos. [252], [253]. All post-judgment matters, including the instant Motions, were referred to Magistrate Judge Alicia Otazo-Reyes. ECF No. [148]. Judge Otazo-Reyes held a hearing on the matters pertaining to these three Motions on November 13, 2023, ("Hearing"), ECF No. [261]. Thereafter, Judge Otazo-Reyes issued her "R&R." Casa filed an Objection, ECF No. [276], and Respondents filed a Response, ECF No. [281].

Before the Court is also Casa's Appeal and Objections to Order ECF No. [241], ("Appeal"),

_____

[1] The "Respondents" are Raul Gorrin Belisario ("Gorrin"), and the "Respondent Entities" or "Entities" are RIM Group Investments Corp., RIM Group Investments I Corp., RIM Group Investments II Corp., RIM Group Investments III Corp., Posh 8 Dynamic Inc., and Planet 2 Reaching Inc.

ECF No. [257]. Casa earlier filed a Motion to Extend Notices of Lis Pendens, ("Motion to Extend"), ECF No. [222]. Respondents filed a Response in Opposition to the Motion to Extend, ECF No. [268], and the matter was referred to Judge Otazo-Reyes. ECF No. [148]. Judge Otazo-Reyes thereafter denied the Motion in Order Re: D.E. 222, ("Order"), ECF No. [241].

The Court has reviewed the Motions, the Appeal, the supporting and opposing submissions, the record in the case, and is otherwise fully advised. For the reasons that follow, the R&R is adopted in part, and the Appeal is denied.

## I.   BACKGROUND

The Court assumes the parties' familiarity with the facts of this case and adopts the procedural history contained in the R&R.

On August 27, 2021, Casa commenced this action by registering an Amended Final Judgment ("Judgment") issued by the Southern District of New York awarding judgment in favor of Casa and against Judgment Debtor Bolivarian Republic of Venezuela ("Venezuela") for non-payment of two dollar-denominated sovereign bonds beneficially owned by Casa, ECF No. [1]. After registering the Judgment, Casa filed its *Ex Parte* Expedited Motion to Commence Proceedings Supplementary, to Implead Defendants, and for Issuance of Statutory Notices to Appear, ("*Ex Parte* Motion") ECF No. [3], which this Court granted, ECF No. [4].[2] Upon filing the *Ex Parte* Motion, the Judgment (including post-judgment interest) totaled $43,342,865.52. ECF No. [3] at 4. On June 7, 2022, Casa filed its First Motion to Amend, which was granted. ECF Nos. [42], [59]. Casa thereafter filed its Amended *Ex Parte* Expedited Motion to Commence Proceedings Supplementary, ("Amended Motion"), ECF No. [60]. Casa seeks to execute on the

---

[2] In the Court's order, Casa was permitted to implead Alejandro Andrade Cedeno, Raul Gorrin Belisario, RIM Group Investments Corp., RIM Group Investments I Corp., RIM Group Investments II Corp., RIM Group Investments III Corp., Posh 8 Dynamic Inc., and Planet 2 Reaching Inc. in proceedings supplementary to and in aid of judgment or execution, ECF No. [4] at 3.

Judgment pursuant to the Foreign Sovereign Immunities Act ("FSIA") 28 U.S.C. § 1610(c), Federal Rule of Civil Procedure 69(a), Florida Statutes, § 56.29, and Southern District of Florida Local Rule 7.1(d)(2). ECF No. [60] at 1.

Statutory Notices to Appear were again issued to Respondents. ECF Nos. [63]-[71]. Eight properties ("Properties")[3] are identified in the Amended Motion; Casa seeks to satisfy its Judgment through the Properties, and the Entities[4] hold title to all eight Properties. ECF No. [60,] ¶¶ 27, 29. Casa argued that an independent investigation conducted by its Certified Fraud Examiner and Certified Forensic Interviewer, Nelson Luis ("Luis"), established that the Entities purchased the Properties with misappropriated Venezuelan funds ("Funds"), and that "Casa Express, as a Judgment Creditor of Venezuela, is entitled to execute against the Properties in partial satisfaction of its judgment." *Id.* ¶ 39.

On July 11, 2023 and July 17, 2023, this Court issued default final judgments against two former National Treasurers of Venezuela, Claudia Patricia Diaz Guillen ("Guillen"), Alejandro Andrade Cedeno ("Cedeno"), and a partial default against Venezuela. ECF Nos. [215], [218]. In the default final judgments against Guillen and Cedeno, the Court determined that these former National Treasurers of Venezuela breached their fiduciary duties in accepting bribes related to the misappropriated Venezuelan funds.[5] *Id*. Additionally, this Court declared that Venezuela waived

---

[3] The Properties are: 144 Isla Dorada Boulevard, Coral Gables, Florida 33143; 4100 Salzedo Street, Unit 1010, Coral Gables, Florida 33146; 4100 Salzedo Street, Unit 608, Coral Gables, Florida 33146; 4100 Salzedo Street, Unit 807, Coral Gables, Florida 33146; 4100 Salzedo Street, Unit 813, Coral Gables, Florida 33146; 4100 Salzedo Street, Unit 913, Coral Gables, Florida 33146; 18555 Collins Avenue, Unit 4401, Sunny Isles Beach, Florida 33160; and 7043 Fisher Island Dr., Unit 7043, Fisher Island, Florida 33109. ECF No. [60] at 9.

[4] The Entities are: RIM Group Investments Corp., RIM Group Investments I Corp., RIM Group Investments II Corp., RIM Group Investments III Corp., Posh 8 Dynamic Inc., and Planet 2 Reaching Inc. ECF No. [4] at 3.

[5] Additional declarations against Guillen and Cedeno included a valid unjust enrichment claim was established against them, and their conduct satisfied the elements necessary to impose a constructive trust.

its sovereign immunity to suit through the fiscal agency agreements ("FAA") controlling the bond agreement. ECF No. [218] at 2.

Gorrin thereafter filed his Motion seeking a ruling that Casa failed to both properly serve him and establish personal jurisdiction over him. ECF No. [231]. Additionally, Gorrin joined Respondent Entities and filed a motion seeking judgment on the pleadings as to the following affirmative defenses: (1) Casa lacks standing to impose a third-party constructive trust on their Properties on behalf of Venezuela; (2) Casa's claims are barred by the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1604, 1609, which provides a presumption of sovereign immunity from attachment of property or suit; (3) the Properties are blocked by the United States Treasury Department, Office of Foreign Asset Control ("OFAC") and Casa lacks the requisite OFAC license to proceed; (4) Casa failed to establish ancillary jurisdiction; and (5) Casa has failed to allege and cannot establish the elements of a constructive trust remedy. ECF No. [232] at 2.

Casa filed its Cross-Motion, which included its Response to Gorrin's Motion, contending that the Hague Convention is unavailable to serve Gorrin because Venezuela has no central authority to process international service pursuant to the Hague Convention. ECF No. [252] at 2. Further, as Venezuela is a derecognized regime, compelling Casa to serve Gorrin in Venezuela through existing authorities raises political and separation of powers issues. *Id.* Therefore Casa moved to serve Gorrin by email. *Id.* at 6. Casa further argues personal jurisdiction exists over Gorrin pursuant to Fla. Stat. § 48.193(1)(a)(1)-(2).[6] since Gorrin committed tortious acts in Florida by making bribe payments to Cedeno and Guillen with knowledge and in furtherance of its breach

---

[6] The Florida long-arm statute for the assertion of personal jurisdiction provides, as pertinent here, "[a] person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, . . . to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts (1) operating, conducting, engaging in, or carrying on a business or business venture in this state or having and office or agency in this state; (2) committing a tortious act within this state."

of trust. *Id*. at 8-9. Casa points to Gorrin's Superseding Indictment ("Indictment") detailing tortious acts, including wire transfers of millions of dollars to accounts owned by or for the benefit of Cedeno and Guillen, satisfying specific personal jurisdiction under Florida's long-arm statute, § 48.193(1)(a)(2). Casa also provides a table of Gorrin's real property in Florida to establish that Gorrin conducts business in Florida through real estate ventures related to the Properties.

### A.  The R&R's Findings

In the R & R, Judge Otazo-Reyes concluded that Gorrin should be entitled to judgment in part: while substitute service on Gorrin should be permitted, Gorrin should be dismissed from this case for lack of personal jurisdiction. ECF No. [262] at 9. Consequently, Judge Otazo-Reyes recommends that Casa's Cross Motion should be granted as to service on Gorrin but denied as to personal jurisdiction over Gorrin. *Id*. 8-12.

### i.  Gorrin's Motion and Casa's Cross-Motion

As to Gorrin's Motion, Judge Otazo-Reyes recommended the Court find Casa has failed to establish personal jurisdiction over Gorrin. However, should Casa sufficiently supplement the record to indicate its efforts to serve Gorrin pursuant to the Hague Convention, Casa should be permitted to serve Gorrin through email, even if "such service would be moot, due to lack of personal jurisdiction." ECF No. [262] at 21.

### B.  Personal Jurisdiction

The R&R analyzed the following two prongs of Florida's long-arm statute relied upon by Casa in its assertion of specific personal jurisdiction over Gorrin based upon his conduct in state:

1.   Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
2.   Committing a tortious act within this state.

Fla. Stat. § 48.193(1)(a)(1)-(2); *see* ECF No. [262] a 9.

5

      **i.  Specific Personal Jurisdiction: Conducting a Business in Florida Analysis**

Judge Otazo-Reyes determined the allegations that Gorrin conducted business in Florida due to applications for condominium associations and various quit claim deeds between the Properties and Entities were insufficient to exercise specific personal jurisdiction. The R&R relied upon *Horizon Aggressive Growth, L.P. v. Rothesteing-Kass, P.A*., 421 F.3d 1162 (11th Cir. 2005), providing the relevant factors courts should use when considering whether business has been conducted in Florida sufficient to exercise personal jurisdiction: the presence and operation of an office in Florida; possession and maintenance of a license permitting the defendant to do business in Florida; the quantity of clients the business serves in Florida; and the percentage of the defendant's overall revenue earned in Florida. *Id*. at 1167. The R&R found that none of those factors were present based upon the allegations against Gorrin.

      **ii.  Specific Personal Jurisdiction: Tortious Acts in Florida**

The R&R determined allegations that Gorrin engaged in tortious acts within Florida were insufficient to exercise specific personal jurisdiction because the necessary "connection or connexity" between his alleged acts and the Properties Casa seeks to impose a constructive trust over has not been linked. ECF No. [262] at 10. Judge Otazo-Reyes determined that Casa cannot establish personal jurisdiction under a "disjointed theory" whereby personal jurisdiction exists based on acts related to a tort, but unrelated to the relief sought for that tort. *Id*. Judge Otazo-Reyes pointed out that the allegations taken as true must be linked to the constructive trust Casa seeks as that is the reason the proceedings supplementary were initiated and how Casa seeks to execute on its Judgment against Venezuela. *Id*. Additionally, the R&R noted Casa failed to provide any authority supporting personal jurisdiction on that basis.

The R&R also found that, although Florida's long-arm statute does not apply to Gorrin, the required constitutional minimum contacts analysis also fails. ECF No. [262] at 1; *See Future Tech.*

*Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1250-51 (11th Cir. 2000) (due process requires "(1) purposeful availment of the forum state; (2) the cause of action arises out of the activities which you purposefully availed yourself . . . and (3) reasonable foreseeability that [a defendant] should reasonably anticipate being haled into court there.")

### C. Respondents' Motion

#### a. Constructive Trust

Judge Otazo-Reyes recommends Respondents' Motion be granted with respect to Casa's request for the imposition of a constructive trust on the Properties on behalf of Venezuela. ECF No. [262] at 14. Judge Otazo-Reyes determined Casa lacks a sufficient link between the Funds and the Properties to establish the constructive trust it seeks over the Properties and the sources Casa relied on were insufficient. First, Casa's reliance on OFAC's findings that Gorrin invested the Funds into "'real properties [] located in Florida through a network of corporate entities to obfuscate his ownership in the properties'" failed because there was no mention of the specific properties over which Casa seeks to impose the constructive trust. *See* ECF No. [257] at 7; ECF No. [60-5] at 6. Second, Judge Otazo-Reyes determined the Luis Report is flawed for listing the substitute properties in the forfeiture section of the Indictment against Gorrin; listing a property as substitute is insufficient to render a property tainted. ECF No. [262] at 13. Third, Casa's reliance on the chart published by OFAC, "Venezuela Currency Exchange Network Scheme," was also insufficient to support a link between the Funds and the Properties because "the chart makes no specific mention of the Properties." *Id*. at 14. Thus, the R&R found each of Casa's proffers failed "to provide a factual basis for the necessary link between the misappropriated Venezuelan funds and the Properties." *Id*. For those reasons, the R&R concluded Respondents are entitled to judgment on the pleadings with respect to the constructive trust Casa seeks to impose over the Properties on behalf of Venezuela. *Id*.

**b.  Standing Analysis**

Judge Otazo-Reyes recommends Respondents' Motion be granted with respect to the affirmative defense that Casa lacks standing in these proceedings. ECF No. [262] at 16. The R&R pointed out that Casa has not alleged Article III standing and analyzes Casa's alternative arguments that it has standing by stepping in the shoes of its judgment debtor, and because Venezuela assigned its litigation rights to Casa.

Casa argues it has standing because Florida law permits judgment creditors "to step into the shoes of its judgment debtor" to impose a constructive trust over property owned by a third-party. The R&R found instead that Casa is asserting against Respondents a "personal chose of action" of Venezuela. ECF No. [262] at 15. Casa claims that the highest-ranking officials defrauded its nation and "absconded with ill-gotten gains" are so "sensitively sovereign in nature" it is unsurprising "no case. . . has ever been allowed for a private judgment creditor to obtain title to such a 'chose in action' and pursue a lawsuit on behalf of a sovereign." *Id*.; see ECF No. [256] at 7-8. Accordingly, Judge Otazo-Reyes found Casa lacks support that is has standing in this novel manner. *Id*.

Judge Otazo-Reyes also found Venezuela did not assign its litigation rights to Casa through a special law enacted by Venezuela ("VZ Law") incentivizing its creditors to sue "holders of Venezuelan assets obtained through acts of corruption." *Id*. n.1. The R&R reasoned this purported authorization post-dates Casa's registration of its Judgment, giving rise to these proceedings, and thus fails to establish standing existed at the commencement of an action, which is fatal. *Id*. n. 11. Additionally, Casa conceded at the Hearing that it failed to consider what the necessary legal requirements are to establish the purported assignment of litigation rights and whether the VZ Law met those requirements. *Id*. Accordingly Judge Otazo-Reyes recommends Respondents are entitled to judgment on the pleadings with respect to their affirmative defense of Casa's lack of standing.

### c.  FSIA Immunity

Judge Otazo-Reyes recommends Respondents' Motion with respect to their affirmative defense of FSIA immunity be granted. In the R&R, Judge Otazo-Reyes found that taking Casa's allegations as true the Properties belong to Venezuela, the Properties are still immune from attachment pursuant to the FSIA, 28 U.S.C. § 1602, *et seq*. Judge Otazo-Reyes determined 28 U.S.C. § 1610, whereby a foreign sovereign state loses immunity to attachment or execution of its property within the United States if that property was used for "commercial activity," fails in this matter. *See* § 1610(a)(1)-(2). The R&R rejected Casa's assertion that Venezuela waived its FSIA immunity from both suit and execution in the FAAs which allowed Casa to pursue its Judgment in the district court of the Southern District of New York, and that the same waiver is valid here. ECF No. [262] at 16. Instead, the R&R determined this Court's Partial Default Judgment against Venezuela, pursuant to the Judgment entered in New York, was limited to waiver from suit. *Id*. at 17; *see* ECF No. [218]. Accordingly, only Venezuela's waiver to suit in relation to its non-payment of the bond agreement was recognized by this Court.

Next, Judge Otazo-Reyes determined the authorization from Venezuela's Attorney General was issued after these proceedings commenced, the Properties are not mentioned in the VZ Law, and the purported agreement from Venezuela is not "use" of the Properties by Venezuela triggering the commercial exception in the FSIA. *Id*. at 17. The R&R cites to *U.S v. M/Y Galactica Star*, 13 F.4th 448 (5th Cir. 2021) where the Fifth Circuit determined a foreign sovereign's participation in the sale of a yacht was not commercial activity such that it waived its sovereign immunity under the FSIA. *Id*. at 459.

Finally, Judge Otazo-Reyes determined that § 1610(a) does not permit a foreign state to lose or waive its immunity from attachment or execution of its property in the United States through purported commercial activity of another entity or person. ECF No. [262] at 17. The R&R

found Casa's argument lacked merit that "because § U.S.C. 1610(a)(1) does not explicitly require that the commercial activity. . . be actually carried out by the foreign state" means actions of a third-party could trigger the section 1610(a) exception. *Id*. Casa argues that other sections of the FSIA expressly refer to commercial activity conducted by the foreign state, but Judge Otazo-Reyes rejected that argument as violating well-established canons of statutory construction "that context must be take into account." *Id*. (citing *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 486 (2006)). As such, the R&R determined only commercial activity by the foreign state as to their property could result in the foreign sovereign losing its FSIA immunity from attachment and execution of its property in the United States. Consequently, Judge Otazo-Reyes recommends Respondents' Motion be granted as to the FSIA affirmative defense.

### d.  OFAC Regulations

Judge Otazo-Reyes recommended Respondents' Motion be denied with respect to their OFAC Regulations affirmative defense. ECF No. [262] at 19. There is no dispute OFAC blocked the Properties, and OFAC requires a license for "entry into settlement agreement or the enforcement of any lien, judgment, arbitral award . . . through execution, garnishment, or other judicial process." *Id*. During the Hearing, Casa proffered a letter from OFAC's Deputy Assistant Director for Licensing, Mary P. Rasmussen, to support Casa's contention that it did not need a license to proceed with the litigation. Judge Otazo-Reyes determined that the letter was insufficient to authorize the imposition of a constructive trust but recognized the letter "alluded to the potential issuance of such a license." *Id*. at 19. As such, Judge Otazo-Reyes recommends Respondents' Motion be denied on the OFAC regulations affirmative defense raised. *Id*.

### e.  Act of State Doctrine

Judge Otazo-Reyes recommends Respondents' Motion be granted with respect to their act of state doctrine affirmative defense. Citing *Banco National de Cuba v. Sabbatino*, 376 U.S. 398

(1964), Judge Otazo-Reyes notes the doctrine "precludes the courts of this country from inquiring into the validity of the public acts a recognized foreign power committed within its own territory." *Id*. at 401; ECF No. [262] at 19. Further, the doctrine "operates as a preclusive force, foreclosing judicial inquiry into the validity or propriety of such acts in litigation between any set of parties." *Glen v. Club Mediterranee S.A.*, 365 F. Supp.2d 1263, 1271 (S.D. Fla. Apr. 7, 2005); ECF No. [262] 19. As Casa argues Gorrin's bribes were in furtherance of an illicit and illegal scheme conducted by two Venezuelan Treasurers, the R&R found the Court must necessarily determine whether the acts of those Venezuelan Treasurers were a breach of trust and illegitimate for Casa to obtain the relief it seeks through imposition of a constructive trust. *Id*. at 20. Judge Otazo-Reyes concluded such a determination is precluded by the act of state doctrine, and Respondents are entitled to judgment on the pleading with respect to their act of state doctrine affirmative defense.

### f. Ancillary Jurisdiction

Judge Otazo-Reyes recommends Respondents' Motion be granted with respect to their affirmative defense that the Court lacks ancillary jurisdiction because "[a]ncillary jurisdiction does not extend to 'a new lawsuit to impose liability for a judgment on a third party.'" *Nat'l Mar. Servs., Inc. v. Straub*, 776 F.3d 783, 787 (11th Cir. 2015) (quoting *Peacock v. Thomas*, 516 U.S. 349, 359 (1996)); *see* ECF No. [262] at 20.

Relying on *Peacock*, Judge Otazo-Reyes concluded that jurisdiction in this district to enforce the Judgment obtained in New York is limited to Venezuela and does not extend to Respondents. ECF No. [262] at 21. Similarly, Judge Otazo-Reyes found Casa's argument distinguishing *Peacock* because it does not intend to hold Respondents personally liable for the Judgment is "a distinction without a difference" as Casa seeks to impose a constructive trust over Respondents' Properties to collect on the Judgment obtained in New York. *Id*. at 20. Additionally, Judge Otazo-Reyes found Casa's contention that subject matter jurisdiction exists under the FSIA

fails because such jurisdiction applies to Venezuela as judgment creditor, not to the third-party Respondents. *Id*. at 21. Moreover, Judge Otazo-Reyes found Casa's alternative argument that FSIA jurisdiction applies under an "immovable property" exception fails as the imposition of a constructive trust has been found legally deficient, thus, no relevant property exists to trigger this exception. *Id*. Judge Otazo-Reyes recommended that Respondents' Motion be granted on the affirmative defense that the Court lacks ancillary jurisdiction over these proceedings supplementary.

Judge Otazo-Reyes recommended that Respondents' Motion be granted on all grounds, except on the OFAC regulations affirmative defense, voiding Casa's claims. Additionally, Judge Otazo-Reyes recommended that Gorrin's Motion be granted in part and denied in part, and Casa's Cross-Motion be granted.

### D.  The Appeal

Judge Otazo-Reyes denied Casa's Motion to Extend Notices of *Lis Pendens*. ECF No. [241] at 1. Casa sought to extend the Notices of *Lis Pendens* "until a final disposition on the merits of the case." ECF No. [222] at 1. In her Order, Judge Otazo-Reyes found that (1) Casa lacked standing to assert the constructive trust claim upon which the Notices of *Lis Pendens* are predicated; (2) Casa failed to show it had a "good faith, viable [constructive trust] claim" consistent with prevailing Florida law and (3) the existence of prior Notices of *Lis Pendens* does not make an order extending them to "fall outside the ambit of protected acts" precluded by OFAC based upon the block against the Properties. *See generally* ECF No. [241].

## II.   LEGAL STANDARD

### A.  Report and Recommendations

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989). The objections must also present "supporting legal authority." S.D. Fla. L. Mag. J.R. 4(b). The portions of the report and recommendation to which an objection is made are reviewed *de novo* only if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). If a party fails to object to any portion of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 F. App'x at 784 (quoting *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)); *see also Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001).

"It is improper for an objecting party to ... submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to an R & R." *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quotation omitted). A court, in its discretion, need not consider arguments that were not, in the first instance, presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009). A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1).

### B. Appeal of a Magistrate Order

A "magistrate judge's ruling on a non-dispositive matter must be affirmed unless 'it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.'" *Sun Cap. Partners, Inc. v. Twin City Fire Ins. Co., Inc*., No. 12-CV-81397-KAM, 2015 WL 11921411, at *1 (S.D. Fla. July 6, 2015). The "clearly erroneous or contrary to law" standard of review is "extremely deferential." *Martinez v. Miami Children's Health Sys., Inc.*, No. 21-CV-22700, 2023 WL 1954529, at *1 (S.D. Fla. Jan. 26, 2023). A finding is clearly erroneous only if "the reviewing court, after assessing the evidence in its entirety, is left with a definite and firm conviction that a mistake has been committed." *Krys v. Lufthansa German Airlines*, 119 F.3d 1515, 1523 (11th Cir.1997). "With respect to the 'contrary to law' variant of the test, an order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Sun Capital Partners*, 2015 WL 11921411, at *1.

## III. DISCUSSION

As an initial matter, the Court highlights that Casa's Objections are generally improper because they largely reframe arguments already made and thoroughly considered by Judge Otazo-Reyes or they simply disagree with Judge Otazo-Reyes's conclusions. "It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections[.]" *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).

**A.  Gorrin's Motion for Judgment on the Pleadings and Casa's Cross-Motion**

**i.   This Court Does Not Have Personal Jurisdiction Over Gorrin**

Judge Otazo-Reyes recommends Gorrin's Motion for Judgment on the Pleadings for lack of personal jurisdiction be granted. ECF No. [262] at 9.  The R&R correctly finds Casa failed to satisfy either asserted prong of Florida's long arm statute upon which it relies, and Casa fails to show connexity to the constructive trust it seeks.

**a.   Casa Failed to Establish a Real Estate Business was Conducted to Assert Personal Jurisdiction**

The R&R finds Casa failed to establish Gorrin conducted business in Florida based on an application for ownership within a condominium association, and the exercise of quit-claim deeds. *Id*. at 11.

Casa objects to the findings in the R&R and argues it sufficiently alleged Gorrin operated a real estate business venture in Florida, including the sale and rent of the Properties for profit, that was uncontested in the affidavits filed by Gorrin and his Entities.' ECF No. [276] at 25. Casa reasons its uncontroverted allegations must be accepted as fact, and in failing to do so, the R&R constitutes clear error. ECF No. [276] at 26. Casa therefore argues it established that the Properties were bought to generate monthly cashflow and listed for sale to realize profits and references an exhibit it attached to its Amended Motion. *Id*. at 26; *See* ECF No. [60-1] (certain Properties listed on "Zillow"); *see* ECF Nos. [127-1], [127-2]. Casa cites to *Labbee v. Harrington*, 913 So. 2d 679 (Fla. 3d DCA 2005) which held the renting and sale of an investment property is a business venture for purposes of the Florida long-arm statute. *Id*. at 683. Casa argues Gorrin operated a business venture in Florida sufficient to establish personal jurisdiction and its Objections should be sustained. ECF No. [276] at 29.

Respondents argue Casa misstates the denials in the affidavits as Gorrin and the Entities provided specific denials beyond Casa's contentions. ECF No. [281] n. 14. Respondents reason Casa bears the burden of establishing personal jurisdiction over Gorrin, and instead "objects by simply disagreeing with the ruling." *Id*. at 20. Finally, Respondents argue Casa's reliance on quit claim deeds and applications to homeowner associations to establish Gorrin conducted business in Florida fails to satisfy the "conducting business" analysis under the prevailing Eleventh Circuit factors set forth in *Horizon Aggressive growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162 (11th Cir. 2005) as indicated in the R&R. 421 F.2d at 1167; *see* ECF No. [281] at 20.

The Court agrees with the R&R's determination and finds the Objections are without merit. Casa fails to analyze the Eleventh Circuit factors set forth in *Horizon Aggressive growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162 (11th Cir. 2005) to determine whether a defendant conducted a business in Florida such that specific personal jurisdiction can be established. *Id*. at 1167. The *Horizon* factors, while not exhaustive, include: "the presence and operation of an office in Florida; the possession and maintenance of a license to do business in Florida; the number of Florida clients served; and the percentage of overall revenue gleaned from Florida clients." *Id*. As Judge Otazo-Reyes correctly pointed out, "[n]one of these factors are present here with respect to Gorrin." ECF No. [262] at 11. Not only did Casa fail to address those factors directly, its allegations and the exhibits provided fail to support a finding that these factors are met.

Casa instead relies on *Labbee v. Harrington*, 913 So. 2d 679 (Fla. 3d DCA 2005) for support that Respondents rented and sold the Properties for gain so as to satisfy the "conducting business" portion of the Florida long-arm statute. ECF No. [276] at 27. In *Labbee*, the plaintiff alleged a particular property was rented for twenty years, prior to the plaintiff purchasing that property, such that the defendant was "dealing in property in anticipation of economic gain" and

conducted a business venture under the Florida long-arm statute. 913 So. 2d at 683. *Labbee* points

out that Florida Supreme Court has held that "doing business is doing a series of similar acts for

the purpose of thereby realizing pecuniary benefit." *Id*. (citing *Weber v. Register*, 67 So. 2d 619,

621 (Fla. 1953) (quotations omitted)). The Florida Supreme Court determined that because the

defendant "owned real estate for the purpose of renting it to others for profit *and* that he

subsequently sold it" was sufficient to find the defendant engaged in a business venture warranting

the exercise of personal jurisdiction under the Florida long-arm statute. *Id*. at 683 (emphasis

added).

Here, Casa offers an exhibit with several listings from one commercial real estate website

indicating certain properties were listed for sale or rent. ECF No. [60-1]. Notably, these are listings

and not contracts. However, Casa fails to acknowledge most listings in its exhibit were

intermittently listed and delisted, with no indication a sale or a rental ever occurred, and most show

a final delisting.[7] Of the one rental unit where a transaction is indicated, the information in the

exhibit is inconsistent with *Labbee*; 4100 Salzedo Street, Unit 807 was rented in 2017, but does

not indicate what price it was rented for or the duration, thus precluding a conclusion it was rented

for a profit or over time consistent with *Labbee*. *Id*. at 4. Therefore, Casa's Exhibit fails to support

its argument. *Id*. *See Llauro v. Tony*, 470 F. Supp. 3d 1300, 1314 (S.D. Fla. 2020) ("[W]hen

---

[7] 144 Isla Dorada, Miami, Fl 33143 was listed for sale on January 7, 2010, then the listing for sale was removed on June 18, 2010. Six years later, this property was relisted for sale in September 2016, and the listing was again removed in January 2019. The property was relisted in October 2019, and removed in January 2020. The exhibit never shows a final sale occurred. ECF No. [60-1] at 2. Similarly, the Exhibit shows 18555 Collins Avenue, Apt. 4401, Sunny Isles Beach, FL 33160 was listed for sale on January 12, 2018, a price reduction is noted on September 28, 2018, and the property listing was removed on December 4, 2018; no indication of a sale is in the record. *Id*. at 7. Regarding rental units, the Exhibit shows 4100 Salzedo Street, Unit 807, Coral Gables, FL 33146, was listed for sale in October 2017, then listed as "Rented" with no indication at what price (i.e., if for profit). Additionally, the Exhibit shows 4100 Salzedo Street, Apt. 913 was listed for rent in October 2017, the price was reduced in November 2017, and the listing was removed on December 17, 2017, with not additional information provided. *Id*. at 6. The record does not support Casa's allegations that the Properties were used for profit, such that a business venture is sufficiently alleged under Fla. Stat. § 48.193(1)(a)(1).

exhibits attached to a complaint 'contradict the general and conclusory allegations of the pleading, the exhibits govern.'"). Accordingly, Casa's allegations are insufficient to invoke specific personal jurisdiction based upon Fla. Stat. § 48.193(1)(a)(1). The Court adopts the R&R with respect to this point and the Objections are overruled.

### b. Casa Failed to Establish Connexity Between the Tortious Acts in Florida and the Constructive Trust it Seeks to Assert Personal Jurisdiction over Gorrin

Casa objects to the R&R and contends it imposes an improper, "additional jurisdictional requirement" in determining Casa failed to establish a link between Gorrin's conduct and the constructive trust Casa seeks to impose under § 48.193(1)(a)(2). Additionally, Casa cites *Knepfle v. J-Tech, Corp.* 48 F.4th 1282 (11th Cir. 2022) for the proposition it need only allege facts sufficient to establish "a connexity between the enumerated activity in Florida and the cause of action." *Id.* at 1292. Here, Casa argues the cause of action is "the wrongful participation in a breach of trust" by Gorrin, and the enumerated activity is "committing a tortious act." ECF No. [276] at 23. Casa contends the Indictment "links the wrongful participation breach of trust tort committed by Gorrin [] to the Southern District of Florida" detailing various bribe payments sent to bank accounts in the Southern District of Florida. *Id.* at 24. Casa reasons this establishes sufficient connexity between Casa's cause of action and Gorrin's tortious activity in Florida to satisfy Fla. Stat. § 48.193(1)(a)(2). Casa argues that is enough, and any requirement that it must establish connexity to its desired relief sought, the creation of a constructive trust consisting of the Properties, is clear error. *Id.* at 23.

Respondents argue that Casa fails to establish connexity between the cause of action and Florida contacts and impermissibly attempts to "parse out" the connection to the constructive trust to establish jurisdiction. ECF No. [281] at 19. Respondents contend Casa's observation that its allegations must be accepted as true fails to show those allegations provide a sufficient link

between the forum and Gorrin's tortious conduct, and the Court accordingly cannot exercise personal jurisdiction over Gorrin.

The Court agrees that Casa fails to establish connexity between the bribe-related acts to the Properties as required under *Knepfle.* This action is a proceeding supplementary pursuant and was filed invoking the FSIA, 28 U.S.C. § 1610(c), Federal Rule of Civil Procedure 69(a), and Florida Statutes § 56.29 with a single purpose — the imposition of a constructive trust over Properties so that Casa can execute on its Judgment. *See* ECF No. [60]. The constructive trust is both the sole cause of action and the sole relief sought. Casa has conceded this issue, referring to these proceedings as "a constructive trust action" and discussing the way Casa must establish its "constructive trust claim." ECF No. [222] at 2. Casa even concedes as much in its Objection by arguing that Venezuela waived its sovereign immunity and the FAAs permit attachment to the Properties, "this proceeding. . . is an action 'brought solely [] for the purpose of enforcing or executing a [] Related Judgment.'" ECF No. [276] at 14. Accordingly, Casa must demonstrate connexity between the acts it has alleged and the Properties. *See Schwartzberg v. Knobloch*, 98 So. 3d 173, 177 (Fla. 2d DCA 2012). The taking of bribes in Florida and the imposition of the constructive trust are inextricable for Casa's claim, and their connexity is required to satisfy the Florida long-arm statute. It has not done so here.

Accordingly, the Court finds the R&R correctly analyzed the connexity requirement to warrant specific jurisdiction over Gorrin due to alleged tortious acts in Florida and agrees that was not satisfied here. As already adopted in this Order, Casa's proffers of the OFAC findings and chart, and its own expert Luis Report, have failed to establish the necessary link to the Properties. The Court adopts this portion of the R&R, and the Objections on this issue are overruled.[8]

---

[8] As personal jurisdiction has not been established through the statutory provision, the Court need not reach the analysis whether exercise of personal jurisdiction also comports with due process. However,

### ii. Casa May Not Serve Gorrin by Email

Casa objects to the conclusion in the R&R that it needs to re-serve Gorrin and contends its substitute service on Gorrin was proper pursuant to Fla. Stat. § 48.181. Casa argues the Hague Service Convention was unavailable in Venezuela, and as Gorrin has actively litigated this action for two years, there is no need to reserve him. ECF No. [276] at 31. Nevertheless, per Judge Otazo-Reyes request, Casa filed a declaration from Helen Caracas, "the Venezuelan attorney who undertook the service attempt under the Hague Convention." *Id*.; ECF No. [276-7] Ex. G. Although Casa maintains that it has already properly served Gorrin, Casa asks the Court to adopt the R&R on this issue and grant Casa's Cross-Motion on this issue.

Respondents did not respond to the issue of service via email.

The Court has determined it does not have personal jurisdiction over Gorrin. Consequently, the Court declines to adopt the R&R on this point and denies Casa's Motion to re-serve Gorrin through email.

### B. Respondents' Motion for Judgment on the Pleadings

#### i. Casa Failed to Establish a Viable Constructive Trust Over the Properties

Judge Otazo-Reyes recommends that the Court finds Casa fails to establish a viable constructive trust. ECF No. [262] at 14.

Casa contends the R&R incorrectly read the pleadings in the light most favorable to the Respondents, and it is only required to sufficiently allege a link exists between the Funds and the

---

the Court also adopts the portion of the R&R which determined the general weakness of statutory personal jurisdiction over Gorrin and inconsistent with due process because Gorrin lacks sufficient minimum contacts with Florida. The R&R correctly observed that showing a defendant has minimum contacts with the forum requires demonstrating (1) purposeful availment of the forum state; (2) the cause of action arises out of the activities of which you purposefully availed yourself. . . and (3) reasonable foreseeability that [a defendant] should reasonably anticipate being haled into court there. *Id*. at 10-11 (citing *Future Tech. Today, Inc. v. OSF Healthcare Sys*., 218 F.3d 1247, 1250-51 (11th Cir. 2000) (cleaned up). ECF No. [262] at 12.

Properties to impose a constructive trust. ECF No. [276] at 4. Casa asserts it sufficiently alleged the Properties "'were purchased with misappropriated Venezuelan funds'" by providing the addresses, legal descriptions, and dates of purchase. *Id*. Casa argues the R&R failed to consider that when this Court issued the Notices to Appear, it stated "Casa Express sufficiently identifies eight (8) real properties of Defendant purchased with misappropriated Venezuelan funds in the hands of the proposed impleaded parties." ECF No. [4] at 3.  Casa reasons if the allegations were sufficient for this Court to issue notices to appear and implead third parties, its allegations are therefore sufficient to allege a link between the Funds and the Properties to impose a constructive trust. ECF No. [276] at 5. Additionally, Casa objects that the R&R improperly discredits the Luis Report and incorrectly assumes that, because some of the Properties are listed as substitute properties in the Indictment, a traceability issue exists between the misappropriated Funds and all the Properties. *Id*. at 6.  Moreover, Casa argues the government routinely reclassifies substitute property as tainted in "subsequent civil forfeiture actions." *U.S. v. Lazarenko*, No. 21-10225, 2022 WL 4127712, *2 (9th Cir. 2022). Therefore, Casa argues it is "legally incorrect" to assume the classification of a property as "substitute" indicates a lack of traceability. ECF No. [276] at 6.

Respondents argue Casa failed to meet its burden to sufficiently allege a link between the Funds and the Properties to warrant a constructive trust, noting Judge Otazo-Reyes already determined on three occasions that a link either "directly or indirectly" traceable to the Funds does not exist. ECF No. [281] at 4.[9] Additionally, Respondents contend Casa's assertion that the Properties were purchased with the Funds are "'vague and conclusory allegations' [which] do not satisfy Casa Express' initial pleading burden." *Catalyst Pharms., Inc. v. Fullerton*, 748 F. App'x 944, 946 (11th Cir. 2018); *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).

---

[9] *See* ECF No. [241] at 8 (quoting ECF No. [180] at 6 "a necessary link in the chain between the Properties and the alleged use of Venezuelan misappropriated funds to purchase them remains open.").

Regarding Casa's Objections that the government "routinely reclassifies substitute property" as tainted, Respondents argue that is an insufficient basis to establish traceability of the Funds to the Properties. ECF No. [281] at 6. Respondents contend Casa failed to overcome Judge Otazo-Reyes' determination that the Luis Report does not provide the "necessary link" between the Funds and the Properties. ECF No. [281] at 6-7. Respondents maintain Casa's reliance on the Luis Report to show traceability between the Funds and the Fisher Island Property also fails because a determination that the Fisher Island Property was acquired in 2009, coupled with OFAC's general findings, does not establish the necessary link with the Funds warranting a constructive trust. ECF No. [281] at 6-7.

The Court agrees with the R & R's conclusion that Casa's allegations are insufficient to demonstrate a causal link between the Funds and Properties. The OFAC block does not establish that the Funds were used to buy these Properties specifically; there is only a reference to properties generally. In *Bender v. CenTrust Mort. Corp.*, 51 F.3d 1027 (11th Cir. 1995), the Eleventh Circuit affirmed dismissal of a constructive trust claim, holding the "specific property must be the subject of the inequitable transaction." *Id.* at 1030. In its Motion, Casa provided the address, legal description, and date of acquisition for each of the Properties, and rests on the findings that the Funds were funneled into the Entities. However, the Motion and all supporting documents, including the OFAC findings, are devoid of allegations connecting the Funds to the specific Properties. As in *Bender*, specific property must be the basis of a constructive trust, not general property. Casa asks the Court to accept a conclusory allegation that because the Entities own the Properties, the misappropriated Venezuelan Funds have necessarily been used to buy each of the Properties in question.

The Court also finds that the Luis Report fails to cure the deficiency. As Casa concedes, "Mr. Luis opines that the Properties 'were acquired using misappropriated Venezuelan funds,' relying on OFAC's factual findings and the results of his firm's independent investigation." ECF No. [276] at 5; ECF No. [60-14] ¶¶ 26, 27, 30. The Luis Report indicates its independent "methodological asset search" included uncovering data available online, pulling public information on the Properties including deeds, liens, property tax records, and Notices of *Lis Pendens*. ECF No. [60-14] ¶¶ 31, 32. Luis' team also pulled data proving title to the Properties is held by the Entities. *Id*. However, at most, the Luis Report revealed Respondents acquired property in South Florida and the Properties are either owned or controlled by Respondents who continue to hold title to them. Thus, the Luis Report fails to support Casa's claim that a link exists between the Funds and the Properties. As Casa's attached exhibit contradicts its general and conclusory allegations, the exhibit governs. *Llauro v. Tony*, 470 F. Supp. 3d 1300, 1314 (S.D. Fla. 2020). Moreover, this Court's Order issuing Notices to Appear and commence proceedings supplementary has no bearing on the sufficiency of Casa's constructive trust claim. As Casa offers no supporting legal authority, the Objection is without merit. S.D. Fla. L. Mag. J.R. 4(b). Accordingly, the R&R correctly found that Casa fails to sufficiently allege a link between the Funds and the Properties to establish a constructive trust over the Properties, and the Objections are overruled on this issue.

### ii.  Casa Failed to Establish Standing

Judge Otazo-Reyes recommends Respondents' Motion be granted on the affirmative defense that Casa lacks standing. ECF No. [262] at 16. The R&R notes Casa has not pled Article III standing. Casa's argument that it has standing because Florida law permits judgment creditors "to step into the shoes of its judgment debtor" is an improper "chose in action" of Venezuela and

Casa lacks standing based on this theory. Finally, the R&R determined Venezuela did not assign its litigation rights to Casa.

### a. Casa Does Not Have Article III Standing

Casa failed to object to the portion of the R&R indicating it lacks Article III or prudential standing. Although Casa argues it objects "to the entire section of the standing analysis" in the R&R, Casa failed to provide specific objections. Therefore, this general objection is improper, and the Court reviews for clear error. S.D. Fla. L. Mag. L.R. 4(b); *see Macort*, 208 F. App'x at 784. The reviewing district court "must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Macort*, 208 F. App'x at 784 (citing *Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir.2005) (quotations omitted)).

The R&R notes Respondents' "thorough analysis" of constitutional and prudential standing. ECF No. [262] at 14. Respondents argue Casa has not suffered an injury in fact traceable to conduct by Respondents. ECF No. [232] at 8. The underlying injury, Venezuela's failure to repay the bonds, is not traceable to any conduct by Respondents. Moreover, Casa's injury is not particularized, it only has a generalized grievance regarding the currency schemes, and there is no claim the currency schemes caused the bonds to go unpaid. *Id*. Redressability fails as the OFAC block over the Entities and thus the Properties requires Casa to obtain a license through OFAC to reach the Properties. *Id*. Thus, redressability requires an action beyond this Court. Accordingly, the Court agrees that Article III standing is absent and adopts this portion of the R&R.

### b. Casa Does Not Have Standing Through Its Judgment Debtor Nor a "Chose in Action" of Venezuela

Casa objects to the finding in the R&R that it lacks standing as a judgment creditor to step "into the shoes of its judgment debtor." Casa contends supplemental proceedings are equitable and "should be interpreted liberally to ensure judgment creditors get the most complete relief possible."

*Ortiz v. Sanniuli Corp.*, No. -CIV, 2010 WL 2926517, at*1 (S.D. Fla. July 23, 2010). Casa argues Florida law has long recognized the right of judgment creditors to step into the shoes of its judgment debtor to impose a constructive trust over property held by a third party. ECF No. [276] at 7.

For support, Casa cites to a 1935 Florida Supreme Court case, *Hillsborough Cnty. v. Dickenson*, 125 Fla. 181 (Fla. 1935), which held a judgment creditor "may pursue in a court of equity any equitable interest . . . in whosoever hands it may be found . . . including in a constructive trust." *Id.* 186-87. Casa also relies on *Puzzo v. Ray*, 386 So. 2d 49 (Fla. 4th DCA 1980) to argue Florida routinely permits judgment creditors to prosecute claims of judgment debtors against third parties in supplementary proceedings. *See generally, Id.*; ECF No. [276] at 7. Finally, Casa relies on *Allen v. Hinson*, 560 So. 2d 411 (Fla. 1st DCA 1990) to argue Florida courts broadly construe the term "any property" in supplemental proceedings "to encompass all property and property rights of the defendant" which can be reached by a judgment creditor. *Id.* at 412.

Casa also objects that the R&R misapplied *Puzzo v. Ray* and reasons a chose in action is permissible here. Casa contends *Puzzo* is sufficient to overrule the finding in the R&R that a personal chose in action of Venezuela is inappropriate as *Puzzo* established a "'chose in action' includes claims 'for a tort or omission of a duty'" which Casa alleges exists, notwithstanding the sensitive nature of a sovereign. *Id.,* 386 So. 2d at 50.

Respondents argue Casa lacks standing "to assert Venezuela's cause of action against Respondents." ECF No. [281] at 12. Respondents contend the Florida proceedings supplementary statute, Fla. Stat. § 56.29, does not confer standing that permits Casa to "usurp the foreign sovereign, seize its potential cause of action, and file suit against its debtors" without Venezuela's approval. *Id.* Respondents also point out  that none of the cases Casa relies on involves a private

judgment creditor obtaining title to the foreign sovereign's "chose in action", and involving allegations of corruption perpetrated by the sovereign's government officials. *Id*.

The Court finds Casa's arguments do not disturb Judge Otazo-Reyes conclusion that Casa lacks standing based on an argument it may stand in the shoes of its judgment creditor or through asserting a "personal chose in action" of Venezuela to impose the constructive trust. The cases Casa relies on do not support the issues presented here.   In *Hillsborough Cnty*., the county commissioners sought to recover fees collected and usurped by a former clerk. 125 Fla. at 183 (Fla. 1935). The clerk no longer had the funds, as he used them to buy real property and equities placed into a trust for his daughter. *Id*. The Florida Supreme Court noted the case was strictly at law "to establish the amount of the claim alleged to be due." *Id*. at 185. Whether or not certain funds were reachable in equity once all legal remedies were exhausted required a separate action. *Id*. Therefore, while *Hillsborough Ctny*. held "a judgment creditor may pursue in a court of equity any equitable interest, trust, or demand of his debtor, in whosesoever hands it may be found [] including a constructive trust," the court constrained itself to a determination of the amount due the creditors at law. *Id*. at 186. Moreover, as *Hillsborough Cnty*. pertained to a local county issue, and the trust in question held by the debtor's daughter, the case does not provide support that Casa may stand in the shoes of Venezuela as a sovereign and seek imposition of the constructive trust it seeks against third-party Respondents.

Nor does *Puzzo* support Casa's argument that a chose of action is appropriate. In *Puzzo*, the plaintiff converted specific property (furniture and goods) of a judgment debtor by physically taking and storing it in Puzzo's warehouse. 386 So. 2d 49. There was "substantial competent evidence" the property was converted by him in that manner. *Id*. at 50. The converted items became the subject of a debt, and the judgment creditor sought a chose of action. *Id*. The court relied on

Fla. Stat. § 56.29(5) providing "[t]he judge may order any property of the judgment debtor, *not exempt from execution*, in the hands of any person or due to the judgment debtor to be applied toward the satisfaction of the judgment debt." *Id*. at 50 (emphasis added). While the court held a judgment creditor may reach a judgment debtor's right of action against the judgment debtor's tortfeasor, *Puzzo* does not address the sensitive sovereign issues the R&R determined exist here, and its holding is limited to property does not exempt from execution which is contested here.

Accordingly, Judge Otazo-Reyes correctly found that Casa failed to demonstrate that it may step into the shoes of Venezuela to seek imposition of a constructive trust, or that it may obtain title to the chose in action of Venezuela to alternatively confer standing. The Court adopts the recommendation of the R&R, overrules the Objection, and Respondents are entitled to judgment on the pleadings on this issue.

### c. Venezuela Did Not Assign Litigation Rights to Casa Through its Letter of No Objection to Pursue an OFAC License

Casa objects to the R & R's conclusion that it was not assigned litigation rights by Venezuela, and that it failed to analyze the legal requirements to make an assignment of litigation rights. Casa argues it has standing to pursue its claims "because Venezuela assigned its litigation rights to Casa Express pursuant to a Venezuelan law" ("VZ Law"). ECF No. [276] at 9.[10] Casa submitted its proposal to Venezuela ("Proposal") on March 2, 2022, and notes the Special Attorney General of Venezuela issued an approval ("VZ Approval") on March 17, 2022. *Id.* at 12.[11] Casa agues Venezuela approved Casa's proposal to execute against the Properties and expressed Venezuela's "willingness to grant the requested Letter of No Objection to be addressed to OFAC." ECF No. [276] at 12.

---

[10] Casa filed a copy of the VZ Law at ECF No. [276-1].
[11] Casa filed a copy of the VZ Approval at ECF No. [276-5].

Next, Casa provides a declaration from its expert, Oscar I. Silva Guzman, ("Silva Declaration"). ECF No. [276-2]. Silva is a "lawyer authorized to practice law in the Bolivarian Republic of Venezuela," and opined the Letter of No Objection constitutes an assignment of litigation rights because the "approval of a proposal submitted by an interested creditor pursuant to the VZ law constitutes an assignment of Venezuela's litigation rights. . . given Venezuela expressly guarantees that the assets, if recovered, will be used to repay the interested creditor's judgment and the surplus, if any, must be delivered to Venezuela." ECF No. [276-2] at ¶ 10. Casa adds that this assignment "is an act of state that cannot be second guessed by this Court." ECF No. [276] at 13. Therefore, Casa argues Venezuela assigned Casa its litigation rights to execute on the Judgment through the Properties.

Respondents argue the Silva Declaration is procedurally flawed and should be rejected as it is a new document outside of the pleadings in violation of the Federal Rules; standing based on an assignment of rights by Venezuela was not alleged in the Amended Motion and is therefore beyond the pleadings; the declaration was not made available to Judge Otazo-Reyes and this Court has broad discretion whether or not to even consider it; the declaration provides dates inconsistent with prior filings regarding this issue; and the Silva Declaration is inadmissible pursuant to 28 U.S.C. § 1746(1) because it is undated. *Id.*

Substantively, Respondents argue the Silva Declaration is unavailing as it fails to solve the issue identified in the R&R, that Casa has not considered the legal requirements to establish Venezuela made an assignment of litigation rights and whether the VZ Law sufficiently meets those requirements. ECF No. [281] at 13, 15-16. Finally, Respondents contend the March 17, 2022 letter from the Venezuelan Attorney General postdates the August 27, 2021 commencement of this action, and therefore cannot be used to show standing exists. *Id.* at 16; *see* ECF No. [1].

The Court agrees that Casa failed to establish it has been assigned litigation rights by Venezuela and therefore has standing in this matter. As Casa conceded at the Hearing,

> I realize the hesitance from the court to accept the [VZ Law] as an assignment. It is an authorization to sue under Venezuelan law . . . In my opinion, your Honor, that was an assignment. Maybe there are other legal things that have not been established that would not make it an assignment . . . but at a minimum, authorization to sue.

Hearing, ECF No. [267] at 47.

The Silva Declaration does not demonstrate Casa satisfied the legal requirements to obtain a valid an assignment of rights from Venezuela under Venezuelan law. The Silva Declaration simply rehashes Casa's prior arguments that Casa received a Letter of No Objection as already indicated at the Hearing and in its written Objection. *See* ECF No. [251] at 4, 6. Moreover, the Silva Declaration provides no explanation how a Letter of No Objection, requiring Casa to apply for a license with OFAC, is equal to an assignment of rights. Silva simply concludes "it is my opinion that Venezuela assigned to Casa Express its litigation rights against Gorrin and his controlled entities relating to its ownership interest in the Subject Properties." ECF No. [276-2] at 6. That opinion fails "to consider the legal requirements for making an assignment of litigation rights" as noted in the R&R.

Objections to an R&R are improper when they "are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge." *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012). The Silva Declaration restates the same argument Casa provided, that the Letter of No Objection is an assignment without explaining the law supporting such an assertion. Additionally, the Silva Declaration is legally deficient because it is undated.  Pursuant to 28 U.S.C. § 1746, any matter which may be supported by a sworn declaration must be in writing "and dated." *Id*.

Further, the Court notes that, even accepting Casa's claim that the Letter of No Objection is an assignment of litigation rights, reliance on the VZ Law still fails because "standing must be determined as of the commencement of the suit." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 570-71, n.5 (1992). This action was initiation on August 7, 2021. ECF No. [1]. The VZ Law was enacted on February 21, 2022, and the Letter of No Objection was issued even later, on March 17, 2022. ECF No. [276-1] at 5. Accordingly, Respondents are entitled to judgment on the pleadings with respect to their affirmative defense that Casa lacks standing through the purported assignment of litigation rights by Venezuela, and the Objections are overruled on this issue.

### iii.   FSIA Immunity Was Not Waived

In the R&R, Judge Otazo-Reyes determined that if the Properties belong to Venezuela, they are immune from attachment pursuant to 28 U.S.C. § 1610 as "commercial activity" was not found here. 28 U.S.C. § 1610(a)(1-2).

Casa objects that Venezuela "expressly and irrevocably waived its foreign immunity" in the FAA, therefore the conclusion in the R&R is clearly erroneous. ECF No. [276] at 14. Next, Casa objects that the R&R failed to address whether Venezuela owns the Properties in its 28 U.S.C. § 1610(a) analysis, which was error. *Id*. at 15. Casa asserts there is a genuine issue of fact regarding who owns the Properties, and judgment on the pleadings is inappropriate. *Id*. Finally, Casa maintains Venezuela assigned its litigation rights by accepting Casa's Proposal and used the Properties for commercial activity by doing so. *Id*. Each of these Objections is analyzed below.

### a.   The FAA Cannot Independently Waive FSIA Immunity

Casa concedes the Partial Default Judgment issued against Venezuela was limited to waiver from suit. ECF No. [276] at 14.  However, Casa objects that the R&R failed to consider the allegations in its Amended Motion that Venezuela *did* waive sovereign immunity from suit and

execution in the FAA. *Id*. Casa argues the "Waiver of Immunity" provision in the FAA is "plain and irrevocable," written as follows:

> To the extent that the Issuer [Venezuela] or any of its revenues, assets or properties shall be entitled, . . . with respect to any suit, action or proceeding at any time brought solely for the purpose of enforcing or executing any Related Judgment in any jurisdiction in which any Specified Court or Other Court is located, to any immunity from suit, from the jurisdiction of any such court, from attachment prior to judgment, from attachment in aid of execution of judgment, from execution of a judgment or from any other legal or judicial process or remedy, and to the extent that in any such jurisdiction there shall be attributed such an immunity, the Issuer irrevocably agrees not to claim and irrevocably waives such immunity to the fullest extent permitted by the laws of such jurisdiction (including, without limitation, the Foreign Sovereign Immunities Act of 1976 of the United States)
> ECF No. [60-24], [60-25] at § 14(d) (emphasis added).

Casa objects to the R&R's conclusion that the FAA is expressly limited to Venezuela's waiver of immunity to suit, arguing that the conclusion is "clearly erroneous," and the waiver in its entirety migrated into this proceeding which was "brought solely for the purpose of enforcing or executing a [] Related Judgment." *See* ECF No. [60-24] at § 14(d); ECF No. [276] at 14.

Respondents note Casa's concession and respond that Judge Otazo-Reyes's holding is consistent with the established statutory requirement that a waiver requires actual commercial use by the foreign sovereign, and reliance on language in an FAA is insufficient for a finding that immunity was waived under the FSIA pursuant to Section 1610(a). ECF No. [281] at 11. For support, Respondents cite to both the plain language of Section 1610(a) and *Bainbridge Fund Ltd. v. Republic of Argentina*, 2023 WL 5747299 (S.D.N.Y. Sept. 6, 2023). Respondents therefore argue the R&R is correctly reasoned, and Casa's reading of the FAA fails.

As Judge Otazo-Reyes correctly points out, waiver from attachment and execution is not present here.  Pursuant to the FSIA limitations, "property in the United States of a foreign state shall be immune from attachment, arrest, and execution except as provided in sections 1610 and 1611." 28 U.S.C. § 1609. Section 1610(a) provides:

> The property in the United States of a foreign state . . . used for a commercial activity in the United States, shall not be immune from attachment in aid of execution, or from execution, upon a judgment entered by a court of the United States . . . if (1) the foreign state has waived its immunity from attachment in aid of execution . . . or, (2) the property is or was used for the commercial activity upon which the claim is based.

28 U.S.C. § 1610(a)(1)

*Bainbridge* determined when an agreement, like the FAAs controlling the bond agreement here, is written waiving sovereign immunity to the "extent permitted by the laws of the jurisdiction' . . . the statutory requirements of the FSIA remained intact." 2023 WL 5747299, at *5. Therefore, *Bainbridge* held the statutory requirement in 28 U.S.C. § 1610(a) applies, requiring an asset be "used for a commercial activity in the United States" and such assets remain "immune from execution unless they satisfy this requirement." *Id*.

The plain language of Section 1610(a) and the guidance from persuasive case law makes clear that a sovereign's waiver of immunity with respect to attachment of property is insufficient on its own and remains constrained by the FSIA. A plaintiff is required to show the underlying property was used for a commercial activity in the United States *before* waiver from attachment or execution can be effective.  Here, the Court finds no basis to conclude that the Properties were used for a commercial activity within the meaning of Section 1610(a). Moreover, the waiver as written into the FAA is expressly limited to laws of the jurisdiction and "the Foreign Sovereign Immunities Act of 1976 of the United States." ECF Nos. [60-24], [60-25] § 14(d). Accordingly, the Court finds the R&R correctly interprets the relevant provisions within 28 U.S.C. § 1610(a), and the Objections are overruled on this issue.

### b.  Ownership of the Properties as a Necessary Element Under 28 U.S.C. § 1610

Casa objects to the R & R's failure to address the ownership element under 28 U.S.C. § 1610(a) and whether the Properties belong to Venezuela. ECF No. [276] at 15. Casa

additionally objects that judgment on the pleadings as to this element of the FSIA is inappropriate because the pleadings reveal a genuine issue of fact: Casa alleges the Properties are "property of Venezuela" and Respondents answer "the properties do not belong to Venezuela." *Compare* ECF No. [60] at 13 *with* ECF No. [127] at 5. Casa argues such "comparison of the averments [means] judgment on the pleadings must be denied." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014).

Respondents argue the ownership issue was properly considered by Judge Otazo-Reyes in the R&R, which reads "assuming arguendo Casa's claim the Properties belong to Venezuela, they would be immune from attachment. . . under the FSIA." ECF No. [262] at 16. According to Respondents, the conditional statement "assuming arguendo" plainly means the R&R analyzed ownership as alleged by Casa.

The Court finds Judge Otazo-Reyes' analysis on FSIA immunity was based on the premise that the Properties belong to Venezuela. *Id*. The analysis also includes reference to the FSIA providing it is "property in the United States of a foreign state" in citing to 28 U.S.C. §§ 1601, *et seq*; 1610. Thus, the ownership of the Properties was sufficiently addressed in the R&R, and Judge Otazo-Reyes correctly incorporated that ownership into the R&R's analysis, and concluded the Properties remain immune from attachment and execution under the FSIA, 28 U.S.C. § 1610(a). Based upon the plain language in Judge Otazo-Reyes' analysis, the Court does not find error, and the Objections are overruled on this issue.

### c. The Properties Were Not Used for a Commercial Activity

Casa objects that the R&R incorrectly concluded Venezuela did not use the Properties in a commercial activity. Casa argues Venezuela assigned its litigation rights by accepting Casa's Proposal pursuant to the VZ Law which constitutes commercial activity. ECF No. [276] at 15. Casa contends it is immaterial whether the VZ Law identifies the Properties because its Proposal

clearly did so. *Id*. Further, when the Attorney General of Venezuela accepted the Proposal, it was an act of state that this Court cannot "second guess." *Id*. Finally, Casa contends it is irrelevant whether the alleged FSIA commercial activity occurred after initiation of these proceedings.

Casa also objects that the R&R erred in concluding Venezuela's "guarantee does not constitute use of Properties for commercial activities." *Id*. at 15-16. Casa argues the R&R incorrectly relied on *United States v. M/Y Galactica Star*, 13 F.5th 448 (4th Cir. 2021) which held a nation's participation in the sale of its property does not rise to commercial activity warranting a waiver of its FSIA sovereign immunity. *Id*. at 459. Instead, Casa contends guaranteeing the repayment of debt with specific property is recognized commercial activity and relies on three cases for support: *Republic of Argentina v. Weltover, Inc.*, 504 U.S. 607, 616 (1992), *Honduras Aircraft Registry, Ltd. v. Gov't of Honduras*, 129 F.3d 543, 547 (11th Cir. 1997), and *Guevara v. Republic of Peru*, 468 F.3d 1289, 1300 (11th Cir. 2006).

Finally, Casa argues for purposes of pleading standards, the movant must establish there is no unresolved issue of material fact to be entitled to judgment as a matter of law. ECF No. [276] at 17. Casa argues Venezuela's use of the Properties creates such an issue because Respondents "deny the Proposal ever occurred" warranting denial of Respondents' Motion on this issue. *Id.*

Respondents reason they do not deny a Proposal exists but simply argue "there is no agreement between Venezuela and anyone regarding the sale of the Properties." ECF No. [281] at 11. Next, Respondents argue commercial activity for purposes of FSIA immunity must be established at the time the suit was filed, such as standing, and cite to *TIG Ins. Co. v. Rep. of Argentina*, 967 F.3d 778 (D.C. Cir. 2002). In *TIG Ins*., the D.C. Circuit held "time of filing approach best accords with the text and purpose of the FSIA." *Id*. at 782.

Respondents argue Casa fails to distinguish this matter from *Galactica Star*, and the case law Casa introduced fails to interpret Section 1610(a). ECF No. [281] at 11. In *Guevara* and *Weltover*, the disputes pertained to 28 U.S.C. §§ 1605(a) and 1605(a)(2), respectively, which is not at issue here. Thus, the cases are "entirely distinguishable" and do not disturb the reasoning in the R&R.[12] ECF No. [281] at 11.

As adopted earlier in this Order, the Court agrees that Venezuela did not assign its litigation rights to Casa. As such, Casa's argument that commercial activity occurred because of an assignment of litigation rights fails. Casa objects to the finding in the R&R that the alleged commercial use (Venezuela's acceptance of Casa's Proposal) occurred after this action was filed, by merely disagreeing with the conclusion in the R&R. Casa's unsupported assertion provides no authority for its argument in violation of S.D. Fla. L.R. Mag. R. 4(b). Therefore, Casa failed to provide a basis to sustain its objection.

Moreover, the persuasive holding in *Galactica Star* that "only the foreign state itself can waive its sovereign immunity through its own actions" is instructive. 13 F.5th at 459. An act encouraging another entity to sell or engage in commercial activity of sovereign property is insufficient to waive FSIA immunity. *Id*. In *Galactica Star*, the judgment creditor, Enron Nigeria, appealed a district court's denial of its motion for turnover relief upon discovery of an interlocutory sale of a yacht it sought to attach to satisfy its judgment. 13 F.5th at 458. On appeal, Nigeria argued the FSIA "provides the sole, comprehensive scheme for enforcing judgments against foreign sovereigns in civil litigation" and as Nigeria did not waive its sovereign immunity, the court lacked jurisdiction. *Id*. (citing *Af-Cap, Inc. v. Republic of Congo*, 462 F.3d 417, 428 (5th Cir. 2006)). The

---

[12] Respondents did not cite *Honduras Aircraft Registry, Ltd. v. Gov't of Honduras*, 129 F.3d 543 (11th Cir. 1997) in this portion of its Response, however, *Honduras Aircraft* is similarly a dispute regarding 28 U.S.C. § 1605(a)(2) and did not mention § 1610(a), which is in dispute here.

judgment creditor seeking attachment argued Nigeria used its claims to ask for and to participate in the sale of the yacht in the United States, which was sufficient commercial activity under Section 1610(a) of the FSIA. *Id*. at 459. The Fifth Circuit held such acts were insufficient, and referenced its prior holdings that it is "only the foreign sovereign that can waive its sovereign immunity." *Id*. Participation in a sale of property and discussions on price or manner of a sale conducted by a non-sovereign are insufficient to trigger a waiver of immunity by the sovereign. *Id*. Therefore, taking Casa's allegations as true that Venezuela is the true owner of the Properties, there was no commercial activity based upon a proposal or use of a claim that triggered waiver of Venezuela's FSIA Section 1610(a) sovereign immunity from attachment here.

Moreover, the legal authorities Casa offered are not pertinent. Casa failed to provide supporting authority pursuant to 28 U.S.C. § 1610(a). *Id. Guevara*, *Honduras Aircraft*, and *Weltover* are based on 28 U.S.C. § 1605 which provides "general exceptions to the jurisdictional immunity of a foreign state." Casa's Amended Motion was brought under 28 § U.S.C. 1610, not § 1605. ECF No. [60] at 1. Therefore, Casa failed to provide a basis for sustaining an objection to this portion of the R&R.

Accordingly, Respondents are entitled to judgment on the pleadings with respect to the affirmative defense of FSIA immunity, and the Objections are overruled on this issue.

### iv. OFAC Regulations

Judge Otazo-Reyes did not recommend Respondents' Motion be granted with respect to their affirmative defense based on OFAC regulations. ECF No. [262] at 19.

Casa asks this Court to adopt the R&R's conclusion that Respondents should not be entitled to judgment on the pleadings with respect to the affirmative defense on OFAC regulations. ECF No. [276] at 22. However, Casa objects to the finding that all of the Properties are blocked by

OFAC. Casa argues that the Fisher Island and Collins Avenue Properties[13] are held by entities with no OFAC designation.  *Id.*

Respondents argue the Fisher Island and Collins Avenue Properties are blocked by OFAC, and OFAC, the sole entity that can unblock these properties, has not done so. ECF No. [281] n. 4. Furthermore, efforts by a different creditor to reach those two properties failed, citing *Caballero v. FARC*, 2023 WL 5437222 (S.D. Fla. Aug. 21, 2023).

The Court finds Judge Otazo-Reyes has correctly pointed out that, although the letter proffered by Casa from OFAC does not support the imposition of a constructive trust, it does "encourage" Casa to "submit a license application." ECF No. [257-1] at 3. As Respondents concede, blocked assets can be reached with an appropriate OFAC license. Here, the OFAC Interpretive Guidance Letter written by OFAC's Deputy Assistant Director for Licensing demonstrates Casa *may* be able to obtain an OFAC license permitting Casa to seek settlement, enforcement of a lien, judgment, "or otherwise alter property interests in property blocked." ECF No. [257-1] at 3. As such, the Court finds the R&R correctly interprets the OFAC communication indicating there is a potential of a license being issued to Casa from OFAC. Accordingly, the Court adopts this portion of the R&R, and Respondents are not entitled to judgment on the pleadings with respect to the affirmative defense that Casa lacks an OFAC license. However, even if Casa were to be successful and obtain an OFAC license, the other affirmative defenses are still present and would prevent Casa from reaching the Properties.

### v.  Act of State Doctrine Precludes this Court from Addressing the Claims

Casa objects that this Court has already "conclusively adjudicated" the acts of two former Venezuelan Treasurers were in breach of their fiduciary duties to Venezuela by issuing Default

---

[13] "Collins Avenue Property" is located at 18555 Collins Avenue, Unit 44401, Sunny Isles Beach, FL 33161.

Judgments against them. ECF No. [262] at 18-19; *see* ECF Nos. [216], [219]. Casa maintains this shows "the act of state doctrine is inapplicable to this proceeding." ECF No. [276] at 19.

For support, Casa cites to *Kirkpatrick & Co. v. Env't Tectonics Corp., Int'l*, 493 U.S. 400 (1990), which held the act of state doctrine only arises "when the outcome of the case turns on. . . the effect of official action by a foreign sovereign." *Id*. at 406. In *Kirkpatrick*, an unsuccessful bidder for a Nigerian state contract sued its competitor upon learning bribes were made to secure the state contract. *Id*. at 400. The Supreme Court determined the act of state doctrine did not apply because the legality of the Nigerian contract was not at issue. *Id*. at 406. Casa argues that, like in *Kirkpatrick*, it only seeks to establish that bribes were contemporaneously paid to the Venezuelan National Treasurers, allowing Gorrin to misappropriate the Funds through compromised foreign currency exchange schemes. ECF No. [276] at 19. Casa argues this does not implicate the act of state doctrine, nor does any act by Gorrin because he is not an official of a state. *Id*.

Respondents argue *Kirkpatrick* is distinguishable as a suit between civilians over a single government contract. ECF No. [281] at 7. The Supreme Court found the "factual predicate for the application of the act of state doctrine [did] not exist" because the Court did not need to investigate the acts of the state, it merely reviewed whether a bribe occurred. 493 U.S. at 405. In contrast, Casa alleges the Properties are derived from Funds obtained through an "illicit and corrupt foreign currency exchange scheme" implicating the acts of a foreign sovereign. ECF No. [60] at 2.

Additionally, Respondents contend Casa seeks to impose a constructive trust which requires a finding of unjust enrichment and invalidation of the currency exchange contracts issued by the National Treasurers. *Team Servs. Inc. v. Securitas Electronic Sec., Inc.*, 2023 WL 6890660, at *11 (11th Cir. 2023) ("the existence of an express contract . . . precluded its unjust enrichment claim."). Respondents argue as this "unjust enrichment claim necessarily hinges on the asserted

Case No. 21-cv-23103-BLOOM/Torres

invalidity of an act of state and the act of state doctrine precludes this court from addressing these claims." *Glen v. Club Med. S.A.*, 365 F. Supp. 2d 1263, 1271 (S.D. Fla. Apr. 7, 2005), *aff'd* 450 F.3d 1251 (11th Cir. 2006).

As Judge Otazo-Reyes determined, the act of state doctrine precludes this Court from deciding whether the acts of two former Venezuelan Treasurers were illegitimate. As Casa has predicated its constructive trust theory on the underlying, purported breach of trust, Casa cannot obtain the constructive trust on the Properties it seeks. This Court's prior default judgments against Guillen and Andrade were limited, uncontested determinations and fail to show the act of state doctrine is inapplicable. The act of state doctrine "is not some vague doctrine of abstention, but a '*principle of decision* binding on federal and state courts alike.'" *Kirkpatrick*, 493 U.S. at 406. As the Supreme Court noted, a "factual predicate for the application of the act of state doctrine [must] exist" because the doctrine arises "when a court must decide — that is, when the outcome of the case turns upon — the effect of official action by a foreign sovereign." *Id.* at 406-05. Here, the outcome of this case, the imposition of the constructive trust to satisfy the Judgment, turns upon whether the Venezuelan contracts can be invalidated to support Casa's unjust enrichment theory and therefore execute on the Properties. Consequently, the act of state doctrine applies and precludes this necessary determination regarding the Venezuelan contracts. Accordingly, the Court adopts this portion of the R&R with respect to the affirmative defense of the act of state doctrine, and the Objections in the R&R are overruled.

### vi.  Ancillary Jurisdiction Does Not Extend to Respondents

Judge Otazo-Reyes found ancillary jurisdiction does not exist here because "[a]ncillary jurisdiction does not extend to 'a new lawsuit to impose liability for a judgment on a third party.'" *Nat'l Mar. Servs., Inc. v. Straub*, 776 F.3d 783, 787 (11th Cir. 2015) (quoting *Peacock v. Thomas*,

516 U.S. 349, 359 (1996)). Moreover, subject matter jurisdiction under the FSIA does not exist as such jurisdiction applies to a sovereign and not to Respondents. ECF No. [262] at 21.

Casa objects and argues it is clear error that the R&R fails to accept as true Casa's allegation that the Properties belong to Venezuela. ECF No. [276] at 19; ECF No. [60] at 13. Casa argues the Properties are merely in the hands of the third parties who hold title to the Properties. Casa contends only Venezuela as true owner would be liable upon execution of the Properties, therefore ancillary jurisdiction exists. ECF No. [276] at 19. For support, Casa relies on *Nat'l Mar. Servs.* where the Eleventh Circuit held the defendant was not "personally liable" for an underlying judgment when liability was limited to proceeds from a fraudulent transfer, nor was the claim considered a new lawsuit imposing a new liability on that defendant. 776 F.3d at 359. Casa also objects that the R&R incorrectly distinguished *Nat'l Mar. Servs.* because it involved a fraudulent transfer claim. ECF No. [276] at 20. Nevertheless, Casa argues these proceedings are akin to a fraudulent transfer because it seeks to recover assets in the hands of a third party. *Id.* at 21.

Finally, Casa argues this Court possesses federal question jurisdiction under 28 U.S.C. § 1331, through the FSIA, 28 U.S.C. § 1605(a)(1), the immovable property exception in 28 U.S.C. § 1605(a)(4), and the FAA waiver in the bond agreements. ECF No. [276] at 22.

Respondents argue Casa's conclusory allegations regarding ownership of the Properties are not entitled to an assumption of truth and are contradicted by its own expert in the Luis Report. ECF No. [281] at 18. Respondents contend Casa's reliance on *Nat'l Mar. Servs.* is unavailing as the decision was based upon a fraudulent transfer claim and is distinguishable from a constructive trust claim. *Id.* Regarding alternate means to establish jurisdiction, Respondents argue Casa's Amended Motion did not assert 28 U.S.C. § 1331 federal question jurisdiction, nor 28

USC § 1605, and therefore cannot be asserted now. *Id*. Moreover, as a constructive trust has failed in this action, the immovable property exception is not applicable.

As Judge Otazo-Reyes correctly points out, Casa's reliance on *Nat'l Mar. Servs., Inc. v. Straub*, 776 F.3d 783 (11th Cir. 2015) is unavailing. In *Nat'l Mar. Servs.*, the plaintiff filed a complaint against the defendant, Glen Straub, and his entity, Burrell Shipping. While the case was pending, Burrell Shipping sold a valuable vessel, and transferred the proceeds to Straub. *Id*. at 785. Plaintiff obtained a final judgment against Burrell Shipping, which was left with no assets. Plaintiff initiated a supplemental proceeding against Straub pursuant to Fed. R. Civ. P. 69(a) and Fla. Stat. § 56.29(6)(b); Section 56.29 permits a trial court to void a transfer of property made "by the judgment debtor to delay, hinder, or defraud creditors." *Id*. at 785. The district court voided the transfer pursuant to the Fraudulent Transfer Act, Fla. Stat. § 726.105. On appeal, the Eleventh Circuit affirmed, noting ancillary jurisdiction existed because the plaintiff "sought to disgorge Straub of a fraudulently transferred asset, not to impose liability for a judgment on a third party." *Id*. at 787-88. Here, there is no property transferred during pendency of a trial, no indication property liability can be limited in the same manner, nor has Casa sought a legal determination pursuant to the Fraudulent Transfer Act, as in *Nat'l Mar. Servs*. Therefore, *Nat'l Mar. Servs*. does not support Casa's argument.

In *Peacock v. Thomas*, 516 U.S. 349 (1996), a plaintiff was awarded a money judgment in district court against his former employer for ERISA violations. *Id*. at 351. During appeal, an officer of the company settled other similar claims, while the district court entered judgment against the employer only. *Id*. The Supreme Court pointed out that the allegations against the officer as respondent were independent from those in the initial suit against its employer. *Id*. at 355-56. The Supreme Court also noted it has "approved the exercise of ancillary jurisdiction over

a broad range of supplementary proceedings involving third parties . . . [but] never authorized the exercise of ancillary jurisdiction in a subsequent lawsuit to impose an obligation to pay an existing federal judgment on a person not already liable for that judgment." *Id*. at 356-57. Here, in contrast, Casa seeks to attach properties under legal theories unrelated to its initial suit for non-payment of bonds against Venezuela. However, Respondents are not "already liable" for the Judgment for unpaid bonds awarded to Casa in the Southern District of New York. It is this posture that led the Supreme Court to deny ancillary jurisdiction in *Peacock*. The court in *Nat'l Mar. Servs*. pointed out the distinction with *Peacock*:

> In contrast with *Peacock*, the district court had ancillary jurisdiction over this supplementary proceeding because National Maritime sought to disgorge Straub of a fraudulently transferred asset, not to impose liability for a judgment on a third party. *Nat'l Mar. Servs*. 776 F.3d at 787.

Casa is incorrect its claims here are "akin" to a fraudulent transfer to avoid application of *Peacock*. In *Nat'l Mar. Servs*., the court ruled a fraudulent transfer occurred based upon a statutory finding, applying Fla. Stat. § 736.105(1)(a) and § 726.106(2), which does not exist here.  776 F.3d at 786. Therefore, the Court finds that the R&R is correct. *Peacock* applies which limits jurisdiction to Venezuela.

The whole basis of these proceedings supplementary is to establish a link to the Properties such that a constructive trust can be imposed. Respondents are not currently liable for the Judgment against Venezuela for the unpaid proceeds of the Bonds. Moreover, different legal theories are involved in these proceedings, in violation of *Peacock* and longstanding Supreme Court jurisprudence. *Id*. at 358 ("In determining the reach of the federal courts' ancillary jurisdiction, we have cautioned against the exercise of jurisdiction over proceedings that are 'entirely new and original'") (citing *Krippendorf v. Hyde*, 110 U.S. 276, 285 (1884)).

Additionally, the Court does not address the new jurisdictional arguments set forth by Casa in its Objection. Casa did not argue jurisdiction exists pursuant to 28 U.S.C. § 1331, nor 28 U.S.C. § 1605 in its Amended Motion, nor at the Hearing. *See* ECF No. [60]; ECF No. [267]. This Court need not consider arguments that were not in the first instance, presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009). Regarding the FSIA immunity, the Foreign Sovereign Immunities Act does not pertain to non-sovereign Respondents, and this Court has adopted that portion of the R&R. Accordingly, the Court adopts the portion of the R&R concluding that ancillary jurisdiction is lacking in these proceedings supplementary, and the Objections are overruled on this issue.

### C.  The Appeal Is Not Clearly Erroneous or Contrary to Law

Casa filed a Motion seeking an extension of the Notices of *Lis Pendens* on the Properties until a final disposition on the merits of this case. ECF No. [222]. Judge Otazo-Reyes issued an Order denying the Motion. ECF No. [241], which Casa appealed, ECF No. [257]. Respondents filed a Response, ECF No. [268]. Given the determinations in this Omnibus Order, the Appeal is set to be denied. Nevertheless, an analysis of Casa's Appeal follows.

Casa argues the Order is clearly erroneous and contrary to law. ECF No. [257] at 3. Casa raises three issues: (1) the Order incorrectly requires Casa to establish a link to the Properties rather than provide a good faith basis to support its allegations to extend the Notices of *Lis Pendens*; (2) the Order incorrectly concludes that extending the Notices of *Lis Pendens* would violate OFAC's regulations; and (3) the Order should have applied the injunction standard required to discharge a Notice of *Lis Pendens*. *Id*. at 3, 8.

In Response, Respondents argue it is "undisputed" that Casa must sufficiently allege a link between the Funds allegedly misappropriated from Venezuela and the Properties upon which it seeks to impose a constructive trust. ECF No. [268] at 5. Respondents contend a party seeking to

extend a Notice of *Lis Pendens* must show "a fair nexus" and "set forth a basis both for the underlying claim. . . and a good faith basis." *Id*.; *see Drummond v. Alsaloussi*, No. 23-cv-21379, 2023 WL 3970958 (S.D. Fla. June 13, 2023). *Id*. at *5. This requires proof that "the property at issue is directly connected to the proponent's claim" which Casa failed to do. *Id*. Next, Respondents argue Casa not only lacks standing, but that the correct standard was applied in the Order. Respondent points out the injunction standard only applies to a motion to discharge a *lis pendens* pursuant to Fla. Stat. § 48.23(3), while Casa sought an extension under Fla. Stat. § 48.23(2), which has no injunction requirement. ECF No. [268] at 11-12. Finally, Respondents contend that extending the *lis pendens* "until a final disposition of the case" is an indefinite amount of time and therefore is a "judicial process" precluded by OFAC. ECF No. [268] at 15. Casa did not file a Reply.

The Court agrees with Judge Otazo-Reyes' findings. The magistrate judges's ruling on a non-dispositive matter "must be affirmed unless 'it has been shown to be clearly erroneous or contrary to law.'" *Sun Cap. Partners, Inc. v. Twin City Fire Ins. Co., Inc*., No. 12-CV-81397-KAM, 2015 WL 11921411, at *1 (S.D. Fla. July 6, 2015). This is an "extremely deferential" standard of review. *Martinez v. Miami Children's Health Sys., Inc*., No. 21-CV-22700, 2023 WL 1954529, at *1 (S.D. Fla. Jan. 26, 2023).

Under prevailing Florida, the proponent of a *lis pendens* must establish a good faith basis for its claim which "requires some proof, even if minimal, that supports the proponent's allegations that the property at issue is directly connected to the proponent's claim." *Alsaloussi*, 2023 WL 3790956, at *5 (citing *Chiuloso v. Kennedy*, 614 So. 2d 491 (Fla. 1993)). In *Alsaloussi*, as in these proceedings supplementary, the plaintiff failed to offer proof that monies the plaintiff provided to the defendants were used to purchase the specific properties at issue. *Id*. This Court held "absent

such proof, plaintiff must not be allowed to tie up the properties with a *lis pendens*." *Id.* (cleaned up). Similarly, in *Nu-Vision, LLC v. Corp. Convenience, Inc.*, 965 So. 2d 232 (Fla. 5th DCA 2007), the court stated that "it would ... be contrary to sound public policy to allow a *lis pendens* proponent to tie up real property belonging to another person when the proponent cannot even make a minimal showing that there is at least some basis for the underlying claim." *Id.* at 232. As already determined, Casa's allegations fail to demonstrate a link between the misappropriated Venezuelan funds and the Properties that are the subject of the *lis pendens*.[14] Accordingly, the Court finds Casa has failed to demonstrate Judge Otazo-Reyes' Order is clearly erroneous or contrary to law on this issue.

The Court also agrees with Judge Otazo-Reyes' finding that an extension of the *lis pendens* would be in contravention of OFAC regulations. Casa failed to argue why the Order is clearly erroneous. The Order determined OFAC's sanctions specific to Venezuela provide "unless licensed. . . any attachment, judgment, decree, lien. . . or other judicial process is null and void with respect to any property and interests in property blocked pursuant to § 591.201." 31 C.F.R. § 591.202(a), (e). Casa did not engage with these findings or the sanctions. Instead, Casa argued the Order was clearly erroneous because a notice of *lis pendens* is not a lien, nor can it operate as one. ECF No. [257] at 11. That might be sufficient if the sanctions were limited to liens; however the OFAC sanctions at issue are broad. Without an OFAC license, any "judicial process is null and void" with respect to the Properties or any interest therein. Moreover, Casa's request to extend the *lis pendens* to two of the subject Properties which Casa alleges are not blocked by OFAC is without merit as there is no indication in the record that either property has been

---

[14] Casa relies on the allegations in the OFAC findings, OFAC chart, and its expert Luis Report. ECF No. [257] at 8. The Court has determined neither the OFAC findings nor OFAC chart address the Properties, and the findings in the Luis Report failed to provide a necessary link between the misappropriated Funds and the Properties.

unblocked by OFAC. Consequently, Casa has failed to demonstrate that the Order was clearly erroneous or contrary to law on this issue.

Finally, the Court finds Casa's argument that the injunction standard to discharge a notice of *lis pendens* must apply is without merit. Casa moved for the extension of *lis pendens* pursuant to Fla. Stat. § 48.23(2). ECF No. [222] at 2, 4. In its Response, Casa argued Fla. Stat. § 48.23(3) applies to the discharge of notices of *lis pendens* not "founded on a duly recorded instrument or on a lien" such that "the court shall control and discharge the recorded notice of *lis pendens* as the court would grant and dissolve injunctions." ECF No. [257] at 11-12.[15] Notwithstanding the other deficiencies already addressed in Casa's appeal, this argument requires Casa to satisfy all elements of a preliminary injunction. Based on this Omnibus Order, Casa cannot demonstrate "a substantial likelihood of success on the merits" and fails to meet the first necessary element of a preliminary injunction. *Frank v. Ocean 4660, LLC, et al.*, No. 11-62004-CIV, 2011 WL 5082137, at *4 (S.D. Fla. Oct. 26, 2011) (citations omitted). Accordingly, the Court finds Casa has failed to demonstrate that Judge Otazo-Reyes' Order is clearly erroneous or contrary to law on this and all issues in its Appeal.

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The R&R, **ECF No. [262]**, is **ADOPTED IN PART.**

2. Casa's Objections, **ECF No. [276]**, are **OVERRULED.**

3. Gorrin's Motion for Judgment on the Pleadings, **ECF No. [231]**, is **GRANTED IN PART.**

---

[15] In the Order, Judge Otazo-Reyes noted Casa's argument that the injunction standard pursuant to Section 48.23(3) was absent from any written submission and only brought forth during the Hearing on this Motion. ECF No. [241] n.6.

4.  Respondents' Motion for Judgment on the Pleadings, **ECF No. [232]**, is **GRANTED IN PART**.

5.  Casa's Cross-Motion to Serve Gorrin, **ECF No. [252, 253]**, is **GRANTED IN PART**.

6.  Casa's Appeal**, ECF No. [257]**, is **DENIED**.

7.  Order Re: D.E. 222, **ECF No. [241]**, is **AFFIRMED**.

8.  The Clerk of Court is directed to **CLOSE** this case.

9.  To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 23, 2024.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record